IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BONNIE BROQUET, *et al.* § | |
| § | |
| § | |
| Plaintiffs, § | |
| § | |
| AND § | |
| § | |
| AMADOR LAZO, INDIVIDUALLY, § | |
| And as Next Friend of BRITTANY § | |
| LAZO, MINOR, JOSE GOMEZ, | |
| INDIVIDUALLY, § | CIVIL ACTION NO. _____ |
| § | |
| Intervenor, § | |
| § | |
| VS. § | |
| § | |
| MICROSOFT CORPORATION, *et al.* § | |
| § | |
| Defendant. § | |

**NOTICE OF REMOVAL**

Defendant Microsoft Corporation ("Microsoft") files this Notice of Removal under 28

U.S.C. §§ 1441, 1332(d), 1446, and 1453(b), and pleads as follows:

1.      On March 25, 2008, Microsoft was served with Plaintiff/Intervenor Amador

Lazo's Third Amended Petition in Intervention (the "Petition") in the Texas state court action

styled and numbered as *Bonnie Broquet, Individually and as Next Friend and as Legally*

*Appointed Representative of Kayla Deanne Lazo, and Amador Lazo, Individually and as Next*

*Friend of Brittany Lazo vs. Microsoft Corporation, Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw*

*America, Inc., and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and*

*JH America, Inc.*, No. DC-06-218, pending in the 229th Judicial District Court of Duval County,

Texas (the "Action").

NOTICE OF REMOVAL                                                                    PAGE 1

2.    Removal of this Action is timely under 28 U.S.C. § 1446(b) because it is within 30 days of the date on which Microsoft received a copy of the Petition from which it may first be ascertained that the Action is removable.  Although this removal is filed more than one year after commencement of the Action, the one-year limitation set forth in 28 U.S.C. § 1446 is inapplicable to removal under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1453(b) (stating that "the 1-year limitation under section 1446(b) shall not apply"); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) (stating that "CAFA eliminates . . . the one-year removal deadline").

3.    Attached hereto as **Exhibit A** is an Index of All Matters Being Filed in Support of this Notice of Removal.  Attached hereto as **Exhibit B** is a true and correct copy of the state court docket sheet for this Action.  Attached hereto as **Exhibit C** are true and correct copies of all executed process on Microsoft in this Action, all pleadings asserting causes of action in this Action (*e.g.*, petitions, counterclaims, cross actions, third-party actions and interventions) and all answers to such pleadings, as well as all orders signed by the state court judge in this Action. Attached hereto as **Exhibit D** is list of all counsel of record in this Action.

4.    This Court has jurisdiction over this Action, which, through the Petition, is filed as a proposed class action, under CAFA, which is codified in various sections of Title 28 of the United States Code, including 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453.  CAFA applies to civil actions commenced on or after its effective date.  *Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736 (5th Cir. 2006).  Plaintiff filed this Action on August 4, 2006, which is after CAFA's effective date of February 18, 2005.  This Action first became a proposed class action on March 25, 2008, through the allegations asserted in the Petition.

A.    **Removal Under the Class Action Fairness Act of 2005**

5.    CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5), and § 1453(b); *see also Audler v. CBC Innovis Inc.*, --- F.3d. ---, 2008 WL 509323, at *11 n.2 (5th Cir. 2008) (stating that "the district court clearly possessed jurisdiction under CAFA—there was minimal diversity and at least 100 class members whose claims in aggregate totaled at least $5 million"); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) (stating "CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more").

**Class Size**

6.    CAFA's requirement that the proposed class contain at least 100 members is satisfied here.

7.    Plaintiff/Intervenor Amador Lazo alleges that "the proposed class . . . would be each and every such Microsoft X-Box [sic] owner within the recall and the defect at issue for the years made the subject of the recall and the defects at issue." *See* Petition at p. 5.

8.    Microsoft's business records show that there were in excess of nine million Xbox consoles manufactured by Microsoft and sold by resellers to consumers throughout the United States which fall within the alleged "recall" referenced in Plaintiff/Intervenor's Petition and made the basis of Plaintiff/Intervenor's proposed class.  As such, the 100-members requirement is satisfied.

**Diversity of Citizenship**

9.      CAFA's second requirement, 28 U.S.C. § 1332(d)(2), that any one member of the proposed class be a citizen of a state different from any defendant is also satisfied here.

10.     Plaintiff/Intervenor Amador Lazo alleges that he is a citizen of the State of Texas. *See* Petition at p. 2.

11.     All of the other Plaintiffs and Intervenors in this Action are also citizens of the State of Texas.

12.     Defendant Microsoft is a corporation incorporated under the laws of the State of Washington and has its principal place of business in the State of Washington.

13.     Defendant Ji-Haw Industrial Co., Ltd. is a Taiwanese entity and has its principal place of business in Taiwan.

14.     Defendant JBT International, Inc. is a corporation incorporated under the laws of the State of California and has its principal place of business in the State of California.

15.     Accordingly, at least one member of the proposed class of Plaintiffs is a citizen of a state different from at least one Defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A). In fact, there is complete diversity in this Action.

16.     The diversity that exists in this Action not only satisfies the minimal diversity-of-citizenship requirement under CAFA, but also precludes the applicability of the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) and § 1332(d)(4).

**Amount in Controversy**

17.     CAFA's third requirement, that the aggregate amount in controversy exceed $5 million, 28 U.S.C. § 1332(d)(2), is also satisfied here.

18.     Plaintiff/Intervenor's Petition does not specify the type of damages or relief sought for the putative class.  Plaintiff/Intervenor alleges only that Microsoft's alleged conduct "proximately caused the injuries and damages complained of and which is properly the subject of a class action lawsuit . . . ." *See* Petition at p. 5.  Microsoft records show that in excess of nine million Xbox consoles manufactured by Microsoft and sold by resellers to consumers in the United States fall within Plaintiff/Intervenor's proposed class.  To the extent Plaintiff/Intervenor seeks a refund of amounts paid for Xbox consoles, the estimated retail prices for such consoles ranged from approximately $149.99 to $399.99 per unit.  To the extent Plaintiff/Intervenor seeks replacement of power cords for the Xbox consoles, the cost per unit to manufacture and fulfill the replacement cord for consoles manufactured before December 1, 2002, was more than $10 per unit and the cost per unit to manufacture and fulfill the replacement cord for units manufactured between December 1, 2002, and October 23, 2003, was more than $3 per unit.  As such, the $5 million amount in controversy requirement under CAFA is satisfied.

19     Further, to determine the amount in controversy, the Court may consider actual damages, exemplary damages, and attorney's fees.  *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  Plaintiff/Intervenor seeks all such damages in the Petition.

20.     Under CAFA, if a defendant can show that it appears to a "reasonable probability" that the aggregate amount in controversy exceeds $5 million, removal is proper. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006).

21.     Although the Petition does not allege an amount in controversy, Microsoft can establish that the amount exceeds $5 million, exclusive of interest and costs.  Plaintiff/Intervenor Amador Lazo also seeks damages in this Action based on medical bills incurred in the past and future, alleged pain and suffering in the past and future, and alleged mental anguish in the past

and future.  *See* Petition at p. 7.  Plaintiff/Intervenor also seeks attorney's fees.  *See* Petition at p. 8.  Plaintiff/Intervenor alleges that the medical bills alone, to date, already exceed $500,000.  *See* Petition at p. 8.  As such, while Microsoft disputes liability and damages in this case, the amount in controversy exceeds $5 million.

22.     Moreover, Plaintiff/Intervenor Amador Lazo has specifically demanded in writing an amount in excess of $5 million in this Action.  *See* **Exhibit E**

23.     In a letter dated March 19, 2008, Plaintiff/Intervenor states that "demand is hereby made for $12,500,000.00 each" for the claims made by Amador Lazo and Brittany Lazo in this Action.  Demand letters sent by a plaintiff can be used as evidence to support the amount in controversy for purposes of removal.  *See e.g.*, *Carnahan v. S. Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

24.     As such, the amount in controversy exceeds $5 million.[1]

**C.      Supplemental Jurisdiction**

25.     To the extent this Action is properly brought as a proposed class action, this Court has supplemental jurisdiction over the alleged claims of all members of the alleged class under 28 U.S.C. § 1367(a).  *ExxonMobil Corporation v. Allapattah Services, Inc.*, 125 S. Ct. 2611, 2620-21 (2005).  Plaintiff/Intervenor Amador Lazo, as well as each of the other Plaintiffs and Intervenors in this Action, asserts claims for individual damages against Microsoft.  Microsoft respectfully submits that this Court has supplemental jurisdiction over any and all such claims asserted by all Plaintiffs and Intervenors in this Action.

**D.      Procedural Requirements**

26.     The procedural requirements set forth in 28 U.S.C. § 1446 are also satisfied here.

---

[1]  Intervenors and Plaintiffs have brought claims against other diverse defendants in this Action.  However, CAFA does not require the consent of all defendants as a condition to removal.  28 U.S.C. §1453(b).

27.    Section 1446(a) requires the removing party to file a notice of removal in the district court of the United States for the district and division within which such action is pending, which Microsoft satisfies by this filing.

28.    Section 1446(a) and the Local Rules for the United States District Court for the Southern District of Texas also require a removing party to provide to the district court a copy of all process, pleadings, and orders served on any defendants in the state action.  Microsoft has filed any such documents as a part of **Exhibits A to D**

29.  As required by 28 U.S.C. § 1446(d), Microsoft will file an appropriate notice, a copy of which is attached hereto as **Exhibit F**, with the 229th District Court of Duval County, Texas, and will serve on all counsel of record a true and correct copy of this Notice of Removal.


WHEREFORE, PREMISES CONSIDERED, Defendant Microsoft Corporation respectfully submits that: (1) CAFA applies to this Action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than Microsoft's state of incorporation and principal place of business, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met.  For these reasons, this action is properly removed to this Court.


DATED this 26th day of March, 2008.

Respectfully submitted,

_s/Thomas G. Yoxall_____
Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Telecopy)

Eduardo Roberto Rodriguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

**COUNSEL FOR MICROSOFT CORPORATION**

Of counsel:
Douglas Fleming
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  (206) 624-3600
Facsimile:  (206) 389-1708

## CERTIFICATE OF SERVICE

I certify that on this 26th day of March 2008, a true and correct copy of the foregoing has been served upon all parties through their counsel addressed as follows:

| | |
|---|---|
| **Douglas A. Allison (via U.S. Mail)**<br>LAW OFFICE OF DOUGLAS ALLISON<br>500 North Water Street<br>South Tower—Suite 1200<br>Corpus Christi, Texas 78471<br>**Counsel for Plaintiff Bonnie Broquet** | **William J. Tinning (via U.S. mail)**<br>LAW OFFICE OF WILLIAM J. TINNING, P.C.<br>1013 Bluff Drive<br>Portland, Texas 78374<br>**Counsel For Intervenor Amador Lazo** |
| **J. Alex Huddleston (via U.S. Mail)**<br>STRASBURGER & PRICE, LLP<br>300 Convent Street, Suite 900<br>San Antonio, Texas 78205-3715<br>**Counsel for Defendants Ji-Haw Industrial Co, Ltd., a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc., a/k/a Ji-Haw America, Inc. and JH America, Inc.** | **Scot Doyen (via U.S. Mail)**<br>Doyen Sebesta<br>1010 Lamar St., Suite 950<br>Houston, Texas 77002<br>**Counsel for Jose Gomez** |

  s/Thomas G. Yoxall
Counsel for Microsoft Corporation

DALLAS: 0562314.00049: 1675108v2