# EXHIBIT C

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

BONNIE BROQUET, *et al.*                   §
                                           §
                                           §
            Plaintiffs,                    §
                                           §
AND                                        §
                                           §
AMADOR LAZO, INDIVIDUALLY,                 §
And as Next Friend of BRITTANY             §
LAZO, MINOR                                §    CIVIL ACTION NO. _____
                                           §
            Intervenor,                    §
                                           §
VS.                                        §
                                           §
MICROSOFT CORPORATION, *et al.*            §
                                           §
            Defendant.                     §

EXHIBIT
C.a.

## DEFENDANT MICROSOFT CORPORATION'S
## INDEX OF MATTERS BEING FILED FROM STATE COURT ACTION

| Exhibit | Document | Date Filed in State Court |
|---------|----------|---------------------------|
| C.1 | Certified Copy of Plaintiff's Original Petition | 08/04/06 |
| C.2 | Copy of All Executed Process | 08/11/06 |
| C.3 | File-marked Copy of Defendant Microsoft Corporation's Original Answer | 08/18/06 |
| C.4 | File-marked Copy of Order Granting Agreed Motion to Consolidate for Discovery Purposes Only | 09/11/06 |
| C.5 | Certified Copy of Order Granting Admission Pro Hac Vice for Patrick D. McVey | 09/27/06 |

1

| Exhibit | Document | Date Filed in State Court |
|---------|----------|---------------------------|
| C.6 | Certified Copy of Order Granting Admission Pro Hac Vice for Douglas H. Fleming | 09/27/06 |
| C.7 | File-marked Copy of Temporary Restraining Order and Order Setting Hearing for Temporary Injunction | 01/11/07 |
| C.8 | File-marked Copy of Stipulated Protective Order | 01/31/07 |
| C.9 | File-marked Copy of Temporary Injunction | 02/05/07 |
| C.10 | Copy of Petition In Intervention | 02/08/07 (date served) |
| C.11 | File-marked Copy of Defendant Microsoft Corporation's Original Answer to Intervenor's Petition In Intervention | 02/28/07 |
| C.12 | Copy of Defendants Gamestop, Corp., Gamestop of Texas (GP) LLC, Gamestop Texas LP and Roel Santos' Original Answer to Intervenor's Petition In Intervention | 03/02/07 (date served) |
| C.13 | File-marked Copy of Plaintiff's First Amended Original Petition | 04/27/07 |
| C.14 | Copy of Defendants' Original Answer of Ji-Haw Industrial Co., Ltd. and JBT International, Inc. | 05/25/07 (date served) |
| C.15 | File-marked Copy of Special Appearance of Defendant, JBT International, Inc. | 05/29/07 |
| C.16 | File-marked Copy of Special Appearance of Defendant, Ji-Haw Industrial Co., Ltd. | 05/29/07 |
| C.17 | Copy of Jose Gomez's Petition In Intervention | 06/25/07 (date served) |
| C.18 | File-marked Copy of Order Granting Defendant Microsoft Corporation's Motion to Compel Responses to the Deposition On Written Questions of La Hacienda Pharmacy | 07/03/07 |

| Exhibit | Document | Date Filed in State Court |
|---------|----------|---------------------------|
| C.19 | File-marked Copy of Defendant Microsoft's Motion to Designate Co-Defendants Gamestop Corp., Gamestop of Texas (GP), LLC, Gamestop Texas LP, Roel Santos, Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc., Intervenor Jose Gomez and Plaintiff Bonnie Broquet As Responsible Third Parties | 07/10/07 |
| C.20 | Copy of Defendants Gamestop, Corp., Gamestop of Texas (GP) LLC and, Gamestop Texas LP's Original Answer to Intervenor Jose Gomez's Petition In Intervention | 07/13/07 (date served) |
| C.21 | File-marked Copy of Defendant Microsoft Corporation's Original Answer to Intervenor's Jose Gomez's Petition In Intervention | 07/16/07 |
| C.22 | Copy of Defendants Gamestop, Corp., Gamestop of Texas (GP) LLC, Gamestop Texas LP and Roel Santos' First Amended Original Answer and Cross-Action | 07/18/07 (date served) |
| C.23 | File-marked Copy of Defendant Microsoft Corporation's Original Cross-Claims Against Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc. and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. | 08/02/07 |
| C.24 | File-marked Copy of Defendant Microsoft's Opposition to the Special Appearances By Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc., or In the Alternative, Verified Motion for Continuance of the Hearing on the Special Appearances | 08/02/07 |
| C.25 | Copy of Defendants Gamestop, Corp., Gamestop of Texas (GP) LLC, Gamestop Texas LP and Roel Santos' Opposition to Ji-Haw Defendants Special Appearance and In the Alternative, Motion to Continue Hearing on the Special Appearance of Ji-Haw Defendants | 08/03/07 (date served) |

| Exhibit | Document | Date Filed in State Court |
|---------|----------|---------------------------|
| C.26 | Copy of Defendants Gamestop, Corp., Gamestop of Texas (GP) LLC, Gamestop Texas LP and Roel Santos' First Amended Cross-Claims Against the Ji-Haw Defendants | 08/03/07 (date served) |
| C.27 | File-marked Copy of First Amended Petition In Intervention and Reply to Ji-Haw Industrial Co., Ltd.'s and JBT International, Inc.'s Special Appearance | 08/08/07 |
| C.28 | Copy of Gamestop's Post-Hearing Memorandum In Opposition to the Special Appearances by Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. | 08/13/07 (date served) |
| C.29 | File-marked Copy of Microsoft's Reply In Support of Its Opposition to the Special Appearances by the Ji-Haw Defendants or In the Alternative, Verified Motion for Continuance of the Hearing | 08/13/07 |
| C.30 | Copy of Order Denying Special Appearance | 08/21/07 (date signed) |
| C.31 | File-marked Copy of Petition In Intervention | 12/12/07 |
| C.32 | Copy of Second Amended Petition In Intervention | 01/11/08 (date served) |
| C.33 | Copy of Order Appointing Guardian Ad Litem for the Minor, Brittany Lazo | 02/14/08 (date signed) |
| C.34 | Copy of Order Appointing Guardian Ad Litem | 02/14/08 (date signed) |
| C.35 | Copy of Defendant Gamestop Corp., Gamestop of Texas (GP), LLC, Gamestop Texas, LP. and Roel Santos' Original Answer to Petition In Intervention of John Michael Lazo | 02/18/08 |

| Exhibit | Document | Date Filed in State Court |
|---------|----------|---------------------------|
| C.36 | Copy of Plaintiff's Second Amended Original Petition | 02/19/08 (date served) |
| C.37 | Copy of Final Judgment and Dismissal With Prejudice | 02/20/08 (date signed) |
| C.38 | Copy of Third Amended Petition In Intervention | 03/25/08 (date served) |

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO | § | |
| LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | 229TE JUDICIAL DISTRICT |
| | § | |
| VS. | § | FILED AT 3:00 O'CLOCK P M |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | AUG 0 4 2006 |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| AND ROEL SANTOS | § | R. BARTON, CLERK |
| | § | DISTRICT CLERK, DUVAL COUNTY TEXAS |
| | § | DEP-Y |
| Defendants. | § | DUVAL COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Bonnie Broquet, in her individual capacity and in her capacity as next

friend and in her capacity as the legally appointed representative of Kayla Deanne Lazo (a

minor), sometimes hereinafter referred to as Plaintiff, and makes and files this her Plaintiff's

Original Petition complaining of Microsoft Corporation (hereinafter referred to as 'Defendant

Microsoft'), Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP (hereinafter

collectively referred to as 'Defendants Gamestop'), and Roel Santos (hereinafter referred to as

'Defendant Santos'), and all defendants herein may be collectively referred to as Defendants, and

in support of this filing would show to this Honorable Court the following:

EXHIBIT
C.1

# I.

## Discovery

Plaintiff intends to conduct discovery in this matter pursuant to the Texas Rules of Civil Procedure (Level 3). At the time of any appropriate scheduling conference or other hearing for the calendaring of a trial date, Plaintiff respectfully requests the entry of a court order for management of the discovery (and other matters) in this case.

# II.

## Venue

Venue is proper in Duval County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code. All or a substantial part of the events or omissions giving rise to this claim occurred in Duval County, Texas.

# III.

## Plaintiff

Bonnie Broquet is a resident of Texas, and resides in San Diego, Duval County, Texas. Bonnie Broquet is the natural mother of Kayla Deanne Lazo. Moreover, Bonnie Broquet is the only court appointed representative who has authority to file claims/ suits on behalf of Kayla Deanne Lazo.

# IV.

## Defendants

Defendant Microsoft Corporation is a Washington corporation, and has its principal place of business in Redmond, Washington. Defendant Microsoft is a company doing business in the

State of Texas, and may be served with process by serving its Texas registered agent for service of process, Corporation Service Company D B A +, 701 Brazos Street, Suite 1050, Austin, Texas78701, via certified mail, return receipt requested. Service is requested at this time.

Defendant Gamestop Corp. is a Delaware corporation, and such corporation has its principal place of business in Grapevine, Texas. This Defendant Gamestop is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. Service is requested at this time.

Defendant Gamestop of Texas (GP) LLC is a Delaware limited liability company, and such company has its principal place of business in Grapevine, Texas. This Defendant Gamestop of Texas (GP) LLC is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. Service is requested at this time.

Defendant Gamestop Texas LP, is a Texas limited partnership, and such partnership has its principal place of business in Grapevine, Texas. This Defendant Gamestop Texas LP is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. Service is requested at this time.

Defendant Roel Santos is an individual who resides in Alice, Jim Wells County, Texas. Defendant Santos is a manager at one of the Gamestop stores (the store located at 2000 Dr. N.W.

---

Plaintiff's Original Petition
DAA/plr                                        Page -3-

Atkinson Street, Alice, Texas 78332).  Defendant Santos may be served at this address, via

certified mail, return receipt requested.  Service is requested at this time.

## V.

### State Court Jurisdiction

Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed a citizen of any state in

which it has been incorporated and of the state where it has a principal place of business.  The

various Gamestop entities (Defendants Gamestop) have a principal place of business in

Grapevine, Texas.  In addition, Defendant Santos is an individual who resides in and is a citizen

of the State of Texas.  In addition, Defendant Gamestop Texas LP is a Texas defendant.  As such,

any removal to federal court by any Defendant would be improper.

## VI.

### The Incident

Plaintiff would show that on or about June 11, 2006, a fire started in the home of

Plaintiff.  The fire was started as a result of a defect in an XBOX game system (hereinafter

referred to as "XBOX") that was originally designed, manufactured and marketed by Defendant

Microsoft.  As a result of the fire, Kayla Deanne Lazo was badly burned and continues to

severely suffer from her on-going personal injuries.  In addition, Bonnie Broquet suffered severe

personal injuries.  Moreover, the home and its contents have all been substantially destroyed as a

result of the fire mentioned herein.  The fire, and the harm and legal harm caused by such fire,

are the reasons for the filing of this suit.

## VII.

### Defendant Microsoft

Plaintiff would show that the XBOX game consol was designed, manufactured, and marketed by Defendant Microsoft.  Plaintiff would show that the subject XBOX was defective, and that such defective condition was a producing cause of the fire made the subject of this suit (and the resulting injuries to Plaintiff).  More specifically, the subject XBOX was unreasonably dangerous (as this term is defined in law) at the time that such XBOX left the control of Defendant Microsoft.  Plaintiff would show that the subject XBOX was defective in its design, manufacture, and marketing (as these theories of legal recovery are defined in law).  Further, Plaintiff would show that safer alternative designs existed at the time of manufacture of this product, and that such safer alternative designs were technologically and economically feasible at the time of manufacture of this product.  Nonetheless, Defendant Microsoft made the choice to design, manufacture, and market their marginal and unsafe (and unreasonably dangerous) product.  Plaintiff relies upon the Texas Civil Practice and Remedies Code, Chapter 82, and the common law of the State of Texas, and §402 Restatement of Torts (Second), in support of these claims and allegations.

Plaintiffs would further show that Defendant Microsoft was negligent in the development, research, design, manufacturing, testing, marketing, inadequate recalling, and/or selling of the subject XBOX, and that such negligence was a proximate cause of the fire made the subject of this suit (and Plaintiff's injuries).  Such negligent acts and/or omissions may include (but shall not be limited to) the following:

(1)   Failing to use ordinary care in the testing of the power cord and/or XBOX made the subject of this suit;

(2)   Failing to use ordinary care in the design and/or development of the power cord and/or XBOX made the subject of this suit;

(3)   Failing to use ordinary care in the manufacture of the power cord and/or XBOX made the subject of this suit;

(4)   Failing to use ordinary care in supervision of the design, testing, development, and/or manufacture of the power cord and/or XBOX made the subject of this suit;

(5)   Failing to use ordinary care so as to assure the recall of the power cord and/or XBOX made the subject of this suit;

(6)   Failing to use ordinary care so as to assure proper refurbishing and/or replacing of the power cord and/or XBOX made the subject of this suit (by Defendants Gamestop, or another);

(7)   Failing to use ordinary care by the failures to adequately warn and/or warn of the hazards associated with the power cord and/or XBOX made the subject of this suit;

(8)   Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery has not yet commenced in this matter, and thus further facts will be revealed as more information becomes available. Thus, Plaintiff reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

## VIII.

### Defendants Gamestop

Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP (hereinafter collectively referred to as 'Defendants Gamestop') re-sold the actual XBOX made the subject of this suit. This re-selling of the subject XBOX was a commercial sale of a used or refurbished XBOX. This re-selling of the subject XBOX was a commercial sale of a defective product (as this term is defined in law), and such was a producing cause of the fire made the subject of this suit (and Plaintiff's injuries). Plaintiff would show that the re-selling of the XBOX (the product) by Defendants Gamestop gives rise to liability of Defendants Gamestop (all as pleaded herein above, and herein below). Further, Plaintiff would show that the acts and/or omissions of Defendants Gamestop constitutes negligence, and that such negligence was a proximate cause of the fire made the subject of this suit. Such product liability, and such negligent acts and/or omissions, arise from the following (including but not limited to the following):

(1)    Failing to test the subject XBOX for defects (especially in light of the recalls related to the product made the subject of this suit);

(2)    Failing to repair, refurbish, and/or modify the subject XBOX so as to make safe such XBOX;

(3)    Failing to provide the purchaser of the subject XBOX with a replacement cord so as to minimize or remove the known risk of fire associated with the subject XBOX;

(4) Failing to correct any defects within the XBOX and/or power cord for the subject XBOX;

(5) Failing to train employees with respect to the correct procedures to be followed with a used XBOX and/or failing to train employees with respect to the correct procedures to be followed with a refurbished (or partially refurbished) XBOX;

(6) Failing to supervise employees with respect to the correct procedures to be followed with a used XBOX and/or failing to supervise employees with respect to the correct procedures to be followed with a refurbished (or partially refurbished) XBOX;

(7) Failing to accomplish the recall of the subject XBOX and/ or power cord;

(8) Failing to use due care and thus appropriately warn of the hazards and/or dangers of the subject XBOX (and subject power cord);

(9) negligent representations with respect to the XBOX and/or power cord made the subject of this suit; and

(10) Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery has not yet commenced in this matter, and thus further facts will be revealed as more information becomes available. Thus, Plaintiff reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

Defendants Gamestop are companies that sell new game systems, and re-sell used game systems, and refurbish and re-sell game systems (such as the XBOX in this case.)  Defendants Gamestop are liable to Plaintiff in negligence (as pleaded herein above), and liable to Plaintiff as a non-manufacturing seller since Defendants Gamestop knew of the fire defect in the type of XBOX and/or power cord (product) made the subject of this suit at the time it supplied the product.  In addition, Defendant Gamestop resold and repackaged used and/or refurbished XBOX game systems giving Defendants Gamestop substantial control over the content of warnings or instructions that accompany the product (such as warnings about the fire hazard and instructions on obtaining replacement cords).  For all of these reasons as stated herein, and herein above, Defendants Gamestop are liable to Plaintiff in negligence and product liability.

By way of further pleading, Plaintiffs would show that Defendants Gamestop operate their business as a single business enterprise, and/or alter egos of each other, and in joint enterprise with each other.  As such, the negligent acts and/or omissions of one Gamestop entity are imputed to the other Gamestop entities.  This various legal entities act as a single business.

## IX.

### Defendant Santos

Defendant Santos is an individual who is employed as a manager for Defendants Gamestop's Alice store where the subject XBOX was re-sold (eventually ending up in the home where the fire occurred).  For his conduct and/or products related thereto, Defendant Santos is liable to Plaintiff herein.  In this regard, Plaintiff would show that Defendant Santos was

negligent, and that such negligence was a proximate cause of the occurrence made the subject of this suit (and related injuries). Moreover, Plaintiff would show that Defendant Santos was negligent with his making of certain representations relating to the re-selling of the subject XBOX. Some of the negligent conduct was within the course of business for Defendants Gamestop, and some of the negligent conduct of Defendant Santos was outside the typical course of business for Defendants Gamestop. Such negligent acts and/or omissions by this Defendant Santos include, but are not limited to, those allegations of negligence as set forth herein above.

## X.

### Respondeat Superior

In part, Defendant Santos was an employee of Defendants Gamestop when he committed his negligent acts and/or omissions. In part, the negligence of Defendant Santos was committed while in the course and scope of his employment with Defendants Gamestop. Such negligence was a proximate cause of Plaintiff's injuries. As such, Defendants Gamestop are also vicariously liable to Plaintiff under the theory of *respondeat superior*.

## XI.

### Legal Malice

As legal discovery reveals information and/or evidence, Plaintiff reserves the right to amend this pleading and allege legal malice (if supported by the evidence).

## XII.

### Reasonable Compensation

Plaintiff hereby sues individually and in all representative capacities (as noted herein above). Plaintiff Bonnie Broquet, as next friend and as the court appointed representative for Kayla Deanne Lazo (a minor), seeks all reasonable and just compensation for Kayla's injuries and legal harm. Such legal damages include, but are not limited to, the legal injuries of pain and suffering, mental anguish, loss of physical capacity, disfigurement, loss of wages and/or wage earning capacity, and reasonable and necessary medical expenses. All of these legal damages are within the jurisdictional limits of this honorable court. All of these legal damages have occurred in the past, and are expected to continue into the future.

## XIII.

Plaintiff respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial before a jury, that Plaintiff recover judgment of and from the Defendants, jointly and severally, for the actual, compensatory, special, exemplary, and additional damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief to which Plaintiff may, in law or in equity, show herself justly entitled.

Respectfully submitted,

**LAW OFFICES OF DOUGLAS ALLISON**

500 North Water Street

South Tower - Suite 1200

Corpus Christi, Texas 78471

(361) 888-6002

(361) 888-6651 (Fax)

By: _____

Douglas A. Allison

State Bar No. 01083500

John B. Martinez

State Bar No. 24010212

ATTORNEYS FOR PLAINTIFF

Plaintiff's Original Petition
DAA/plr                    Page -12-

A True copy of the original, I certify
the ____14th____ day of ___Aug.___ 20 06
R. Barton
Clerk of the District Court,
Duval County, Texas
By _____, Deputy



**CSC**

**C O R P O R A T I O N   S E R V I C E   C O M P A N Y**

# Notice of Service of Process

SLM / ALL
Transmittal Number: 4701169
Date Processed: 08/15/2006

| Primary Contact: | Rebecca Hester |
| | Microsoft Corporation  Legal Department |
| | One Microsoft Way |
| | Building 8 |
| | Redmond, WA 98052-6399 |

RECEIVED

AUG 1 6 2006

MICROSOFT LITIGATION

| | |
|---|---|
| Entity: | Microsoft Corporation |
| | Entity ID Number  1827583 |
| Entity Served: | Microsoft Corporation |
| Title of Action: | Bonnie Broquet vs. Microsoft Corporation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Product Liability |
| Court: | Duval County District Court, Texas |
| Case Number: | DC-06-218 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 08/15/2006 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Douglas A. Allison |
| | 361-888-6002 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



EXHIBIT
C.2



CIT.PS.CM
**CLERK OF THE COURT**
MR. RICHARD M. BARTON
P.O. DRAWER 428
SAN DIEGO, TEXAS 78384

**ATTORNEY FOR PLAINTIFF**
MR. DOUGLAS A. ALLISON
500 NORTH WATER STREET
SOUTH TOWER-SUITE 1200
CORPUS CHRISTI, TEXAS 78471

**NOTICE DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
**THE STATE OF TEXAS**

**TO:  MICROSOFT CORPORATION, BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY D B A +, 701 BRAZOS STREET, SUITE 1050, AUSTIN, TEXAS 78701.**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Plaintiff's Request for Disclosure to Defendant Microsoft Corporation at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 229th Judicial District Court of Duval County, Texas at the Court House of said County in San Diego, Texas.

Said Petition was filed in said court on the 4th of August A. D., 2006 in this case, numbered **DC-06-218** in the docket of said court, and styled,

**BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO,** (A MINOR), Plaintiff
V.
**MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS,** Defendants

The nature of said Plaintiff's Demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Plaintiff's Request for Disclosure to Defendant Microsoft Corporation accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, make due return as the law directs.

Issued and given under my hand and seal of said Court at San Diego, Texas this the 11th Day of August A. D., 2006. Attest Mr. Richard M. Barton, Clerk District Court, Duval County, Texas

By: _Evelyn M. Garcia_ , Deputy.
**CERTIFICATE OF DELIVERY BY MAIL**

I hereby certify that on the 11th day of August 2006 at 3.00 O' Clock P. M. I mailed
TO: **MICROSOFT CORPORATION, BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION SYTEM, 350 NORTH ST. PAUL, DALLAS, TEXAS 75201.**
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Petition attached thereto.
Mr. Richard M. Barton, Clerk
By: _Evelyn M. Garcia_ , Deputy
**CLERK'S RETURN**

FILED THIS THE _____ DAY OF _____ A. D. 2006.
MR. RICHARD M. BARTON, CLERK
DISTRICT COURT
DUVAL COUNTY, TEXAS
BY: _____ , DEPUTY
DATE OF DEFENDANT'S SIGNATURE: _____
**CERTIFIED MAIL NO. 7099 3220 0003 8639 9336**



## OFFICER'S RETURN BY MAILING

Came to hand the _____ day of _____, 2006, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Original Petition and Plaintiff's Request for Disclosure to Defendant Microsoft Corporation at to the following address:

**MICROSOFT CORPORATION**               **701 BRAZOS STREET, SUITE 1050**
**CORPORATION SERVICE COMPANY DBA+**  **AUSTIN, TEXAS 78701**
Defendant                                   Address

Service upon the Defendant is evidenced by the return Receipt incorporated herein and attached hereto, signed By _____

_____

and dated _____

*Citation was not served despite the following use of deligence to execute service by the officer or person authorized to execute this citation:_____

_____

Citation was not executed because _____

_____

Defendant may be found at:_____

_____

To certify which witness my hand officially.

By:_____, Deputy

FILED AT 3⁰⁵ O'CLOCK P_M

CAUSE NO. DC-06-218

AUG 1 8 2006

| BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND, AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, A MINOR,<br><br>    Plaintiff, | § § § § § § | IN THE DISTRICT COURT<br>~~~~~~~~~~ CLERK<br>DISTRICT CLERK, DUVAL COUNTY TEXAS<br>BY:_____ DEPUTY |
| :--- | :--- | :--- |
| VS. | § | 229TH JUDICIAL DISTRICT OF |
|  | § |  |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS,<br><br>    Defendants. | § § § § § § | DUVAL COUNTY, TEXAS |

**DEFENDANT MICROSOFT CORPORATION'S ORIGINAL ANSWER**

COMES NOW, Defendant Microsoft Corporation ("Microsoft"), and files this its

Original Answer, and shows the Court as follows:

**I.**
**ORIGINAL ANSWER**

Microsoft files its Original Answer and, pursuant to Rule 92 of the Texas Rules of

Civil Procedure, generally denies each and every, all and singular, the allegations set

forth in Plaintiff's Original Petition and demands strict proof thereof.

**II.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Microsoft Corporation

respectfully prays that Plaintiffs take nothing by this suit and that Microsoft be granted

all relief, general and special, to which Microsoft may show itself justly entitled.



EXHIBIT
C.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

instrument was forwarded to the following counsel of record, via facsimile and certified

mail, return receipt requested, this 18th of August, 2006.

Douglas A. Allison  (facsimile 361-888-6651)
John B. Martinez
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471

Respectfully submitted,

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
**LOCKE LIDDELL & SAPP LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Telecopy)


Edie Gonzalez-Lemon
State Bar No. 00793833
**LEMON & GONZALEZ-LEMON, LLP**
520 E. Second St.
Alice, Texas 78332
Telephone: (361) 664-0011
Facsimile: (361) 664-0013


Douglas Fleming
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  (206) 624-3600
Facsimile:  (206) 389-1708
*(Pro Hac Vice to be Filed)*
**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AS | § | IN THE DISTRICT COURT |
| NEXT FRIEND, AND AS LEGALLY | § | |
| APPOINTED REPRESENTATIVE OF | § | FILED AT 3³⁴ O'CLOCK ₽ M |
| KAYLA DEANNE LAZO, A MINOR, | § | |
| | § | |
| **Plaintiff,** | § | SEP 1 1 2006 |
| | § | |
| VS. | § | 229TH JUDICIAL DISTRICT OF |
| | § | DISTRICT CLERK          DEPUTY |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS | § | |
| LP, AND ROEL SANTOS, | § | |
| | § | |
| **Defendants.** | § | DUVAL COUNTY, TEXAS |

## ORDER GRANTING AGREED MOTION TO
## CONSOLIDATE FOR DISCOVERY PURPOSES ONLY

ON THIS DAY came to be considered all parties' Agreed Motion to Consolidate for

Discovery Purposes Only. Upon consideration, the Court ORDERS that the matter captioned

*Amador Lazo, Individually and as Next Friend and as Representative of Kayla Deanne Lazo v.*

*Microsoft Corporation, Game stop, Corp. Gamestop of Texas (GP), LLC, Gamestop Texas LP,*

*John Davila and Roel Santos,* Cause No. DC-06-0209, in the 229th District Court of Duval

County, Texas shall be consolidated only for the purposes of all discovery with the matter

entitled *Bonnie Broquet, Individually and as Next Friend and as Representative of Kayla Deanne*

*Lazo v. Microsoft Corporation, Gamestop, Corp. Gamestop of Texas (GP), LLC, Gamestop*

*Texas LP, and Roel Santos,* Cause No. DC-06-218, in the 229th District Court of Duval County,

Texas.

Signed this 7th day of _Sept_____, 2006.

_____
JUDGE PRESIDING

EXHIBIT
C.4

NO. DC-06-218

| | |
|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, (A MINOR) ) ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, ) ) | 229TH JUDICIAL DISTRICT |
| VS. ) ) | FILED AT 2:11 O'CLOCK P M |
| MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS ) ) ) ) ) | SEP 2 7 2006  R. BARTON, CLERK DISTRICT CLERK, DUVAL COUNTY, TEXAS BY: _____ DEPUTY |
| Defendants ) | DUVAL COUNTY, TEXAS |

### ORDER GRANTING ADMISSION PRO HAC VICE FOR PATRICK D. MCVEY

On this day, the Court considered Patrick D. McVey's Unopposed Motion for Admission Pro Hac Vice. The Court is of the opinion that the Motion should be **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Patrick D. McVey is admitted Pro Hac Vice and is allowed to participate as one of the attorneys for defendant, Microsoft Corporation, in the above-titled and numbered cause of action.

**SO ORDERED.**

SIGNED this 27 day of Sept , 2006.

_____
**JUDGE PRESIDING**

A True copy of the original, I certify the 27 day of Sept, 20 06
R. Barton
Clerk of the District Court,
Duval County, Texas
By _____ Deputy

**EXHIBIT C.5**

---

ORDER GRANTING ADMISSION PRO HAC VICE FOR PATRICK D. MCVEY 291/540814.01 20363.00396

– SOLO PAGE

NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, (A MINOR) | ) ) ) ) | IN THE DISTRICT COURT |
| Plaintiff, | ) ) | 229TH JUDICIAL DISTRICT |
| VS. | ) ) ) | FILED AT 2:11 O'CLOCK P M |
| MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS | ) ) ) ) ) | SEP 2 7 2006  R. BARTON, CLERK DISTRICT CLERK, DUVAL COUNTY, TEXAS BY: _____ DEPUTY |
| Defendants | ) | DUVAL COUNTY, TEXAS |

---

### ORDER GRANTING ADMISSION PRO HAC VICE FOR DOUGLAS H. FLEMING

On this day, the Court considered Douglas H. Fleming's Unopposed Motion for Admission Pro Hac Vice. The Court is of the opinion that the Motion should be **GRANTED.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Douglas H. Fleming is admitted Pro Hac Vice and is allowed to participate as one of the attorneys for defendant, Microsoft Corporation, in the above-titled and numbered cause of action.

**SO ORDERED.**

SIGNED this 21st day of _____Sept_____, 2006.

_____
**JUDGE PRESIDING**

EXHIBIT
C.6

A True copy of the original, I certify the _27_ day of _Sept_, 20_06_
R. Barton
Clerk of the District Court,
Duval County, Texas
By _____ Deputy

---

ORDER GRANTING ADMISSION PRO HAC VICE FOR DOUGLAS H. FLEMING          – SOLO PAGE
291/540815.01
20363.00396

01/16/1996  08:42    512664  13          LEMON & GONZALE *  MO          PAGE  02
SENT BY: 229TH DISTRICT COURT;          13612798152;          JAN-11-0  5:18PM;    PAGE 1/6
    JAN-08-2007  14:17    Ha-tline,Dacus,&Assoc,LLP                                 P.003

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | 229TH JUDICIAL DISTRICT |
| | § | FILED AT 3:55 O'CLOCK P M |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | JAN 1 1 2007 |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | R. BARTON, CLERK |
| AND ROEL SANTOS | § | DISTRICT CLERK, DUVAL COUNTY, TEXAS |
| | § | BY: _____ DEPUTY |
| Defendants. | § | DUVAL COUNTY, TEXAS |

TEMPORARY RESTRAINING ORDER AND
ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering the parties Agreed Motion for Temporary Restraining Order, the Court

finds that there is certain evidence (the house where the fire occurred, and the Removed

Artifacts) that is presently being preserved in a manner that protects the integrity of such

evidence, and the Court finds that such evidence must continue to be preserved so as to avoid

imminent harm to the parties to this litigation, and that if the Court does not issue the Temporary

Restraining Order that the parties may be irreparably injured because any unqualified

destruction, testing, repairing, alteration, or other modification of the house or Removed

Artifacts may hinder the parties in their investigation into this matter. There is potential

irreparable harm in that if the house or Removed Artifacts are modified or destroyed, then there

may not be an alternative source for recovery of such evidence.

Therefore, by this order, the Court does the following:

EXHIBIT
C.7

Page 1 of 4

01/08/2007 MON 14:18  [TX/RX NO 7790]  @003

01/16/1996  08:42    51266(  13                    LEMON & GONZALE  'MO              PAGE  03
SENT BY: 229TH DISTRICT COURT;                 13612798152;          JAN-11-C   5:17/PM;        PAGE  2/8
JAN-08-2007  14:18       Hartline,Dacus,&Assoc,LLP      DACS ALLISON

a.  Restrains the parties from destroying, repairing, altering, or "cleaning up" the house
or other structures located at 614 Rogers Drive, in San Diego, Texas, except as jointly
performed by the qualified experts of the parties in this cause after agreement by all
parties to this litigation, or by further Order of the Court.

b.  Restrains the parties from destroying, performing destructive testing, repairing,
altering, or modifying the condition of the Removed Artifacts, until all parties have
had the opportunity to inspect and evaluate the evidence. Thereafter, any proposed
actions that may effectively be destroying, destructive testing, repairing, altering, or
modifying of the conditions of the Removed Artifacts shall only occur by agreement
of all parties to this litigation, or by further Court Order.

c.  Orders the Clerk to issue notice to Defendants and the legal owner of the house (Jose
Gomez, at 617 Rogers Drive San Diego, Duval county, Texas) that the
hearing on the application for Temporary Injunction is set for Feberuary, 5
2007 at 4:30  a.m. / p.m. The purpose of the hearing shall be to determine
whether this temporary restraining order should be made a temporary injunction
pending a full trial on the merits.

d.  Sets bond at $500.00

This order expires on Feb - 5th, 2007.

SIGNED ON  Jan 11, 2007

_____
PRESIDING JUDGE

Page 2 of 4

01/16/1996  08:42    51266(  13          LEMON & GONZALE⁻ ⁻MO          PAGE   04
SENT BY: 229TH DISTRICT COURT;              13612708152;     JAN-11-0  5:17PM;     PAGE 3/6
01/05/2007 15:07 FAX 361 888    1    DOUG ALLISON

AGREED AS TO FORM:

Doug A. Allison;
John H. Martinez
ATTORNEYS FOR PLAINTIFF

Terry Clements    by permiss
                         TGY
Terry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION

Kyle D. Waynard
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE

Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS

William J. Tinning
Law Offices Of William J. Tinning, P.C.

Page 3 of 4

01/16/1996  00:42   512666  `3                                         PAGE  05
SENT BY: 229TH DISTRICT COURT;          13612798152;       JAN-11-0  5:17PM;   PAGE 4/6
   JAN-08-2007  14:18      Hartline,Dacus,#Assoc,LLP                      P.000

AGREED AS TO FORM:


Douglas A. Allison
John B. Martinez
ATTORNEYS FOR PLAINTIFF



Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION



Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


Darrell Barger
Hartline Dacus Barger Dreyer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS



William J. Tinning
Law Offices Of William J. Tinning, P.C.

                                                          Page 3 of 4

01/16/1996  08:42    512660  13      LEMON & GONZALE  EMO        PAGE  06
SENT BY: 229TH DISTRICT COURT;              13612790152;    JAN-11-0  5:18PM;    PAGE 5/6

AGREED AS TO FORM:


Douglas A. Allison
John B. Martinez
ATTORNEYS FOR PLAINTIFF


Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


Kyle D. Weynand/Scott Dayen
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


William J. Tinning
Law Offices Of William J. Tinning, P.C.

Page 3 of 4

01/16/1996  08:42    51266    3
SENT BY: 229TH DISTRICT COURT;                13612798152;        JAN-11-0    5:18PM;
LEMON & GONZALE    MD        PAGE  87
PAGE 8/8

AGREED AS TO FORM:


_____
Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


_____
Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


_____
Darrell Barger
Hardins Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


_____
William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO


10

291/849473.01
120104 (132/20563).00386

01/23/1996  07:43    512664 __13    LEMON & GONZALE __MO                    PAGE  03

) ) )

FILED AT 9⁴⁵ O'CLOCK A. M

CAUSE NO. DC-06-218

**JAN 3 1 2007**

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, (A MINOR) | ) ) ) ) | IN THE DISTRICT COURT B. BARTON CLERK DISTRICT CLERK, DUVAL COUNTY, TEXAS BY: _____ DEPUTY |
| **Plaintiff,** VS. | ) ) ) ) | 229TH JUDICIAL DISTRICT |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS | ) ) ) ) ) ) | |
| **Defendants** | ) | **DUVAL COUNTY, TEXAS** |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel for the parties that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits and all other information exchanged by the parties in this action.

It is hereby ORDERED as follows:

1.      This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Texas Rules of Civil Procedure, and other information (with the exception of any matters offered as evidence at a trial of the merits of this case, as the handling of such evidence shall be left to

1

EXHIBIT
C.8

the judge presiding) which the disclosing party or producing party designates as
"CONFIDENTIAL MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of
any party or any non-party witness in connection with this action.  As used herein, "disclosing
party" and "producing party" are interchangeable and shall refer to the parties to this action and
to non-parties who give testimony or produce documents or other information.

    2.    In designating information as "CONFIDENTIAL MATERIAL," a disclosing
party shall make such a designation only as to materials which that party in good faith believes
are protected as trade secrets or confidential information under Texas law regarding the
discoverability of confidential information and/or proprietary business information.
"CONFIDENTIAL MATERIAL" shall be used by the parties to this litigation solely for the
purpose of conducting this litigation, but not for any other purpose whatsoever.

    3.    In the absence of written permission from the disclosing party or non-party, or an
order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used
solely for the purposes of litigation between the parties hereto, and may be disclosed only to the
following persons:

    a.    The attorneys working on this action on behalf of any party, including in-
house attorneys, paralegal assistants, stenographic and clerical employees working under the
direct supervision of such attorneys;

    b.    Any person not employed by a party who is expressly retained or sought
to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action
for trial, with disclosure only to the extent necessary to perform such work.

2

291/549693.01
120506 1133/20363.00396

c.      Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" during her/his testimony, and may not retain any "CONFIDENTIAL MATERIAL"; and

d.      The parties.

e.      The Court.

4.      The persons described in paragraphs 3(b), (c) and (d) shall have access to the "CONFIDENTIAL MATERIAL," only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. Similar but separate lists shall also be maintained with respect to "CONFIDENTIAL MATERIAL" provided by non-parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide opposing counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving "CONFIDENTIAL MATERIAL" are enjoined from disclosing it to any other person, except in conformance with this Order.

5.      Each individual who receives any "CONFIDENTIAL MATERIAL" hereby agrees to subject herself/himself to the jurisdiction of this Court for the purpose of any

3

proceedings relating to the performance under, compliance with or violation of this Protective Order.

6.    The recipient of any "CONFIDENTIAL MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations and abstractions shall be subject to the terms of the Order, and copies and reproductions shall be labeled in the same manner as the designated material on which they are based.

7.    Disclosing parties shall designate "CONFIDENTIAL MATERIAL" as follows:

a.    In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL MATERIAL." In the event that a disclosing party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" at the time of its production, that disclosing party shall have five (5) business days after such production to so stamp or otherwise designate the document or other information.

b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" shall be made by a

4

statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the disclosing party to whose "CONFIDENTIAL MATERIAL" the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL MATERIAL," inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL". If no designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL MATERIAL."

c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains "CONFIDENTIAL MATERIAL," the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

d.      Any "CONFIDENTIAL MATERIAL" produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL MATERIAL." In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL MATERIAL," and the hard copy, transcription or printout shall be treated as it is designated.

5

8.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, any party may request appropriate relief from the Court. In any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with said written notice, except that such relief from the Court may be permitted in the event that the request for relief is within ten (10) days of trial (or during trial). The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" is on the disclosing party making such designation.

9.     The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, non-redacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

6

10.    In the event that any "CONFIDENTIAL MATERIAL" is used in any court proceeding in connection with this litigation (other than the trial on the merits), it shall not lose its "CONFIDENTIAL MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11.    Notwithstanding the designation, as provided above, of any testimony, evidence or other matters as "CONFIDENTIAL MATERIAL," said documents, testimony, evidence and other materials shall not, in fact, be deemed CONFIDENTIAL INFORMATION and shall not be subject to this Order, if the recipient party sustains the burden of showing that the substance thereof:

a.    is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

b.    has become, at any time, and through no act or failure to act on the part of the recipient party and without breach of any obligation of confidence, public knowledge;

c.    is, at the time of disclosure by the disclosing party, already in the possession of the recipient party, and that recipient party acquired it neither directly nor indirectly from the disclosing party; or

d.    has been made available to the recipient party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party.

12.    If "CONFIDENTIAL MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating

7

party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" to an individual who either prepared the document before the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or who is a deponent in this case,[1] or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL."

14.     In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall notify counsel for the producing party of the subpoena or other process or order, furnish counsel for the producing party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose interests may be affected.  The producing party asserting the "CONFIDENTIAL MATERIAL" treatment shall have the burden of defending against such subpoena, process or order.  The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party asserting the

---

[1] If a deponent who is not subject to this Protective Order is shown a document (or documents) that are "CONFIDENTIAL MATERIAL," then such document (or documents) shall be placed under seal as an exhibit to the deposition, and such deponent shall not be allowed to possess a copy of such document (or documents).

8

"CONFIDENTIAL MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

15.    Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL" and all copies thereof shall be returned to the party or non-party that produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

16.    Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

17.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraph 1 through 14, inclusive hereof.

18.    This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

DATED this _30_ day of ___Jan___, 2006.

IT IS SO ORDERED.

_____
Judge

9

01/23/1996   07:43    512664   3      LEMON & GONZALE   MD      PAGE   12
01/05/2007  12:37 FAX   21474086     LOCKE LIDDELL SAPP !      011/012
.01/05/2007 10:21 FAX 361 888 6851      DOUG ALLISON      012/014

AGREED AS TO FORM:

Jerry Clements by permission  
RY

Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO


10

291/549693.01
120506 1133/20363.00396

AGREED AS TO FORM:


_____
Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


_____
Kyle D. Weynand    Scott Doyen
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


_____
Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


_____
William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO


10

291/649693.01
120506 1133/20363.00396

01/23/1996  07:43   512664  3                      LEMON & GONZALE  MO              PAGE  14
JAN-18-2007  14:58           hartline,Dacus,&Assoc,LLP                              P.011/012

AGREED AS TO FORM:


Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE

Darrell Barger
Hartline Dacus Barger Dryer & Kem, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS



William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO




10


291/549693.01
120506 1133/20363.00396

01/23/1996  07:43    512664  3        LEMON & GONZALE  MO        PAGE  15
01/18/2007 14:53 FAX  361 643  00      William J Tinning                   ☐002/002

AGREED AS TO FORM:


_____
Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


_____
Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


_____
Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


_____
William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO

10

391/549693.01
120506 1133/20363.00356

AGREED AS TO FORM:

_____

Jerry Clements
Locke, Liddell and Sapp LLP
2200 Ross Avenue # 2200
Dallas TX 75201-6776
ATTORNEY FOR MICROSOFT CORPORATION


_____

Kyle D. Weynand
Donato, Minx & Brown P.C.
3200 Southwest Freeway, Suite 2300
Houston, TX 77027
ATTORNEY FOR ALLSTATE INSURANCE


_____

Darrell Barger
Hartline Dacus Barger Dryer & Kern, L.L.P.
800 North Shoreline, Suite 2000 North Tower
Corpus Christi, TX 78401
ATTORNEY FOR GAMESTOP DEFENDANTS


_____

William J. Tinning
Law Offices Of William J. Tinning, P.C.
1013 Bluff Drive
Portland, Texas 78374
ATTORNEY FOR AMADOR LAZO


_____

Douglas A. Allison
LAW OFFICES OF DOUGLAS A. ALLISON
500 N. Water Street, Suite 1200
Corpus Christi, Texas 78471
ATTORNEY FOR PLAINTIFFS

10

291/549693.01
012307 0936/20363.00396

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Stipulated

Protective Order which was entered by the Court on _____ in *Bonnie*

*Broquet, individually, as next friend, and as legally appointed representative of Kayla Deanne*

*Lazo, a minor, v. Microsoft Corporation, GameStop Corp., GameStop of Texas (GP) LLC, and*

*GameStop Texas LP, John Davila and Roel Santos, Managers of GameStop Texas LP,* Case No.

DC-06-218, or *Amador Lazo v. Microsoft Corporation, GameStop, Corp., GameStop of Texas*

*(GP) LLC; and GameStop Texas LP and John Davila and Roel Santos, Manager of GameStop*

*Texas LP,* Case No. DC-06-209, that he/she is one of the persons contemplated in paragraphs 3

or 5 thereof as authorized to receive disclosure of information designated "CONFIDENTIAL

MATERIAL," by either of the parties or by non-parties, and that he/she fully understands and

agrees to abide by the obligations and conditions of the Stipulated Protective Order.


_____
(Signature)

_____
(Title or Position)

Dated: _____

11




## CAUSE NO. DC-06-218

| | | |
|---|---|---|
| **BONNIE BROQUET, INDIVIDUALLY,** | § | **IN THE DISTRICT COURT** |
| **AND AS NEXT FRIEND AND AS** | § | |
| **LEGALLY APPOINTED REPRESENTATIVE** | § | |
| **OF KAYLA DEANNE LAZO (A MINOR)** | § | |
| | § | |
| **Plaintiff,** | § | **229TH JUDICIAL DISTRICT** |
| | § | |
| **VS.** | § | FILED AT 4:50 O'CLOCK P.M |
| | § | |
| **MICROSOFT CORPORATION,** | § | **FEB 0 5 2007** |
| **GAMESTOP CORP., GAMESTOP OF** | § | |
| **TEXAS (GP), LLC, GAMESTOP TEXAS LP,** | § | R. BARTON, CLERK |
| **AND ROEL SANTOS** | § | DISTRICT CLERK, DUVAL COUNTY TEXAS |
| | § | BY: _____ DEPUTY |
| **Defendants.** | § | **DUVAL COUNTY, TEXAS** |

---

## TEMPORARY INJUNCTION

On the 11th day of January, 2007, the court entered a Temporary Restraining Order in the above-styled and numbered cause, and set this matter for further consideration of a proposed Temporary Injunction (such further consideration to occur on February 5, 2007, and after due notice to all parties to the above-styled cause and all other interested persons, if any).

1.  The court, after examining the pleadings and evidence, finds that there is evidence that if the request for temporary injunctive relief is not granted, then imminent harm will occur because any unqualified destruction of this structure or Removed Artifacts will hinder the parties in their investigation into this matter. This harm is also irreparable in that if this structure or Removed Artifacts are hereafter modified or destroyed, then there may not be an alternative source for recovery of such evidence.

2.  Therefore, the Court enters the following Order: *repainting or cleaning of*

    a.  The Court hereby enters this Temporary Injunction, and thus enjoins, forbids, and prohibits the destruction, alteration, and/or modification of the structure (house) located at 614 Rogers Street, San Diego, Texas, unless agreed to by all parties to the above-styled cause or permitted by further Order of this Court;

---

Order Granting Temporary Injunction

**EXHIBIT**
C.9

b. The Court hereby enters this Temporary Injunction, and thus enjoins, forbids, and prohibits the destruction, alteration, and/or modification of the Removed Artifacts (from 614 Rogers Street, San Diego, Texas), unless agreed to by all parties to the above-styled cause or permitted by further Order of this Court;

*A.W.G.*
*2-5-07*

c. The Court hereby enters this Temporary Injunction to be effective as of the ~~date~~ *Aug 07* date of payment of a bond in the amount of $ _500⁰⁰_ ; and *to continue* *8-5-07*
*on same bond.*

d. The Court hereby Orders that this Temporary Injunction shall be automatically dissolved and held for naught as of the date of final disposition of the above-captioned cause, or sooner if by agreement of all parties to the above-captioned cause or by further Order of this Court.

SIGNED this _5ᵗʰ_ day of _Feb_ , 2007, at _4:48_ a.m./p.m.

_____Alex W. Gabert_____
PRESIDING JUDGE

e. Orders the Clerk to issue Notice to *all parties* ~~Defendants~~ and *the* legal owner of the house (above mentioned) Jose Gomez at 617 Rogers Dr, San Diego, Duval county, Texas.

Order Granting Temporary Injunction

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROUQUET, INDIVIDUALLY, § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS § | |
| LEGALLY APPOINTED § | |
| REPRESENTATIVE OF KAYLA § | |
| DEANNE LAZO, (A MINOR) § | |
| Plaintiffs § | |
| § | |
| AND § | |
| § | |
| AMADOR LAZO, INDIVIDUALLY, § | 229TH JUDICIAL DISTRICT |
| Intervenor § | |
| § | |
| § | |
| VS. § | |
| § | |
| MICROSOFT CORPORATION, § | |
| GAMESTOP CORP., GAMESTOP § | |
| OF TEXAS (GP), LLC, GAMESTOP § | |
| TEXAS LP, AND ROEL SANTOS § | DUVAL COUNTY, TEXAS |

## PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMADOR LAZO, INDIVIDUALLY, hereinafter referred to as Intervenor, complaining of MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP and ROEL SANTOS hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

I.

## DISCOVERY CONTROL PLAN LEVEL

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

II.

EXHIBIT
C.10

## PARTIES

All parties are Texas citizens.

Intervenor, AMADOR LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas.

Plaintiff is Texas Citizens who reside in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record Douglas A. Allision, 500 N. Water Street, South Tower, Ste. 1200, Corpus Christi, Texas 78471.

Defendant, MICROSOFT CORPORATION is a company doing business in the State of Texas, and have answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP, CORP., is a Texas Citizen as a corporation, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP OF TEXAS (GP) LLC, is a Texas Citizen as a Limited Liability Company, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP TEXAS LP, is a Texas Limited Partnership, and such partnership has its principal place of business in Grapevine, Texas. Defendant GAMESTOP TEXAS LP, is doing business in the State of Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of records.

III.

## VENUE

Venue in Duval County is proper in this cause because the incident and injuries all occurred in Duval County.

---

## IV.

## THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. Intervenors hereby adopt Plaintiffs' original pleading.

## V.

## FACTS

Plaintiff Amador Lazo, is the natural father of his severely injured and permanently injured daughter, Kayla. On or about June 11, 2006, a fire occurred upon the premises which in all probability originated at the entertainment center, and specifically the X-BOX designed, manufactured and marketed by Defendant Microsoft Corporation which was defective in its design, manufacturing and marketing in many number of respects which had already resulted in a recall due to its propensity to overheat and pose a fire hazard, which in fact occurred, which severely injured the daughter of Amador Lazo who was standing pursuant to the bystander doctrine and/or family consortium and the general negligence principals in Texas as well, as the doctrine of products liability as it has evolved in the State of Texas, to recover for all his damages for the horrendous burns suffered by his minor daughter, Kayla Reanne Lazo, a 13 year old minor. She is severely and permanently disabled and injured by the fire producingly or proximately resulting from the defective design, manufacture and marketing of the XBOX in question, or by the negligence in the design, making and/or marketing of the XBOX in question by Defendant Microsoft Corporation.

Also, all Defendants knew of the defect in the XBOX and its power supply, and yet intentionally sent this XBOX system into the marketplace and the home of the Lazos, proximately causing the fire, injuries, and potentially yet, the early demise of young Kayla Deanne Lazo. This conduct allows for Mr. Lazo to recover reasonable and necessary medical expenses, and mental anguish damages as well pursuant to the *Silcott v. Oglesby Doctrine.*

The damages exceed the court's minimum jurisdictional requirements which include reasonable medical care and expenses in the past, and in all probability to the end of her life. These expenses were incurred by Mr. Lazo, as the responsible parent for his daughter, the minor Plaintiff, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    (a)     Reasonable and necessary medical care and expenses in the past and which will in all reasonable probability be incurred in the future;

    (b)     Physical pain and suffering in the past;

    (c)     Physical pain and suffering in the future;

    (d)     Mental anguish in the past;

    (e)     Mental anguish in the future;

All damages that may be allowable by Texas law when its cause is presented to a jury for which the fee is separately tendered and which is hereby demanded.

---

Kayla Lazo has been in the Brooke Army Medical Center since the fire and has numerous horrific complications, including the amputation of her leg and numerous instances where her lungs have collapsed, all of which had been monitored contemporaneously, experienced, and witnessed by her father.

Defendants GAMESTOP CORP, GAMESTOP OF TEXAS, GAMESTOP CORP, GAMESTOP TEXAS LP specifically represented that they will refurbish and deal with any recalled merchandise before it is re-released and marketed to the public as was this particular XBOX which was purchased from such Defendant under such representation, and intentional, and fraudulent conduct.

John Davila was acting outside the course and scope of their employment specifically represented, impliedly and expressly that the XBOX purchased in question from him and the "GAMESTOP DEFENDANTS" was fit for a particular purpose and was safe and ready to be used in a reconditioned or "as new" condition of which such was not the case. As a direct and proximate result of such representations by Mr. Davila this fire and the injuries and damages proximately resulted therefrom.

"GAMESTOP DEFENDANTS" are also liable for their misrepresentations in not only being a non-innocent retailer but also for making independent misrepresentations in the design, marketing and retailing of the product in question amounting to fraud, breach of expressed implied warranties, and misrepresentation and negligence and gross negligence all of which producingly or proximately caused the injuries and damages complained of.

Plaintiffs' damages far exceed the minimum jurisdictional requirements of this Honorable Court.

Plaintiffs' seek pre and post judgment interest at the legal rate.

As may be allowable for certain causes of action asserted, Plaintiffs are also entitled to recover reasonable and necessary attorney's fees.

Plaintiffs also seek declaratory relief which is not advisory or conclusory in nature as to the relative responsibility between the Defendants for this very preventable and tragic accident which may yet, ultimately cost Kayla Lazo her life, and which has to date caused incalculable pain and suffering on Mr. Lazo and caused him to occur the responsibility for his minor daughter's reasonable and necessary medical care which to date in all probability exceeds $300,000.00 for the horrific pain and suffering and mental anguish he has incurred by the experience of his daughter being severely and permanently scarred and burned by the loss of her limb and by seeing her go through the torture of burn care and burn treatment and seeing her placed on a respirator and have to be resuscitated numerous times to date.

Amador Lazo and Bonnie Broquet were cohabiting in the same home where the fire occurred and were living as husband and wife, and were in fact common law married.

Even if it is found an element of common law marriage is absent, Amador Lazo is the natural father, and pursuant to the last decree of divorce and custody order, Amador Lazo is the responsible father and is responsible for the $300,000.00 plus in medical bills which have been incurred to date and for his responsible portions of her future medical care, and is also suing on behalf of his part of Kayla's estate. Regardless, Amador Lazo also has a bystander claim.

Intervenor seeks equitable and legal relief and any such further relief as may be allowable by Texas law at the time this cause was presented to trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Intervenor against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment

interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which this Intervenor may be entitled at law or in equity.

PLAINTIFF REQUESTS TRIAL BY JURY AND TENDER THE APPROPRIATE JURY FEE.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Telephone:    (361) 643-9200
Facsimile:    (361) 643-9600

By:    _____
William J. Tinning
State Bar No. 20060500
**ATTORNEY FOR INTERVENOR**

**CO-COUNSEL:**    Jaime Carrillo
State Bar No. 03879300
CARRILLO LAW OFFICE, L.L.P.
721 East King
Kingsville, Texas 78363
Telephone: (361) 595-4142
Facsimile: (361) 595-0544

**LOCAL COUNSEL:**    Charles L. Barrera
State Bar No. 01805500
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384
Telephone: (361) 279-2505
Facsimile: (361) 279-2508

---

Petition In Intervention                                    Page 7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record by the method listed below on this the _11_ day of February, 2007.

*Via Facsimile & First Class Mail*
Thomas G. Yoxall
LOCKE, LIDDELL & SAPP, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

*Via Facsimile & First Class Mail*
Darrell Barger
HARTLINE, DACUS, BARGER, DREYER & KERN, LLP
N. Tower, 800 N. Shoreline Blvd., Ste 2000
Corpus Christi, Texas 78401

*Via Facsimile & First Class Mail*
Scot Doyen
DONATO, MINX & BROWN, PC
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525

*Via Facsimile & First Class Mail*
Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
500 N. Water Street
South Tower – Suite 1200
Corpus Christi, Texas 78471

*Via Facsimile: 206-389-1708*
Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154

---

Petition In Intervention                                              Page 8

*Via Facsimile: 361-664-0013*
Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332

*Via Facsimile: 210-212-5880*
Adam Poncio

*Via Facsimile: 214-749-6326*
Jennifer L. Duncan

*Via Facsimile: 956-541-2170*
Eduardo R. Rodriguez


_____
· William J. Tinning