CAUSE NO. DC-06-218

| | | |
|---|---|---|
| **BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND, AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, (A MINOR)** | § § § § § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § § | |
| **AND** | § § | FILED AT ʒ³²̄ OʼCLOCK ℓ M |
| **AMADOR LAZO, INDIVIDUALLY,** | § § | **FEB 2 8 2007** |
| **Intervenor** | § § § | R. BARTON, CLERK DISTRICT CLERK, DUVAL COUNTY TEXAS BY:_____ DEPU̅ |
| **VS.** | § § | **229ᵀᴴ JUDICIAL DISTRICT OF** |
| **MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS,** | § § § § § § | |
| **Defendants.** | § | **DUVAL COUNTY, TEXAS** |

## DEFENDANT MICROSOFT CORPORATION'S ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION

Defendant Microsoft Corporation ("Microsoft") files this Original Answer to Intervenor's

Petition in Intervention and shows the Court as follows:

**EXHIBIT**
**C.11**

### I.
### GENERAL DENIAL

Microsoft files its Original Answer to Intervenor's Petition in Intervention and, pursuant

to Rule 92 of the Texas Rules of Civil Procedure, generally denies each and every, all and

singular, the allegations set forth in Intervenor's Petition and demands strict proof thereof.

### II.
### VERIFIED DENIALS

Pursuant to Texas Rule of Civil Procedure 93, Microsoft asserts the following verified

defenses:

**MICROSOFT'S ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION  PAGE  1**

Dockets.Justia.com

1.      Intervenor does not have standing to bring the present action against Microsoft.

2.      Intervenor does not have the legal capacity to sue in the manner described in Intervenor's Petition.

3.      Intervenor is not entitled to recover in the capacity in which he has sued.

4.      There is a defect in the parties in that Intervenor is not a proper party to this lawsuit.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Microsoft respectfully prays that Intervenor take nothing by this suit and that Microsoft be granted all relief, general and special, to which Microsoft may show itself justly entitled.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
**LEMON & GONZALEZ-LEMON, LLP**
520 E. Second St.
Alice, Texas 78332
Telephone: (361) 664-0011
Facsimile: (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
**LOCKE LIDDELL & SAPP LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Telecopy)

Douglas Fleming
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
**ATTORNEYS FOR DEFENDANT MICROSOFT
CORPORATION**

**MICROSOFT'S ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION   PAGE   3**

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF Jim wells                     §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Edie Gonzalez-Lemon who being by me duly sworn on his oath deposed and said that she is the agent authorized to execute this Verification on behalf of Microsoft in the above entitled and numbered cause; that he/she has read the above and foregoing Original Answer to Intervenor's Petition in Intervention; and that every statement contained in paragraph 2 of the Answer is within her personal knowledge and is true and correct.

    SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the 08th day of February, 2007.



VERONICA TORREZ
MY COMMISSION EXPIRES
November 24, 2008

Notary Public in and for the
State of Texas

**MICROSOFT'S ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION   PAGE   4**

## CERTIFICATE OF SERVICE

I certify that on this _____ day of February, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

**Douglas A. Allison (via facsimile)**
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
**Counsel for Plaintiff Bonnie Broquet**

**Darrell Barger (via facsimile)**
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
**Counsel for Gamestop Corp., Gamestop of Texas**
**(GP) LLC, Gamestop Texas LP, John Davila, and Roel Santos**

**William J. Tinning (via facsimile)**
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
**Counsel For Plaintiff Amador Lazo**

**Scot Doyen (via facsimile)**
Doyen Sebesta
1010 Lamar St., Suite 950
Houston, Texas 77002
**Counsel for Jose Gomez**

**Douglas Fleming (via facsimile)**
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  (206) 624-3600
Facsimile:  (206) 389-1708

**MICROSOFT'S ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION   PAGE   5**

CAUSE NO.  DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND | § | IN THE DISTRICT COURT OF |
| AS NEXT FRIEND AND AS LEGALLY | § | |
| APPOINTED REPRESENTATIVE OF | § | |
| KAYLA DEANNE LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, | § | DUVAL COUNTY, TEXAS |
| | § | |
| Intervenor, | § | |
| | § | |
| vs. | § | |
| | § | |
| MICROSOFT CORPORATION, GAMESTOP | § | |
| CORP., GAMESTOP OF TEXAS (GP), LLC, | § | |
| GAMESTOP TEXAS LP, AND ROEL | § | |
| SANTOS | § | |
| | § | |
| Defendant. | § | 229TH JUDICIAL DISTRICT |

### DEFENDANTS GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS' ORIGINAL ANSWER TO INTERVENOR'S PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP

TEXAS LP AND ROEL SANTOS, Defendants in the above-styled and numbered cause, and file

this their Original Answer to Intervenor's Petition in Intervention on file herein, and would

respectfully show the Court as follows:

**I.**

Defendants generally deny the allegations contained in Intervenor's Original Petition in

Intervention and, upon this denial, demand a trial of the issues.



EXHIBIT
C.12

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Intervenor take nothing against it by reason of his suit, but that Defendants have judgment, for costs of suit and for general relief.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &
KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS
GAMESTOP, CORP., GAMESTOP OF TEXAS
(GP) LLC, GAMESTOP TEXAS LP**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this _2nd_ day of March, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Douglas Fleming
RIDDELL WILLIAMS, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374

David W. Green

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO | § | |
| LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | 229ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | FILED AT 9:00 O'CLOCK ± M |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | APR 2 7 2007 |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC., AND | § | R. BARTON, CLERK |
| JBT INTERNATIONAL, INC., A/K/A | § | DISTRICT CLERK, DUVAL COUNTY TEXAS |
| JI-HAW AMERICA, INC. AND | § | BY_____ DEPUTY |
| JH AMERICA, INC., | § | |
| | § | |
| Defendants. | § | DUVAL COUNTY, TEXAS |

---

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Bonnie Broquet, in her individual capacity and in her capacity as next

friend and in her capacity as the legally appointed representative of Kayla Deanne Lazo (a

minor), sometimes hereinafter referred to as Plaintiff, and makes and files this her Plaintiff's

First Amended Original Petition complaining of Microsoft Corporation (herein after referred to

as 'Defendant Microsoft'), Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas

LP (hereinafter collectively referred to as 'Defendants Gamestop'), Roel Santos (hereinafter

EXHIBIT
C.13

referred to as 'Defendant Santos'), Ji-Haw Industrial Co., Ltd. (a/k/a 'Ji-Haw America, Inc.,' and

'JH America, Inc.'), and JBT International, Inc. (also a/k/a 'Ji-Haw America, Inc.,'and 'JH

America, Inc.')(herein after these two (2) defendants may be collectively referred to as

'Defendants Ji-Haw'), and all defendants herein may be collectively referred to as Defendants,

and in support of this filing would show to this Honorable Court the following:

## I.

### Discovery

Plaintiff intends to conduct discovery in this matter pursuant to the Texas Rules of Civil

Procedure (Level 3).  At the time of any appropriate scheduling conference or other hearing for

the calendaring of a trial date, Plaintiff respectfully requests the entry of a court order for

management of the discovery (and other matters) in this case.

## II.

### Venue

Venue is proper in Duval County, Texas,  pursuant to Section 15.002(a)(1) of the Texas

Civil Practice and Remedies Code.  All or a substantial part of the events or omissions giving

rise to this claim occurred in Duval County, Texas.

## III.

### Plaintiff

Bonnie Broquet is a resident of Texas, and resides in San Diego, Duval County, Texas (at

the time of the filing of this suit).  Bonnie Broquet is the natural mother of Kayla Deanne Lazo.

Moreover, Bonnie Broquet is the only court appointed representative who has authority to file

claims/ suits on behalf of Kayla Deanne Lazo.

## IV.

### Defendants

Defendant Microsoft Corporation is a Washington corporation, and has its principal place of business in Redmond, Washington. Defendant Microsoft is a company doing business in the State of Texas, and may be served with process by serving its Texas registered agent for service of process, Corporation Service Company D B A +, 701 Brazos Street, Suite 1050, Austin, Texas78701, via certified mail, return receipt requested. Defendant Microsoft has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for Defendant Microsoft.

Defendant Gamestop Corp. is a Delaware corporation, and such corporation has its principal place of business in Grapevine, Texas. This Defendant Gamestop is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. This Defendant has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendant Gamestop of Texas (GP) LLC is a Delaware limited liability company, and such company has its principal place of business in Grapevine, Texas. This Defendant Gamestop of Texas (GP) LLC is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. This Defendant has already

Plaintiff's First Amended Original Petition
DAA/plr                              Page -3-

answered and appeared herein, and thus no further service of process is necessary at this time.
Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for this
Defendant.

Defendant Gamestop Texas LP, is a Texas limited partnership, and such partnership has
its principal place of business in Grapevine, Texas.  This Defendant Gamestop Texas LP is doing
business in the State of Texas, and may be served with process by serving its registered agent for
service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via
certified mail, return receipt requested.  This Defendant has already answered and appeared
herein, and thus no further service of process is necessary at this time.  Plaintiff's counsel will
serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendant Roel Santos is an individual who resides in Alice, Jim Wells County, Texas.
Defendant Santos is a manager at one of the Gamestop stores (the store located at 2000 Dr. N.W.
Atkinson Street, Alice, Texas 78332).  Defendant Santos may be served at this address, via
certified mail, return receipt requested.  Defendant Santos has already answered and appeared
herein, and thus no further service of process is necessary at this time.  Plaintiff's counsel will
serve a copy of this amended pleading upon the legal counsel for Defendant Santos.

Defendant Ji-Haw Industrial Co., Ltd. (a/k/a 'Ji-Haw America, Inc.,' and 'JH America,
Inc.') is a foreign corporation, and such corporation has its principal place of business in the
country of Taiwan.  Defendant Ji-Haw further maintains its principal place of business (within
the United States) within the State of California,  at 3545 Lomita Boulevard, Unit B, Torrance,
CA 90505.  Defendant Ji-Haw further maintains offices at 20809 Higgins Ct, Torrance, CA
90501.  This Defendant Ji-Haw may be served with process by serving its president or vice-

president at 3545 Lomita Boulevard, Unit B, Torrance, California, 90505, via certified mail, return receipt requested. Additionally, this Defendant Ji-Haw may be served with process by serving its president or vice-president at 20809 Higgins Ct, Torrance, CA 90501. Finally, this Defendant may be served with process by serving Brian Sprague (registered agent for JBT International, Inc., an alter ego/ joint enterprise entity with this Defendant) at 1023 Beech Ave, Torrance, CA 90501, via certified mail, return receipt requested. Plaintiff hereby requests that three (3) citations be issued, and that service of process be accomplished by service upon the three (3) addresses noted herein above for this Defendant. Service is requested at this time.

Defendant JBT International, Inc. (also a/k/a 'Ji-Haw America, Inc.'and 'JH America, Inc.') is a foreign corporation existing under the laws of the State of California, and such corporation has its principal place of business at 3545 Lomita Boulevard, Unit B, Torrance, CA 90505, and another such place of business at 20809 Higgins Ct, Torrance, CA 90501. This Defendant may be served with process by serving its registered agent for service of process, Brian Sprague at 1023 Beech Ave, Torrance, CA 90501, via certified mail, return receipt requested. Service is requested at this time.

Defendants Ji-Haw Industrial Co., Ltd., and JBT International, Inc., are a single business enterprise, are engaged in a joint enterprise, and/or each is the alter ego of the other. Therefore, these defendants will herein after sometimes be referred to collectively as 'Defendants Ji-Haw.'

## V.

### State Court Jurisdiction

Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has a principal place of business. The various Gamestop entities (Defendants Gamestop) have a principal place of business in

Grapevine, Texas. In addition, Defendant Santos is an individual who resides in and is a citizen of the State of Texas. In addition, Defendant Gamestop Texas LP is a Texas defendant. As such, any removal to federal court by any Defendant would be improper.

## VI.

### The Incident

Plaintiff would show that on or about June 11, 2006, a fire started in the home of Plaintiff. The fire was started as a result of a defect in an XBOX game system (hereinafter sometimes referred to as "XBOX," and such reference may refer to the game console itself, and/or the power line cord, and/or these components in combination) that was originally designed, manufactured and marketed by Defendants. As a result of the fire, Kayla Deanne Lazo was badly burned and continues to severely suffer from her on-going personal injuries. In addition, Bonnie Broquet suffered severe personal injuries. Moreover, the home and its contents have all been substantially destroyed as a result of the fire mentioned herein. The fire, and the harm and legal harm caused by such fire, are the reasons for the filing of this suit.

## VII.

### Defendant Microsoft

Plaintiff would show that the XBOX game system (and its component parts) was designed, manufactured, and marketed by Defendant Microsoft. Plaintiff would show that the subject XBOX game system was defective, and that such defective condition was a producing cause of the fire made the subject of this suit (and the resulting injuries to Plaintiff). More specifically, the subject XBOX game system was unreasonably dangerous (as this term is defined in law) at the time that such XBOX game system left the control of Defendant Microsoft.

Plaintiff would show that the subject XBOX game system was defective in its design, manufacture, and marketing (as these theories of legal recovery are defined in law). Further, Plaintiff would show that safer alternative designs existed at the time of manufacture of this product, and that such safer alternative designs were technologically and economically feasible at the time of manufacture of this product. Nonetheless, Defendant Microsoft made the choice to design, manufacture, and market their marginal and unsafe (and unreasonably dangerous) product. Plaintiff relies upon the Texas Civil Practice and Remedies Code, Chapter 82, and the common law of the State of Texas, and §402 Restatement of Torts (Second), in support of these claims and allegations.

Plaintiff would further show that Defendant Microsoft was negligent in the development, research, design, manufacturing, testing, marketing, inadequate recalling, and/or selling of the subject XBOX game system, and that such negligence was a proximate cause of the fire made the subject of this suit (and Plaintiff's injuries). Such negligent acts and/or omissions may include (but shall not be limited to) the following:

(1)    Failing to use ordinary care in the testing of the power cord and/or XBOX game system made the subject of this suit;

(2)    Failing to use ordinary care in the design and/or development of the power cord and/or entire XBOX game system made the subject of this suit;

(3)    Failing to use ordinary care in the manufacture and/or selling (and/or distribution) of the power cord and/or XBOX game system made the subject of this suit;

(4)     Failing to use ordinary care in supervision of the design, testing, development, and/or

        manufacture and/or selling (and/or distribution) of the power cord and/or XBOX game

        system made the subject of this suit;

(5)     Failing to use ordinary care so as to assure the recall of the power cord and/or XBOX

        game system made the subject of this suit;

(6)     Failing to use ordinary care so as to assure proper refurbishing and/or replacing of the

        power cord and/or XBOX game system made the subject of this suit (by Defendants

        Gamestop, or another);

(7)     Failing to use ordinary care by the failures to adequately warn and/or warn of the hazards

        associated with the power cord and/or XBOX game system made the subject of this suit;

(8)     Failing to have reasonable general recall policies (replacement policies) of potentially

        dangerous products (including the power cord and entire XBOX game system in this

        case);

(9)     Failing to have reasonable specific recall policies (replacement policies) for the specific

        power cord that was the cause of the fire in this case;

(10)    Failing to assure (as would a company using ordinary care) that recalled/ replaced power

        cords are identified, gathered, removed from service, and destroyed so as to assure that a

        recalled/ replaced power cord is not re-used (as would a company using ordinary care);

(11)    Failing to train;

(12)    Failing to supervise;

(13)    Failing to assure proper destruction of a defective product or products;

(14)    Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions
as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery is on-going in this matter, and thus further facts will be
revealed as more information becomes available.  Thus, Plaintiff reserves the right to modify,
add to, delete, and/or revise all allegations of negligence as set forth herein.

## VIII.

### Defendants Gamestop

Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP (hereinafter
collectively referred to as 'Defendants Gamestop') re-sold the actual XBOX game system made
the subject of this suit.  This re-selling of the subject XBOX game system was a commercial sale
of a refurbished XBOX game system.  As such, Defendants Game Stop manufactured, designed,
and marketed the XBOX game system made the subject of this suit.  There were design defects
and/or manufacturing defects and/or marketing defects existing with the product (the XBOX
game system (its console and/or power cord) at the time that it left the possession of Defendants
Gamestop.  This refurbishing and re-selling of the subject XBOX game system  was a
commercial sale of a defective product (as this term is defined in law).  All of the conduct of
Defendants Gamestop was a producing cause of the fire made the subject of this suit (and
Plaintiff's injuries).  Plaintiff would show that the re-selling of the XBOX game system (the
product (the console, and the power cord)) by Defendants Gamestop gives rise to liability of
Defendants Gamestop (all as pleaded herein above, and herein below).

Further, Plaintiff would show that the acts and/or omissions of Defendants Gamestop

constitutes negligence, and that such negligence was a proximate cause of the fire made the

subject of this suit.  Such negligent acts and/or omissions include, but are not limited to,  the

following):

(1)    Failing to test the subject XBOX game system for defects (especially in light of

the power cord recall/ replacement program (the product made the subject of this

suit));

(2)    Failing to repair, refurbish, and/or modify the subject XBOX game system so as to

make safe such XBOX game system;

(3)    Failing to provide the purchaser of the subject XBOX game system with a

replacement cord ('replacement cord' or 'new cord') so as to minimize or remove

the known risk of fire associated with the subject XBOX game system;

(4)    Failing to correct any defects within the XBOX game system and/or power cord

for the subject XBOX game system;

(5)    Failing to train employees with respect to the correct procedures to be followed

with a used/refurbished XBOX game system;

(6)    Failing to supervise employees with respect to the correct procedures to be

followed with a used/refurbished XBOX game system;

(7)    Failing to accomplish the recall and/or replacement of the subject XBOX game

system (and/or its component parts);

(8)    Failing to use due care and thus appropriately warn of the hazards and/or dangers
       of the subject XBOX game system (with the subject power cord);

(9)    negligent representations and negligent omissions with respect to the
       communications by Defendants Gamestop relating to the XBOX game system
       made the subject of this suit;

(10)   Failing to provide the correct power cord (as would have been done by a
       corporation in the exercise of reasonable care);

(11)   Failing to provide a non-recalled type of power cord (as would have been done by
       a corporation in the exercise of reasonable care);

(12)   Failing to provide a non-replaced type of power cord (as would have been done by
       a corporation in the exercise of reasonable care);

(13)   Failing to destroy the subject power cord;

(14)   Failing to return the subject power cord to Defendant Microsoft;

(15)   Failing to comply with the terms of the Gamestop/Microsoft contract regarding
       the handling of a product subject to a recall;

(16)   Failing to train;

(17)   Failing to supervise;

(18)   Failing to assure proper destruction of a defective product or products; and

(19)   Failing to use ordinary care by such other improper and/or unsafe acts and/or
       omissions as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery is on-going in this matter, and thus further facts will be revealed as more information becomes available. Thus, Plaintiff reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

Defendants Gamestop are companies that sell new game systems, and re-sell used game systems, and refurbish and re-sell game systems (such as the XBOX game system (console and power cord) in this case.) Defendants Gamestop are liable to Plaintiff in negligence (as pleaded herein above), and liable to Plaintiff as a manufacturer and/or non-manufacturing seller since Defendants Gamestop knew of the fire defect in the type of XBOX game system (including the power cord) made the subject of this suit at the time it supplied the product. In addition, Defendant Gamestop resold and repackaged used and/or refurbished XBOX game systems giving Defendants Gamestop substantial control over the content of warnings or instructions that accompany the product (such as warnings about the fire hazard and instructions on the need for obtaining replacement cords). For all of these reasons as stated herein, and herein above, Defendants Gamestop are liable to Plaintiff in negligence and product liability.

By way of further pleading, Plaintiffs would show that Defendants Gamestop operate their business as a single business enterprise, and/or alter egos of each other, and in joint enterprise with each other. As such, the negligent acts and/or omissions of one Gamestop entity are imputed to the other Gamestop entities. These various legal entities act as a single business.

## IX.

### Defendant Santos

Defendant Santos is an individual who is employed as a manager for Defendants Gamestop's Alice store where the subject XBOX game system was re-sold (eventually ending up

in the home where the fire occurred). For his conduct and/or products related thereto, Defendant

Santos is liable to Plaintiff herein. In this regard, Plaintiff would show that Defendant Santos

was negligent, and that such negligence was a proximate cause of the occurrence made the

subject of this suit (and related injuries). Moreover, Plaintiff would show that Defendant Santos

was negligent with his making of certain representations relating to the re-selling of the subject

XBOX game system. Some of the negligent conduct was within the course of business for

Defendants Gamestop, and some of the negligent conduct of Defendant Santos was outside the

typical course of business for Defendants Gamestop. Such negligent acts and/or omissions by

this Defendant Santos include, but are not limited to, those allegations of negligence as set forth

herein above.

## X.

### Respondeat Superior

In part, Defendant Santos was an employee of Defendants Gamestop when he committed

his negligent acts and/or omissions. In part, the negligence of Defendant Santos was committed

while in the course and scope of his employment with Defendants Gamestop. Such negligence

was a proximate cause of Plaintiff's injuries. As such, Defendants Gamestop are also vicariously

liable to Plaintiff under the theory of *respondeat superior*.

## XI.

### Defendants Ji-Haw

Plaintiff would further show that Defendants Ji-Haw are legally responsible for the

incident made the basis of this suit. Defendants Ji-Haw are guilty of negligence, and such

negligent acts and/or omissions were a proximate cause of the incident made the basis of this suit

(and Plaintiff's injuries). Further, Defendants Ji-Haw are liable to Plaintiff in strict liability (as such theories of liability are stated herein above, in part), with such conduct a producing cause of the fire made the subject of this suit (and Plaintiff's injuries).

## XII.

### Legal Malice

Plaintiff would show that Defendants are further liable to Plaintiffs for further/exemplary damages. Defendants' conduct rises to the level of gross negligence/ legal malice, and such conduct was a producing cause and proximate cause of the incident made the basis of this suit. In fact, Defendants engaged in conduct that had a high probability of substantial injury to others. Plaintiff seek fair and reasonable punitive and exemplary damages.

## XIII.

### Reasonable Compensation

Plaintiff hereby sues individually and in all representative capacities (as noted herein above). Plaintiff Bonnie Broquet, as next friend and as the court appointed representative for Kayla Deanne Lazo (a minor), seeks all reasonable and just compensation for Kayla's injuries and legal harm. Such legal damages include, but are not limited to, the legal injuries of pain and suffering, mental anguish, loss of physical capacity, disfigurement, loss of wages and/or wage earning capacity, and reasonable and necessary medical expenses. For all of these same legal damages, Plaintiff Bonnie Broquet sues in her individual capacity. All of these legal damages are within the jurisdictional limits of this honorable court. All of these legal damages have occurred in the past, and are expected to continue into the future.

## XIV.

Plaintiff respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial

before a jury, that Plaintiff recover judgment of and from the Defendants, jointly and severally,

for the actual, compensatory, special, exemplary, and additional damages in such a manner as the

evidence may show and the jury may determine to be proper, together with the costs of suit, pre-

judgment interest, post-judgment interest, and such other and further relief to which Plaintiff

may, in law or in equity,  show herself (individually and for Kayla) justly entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

**LAW OFFICES OF DOUGLAS ALLISON**

500 North Water Street

South Tower - Suite 1200

Corpus Christi, Texas 78471

(361) 888-6002

(361) 888-6651 (Fax)

By: _____

Douglas A. Allison

State Bar No. 01083500

ATTORNEY FOR PLAINTIFF

</div>

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record by fax on this the _24th_ day of April, 2007.

Douglas A. Allison

**SENT VIA TELEFAX:**

Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, Texas 78215
Fax: 210/212-5880

William J. Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Fax: 361/643-9600

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
Fax: 361/664-0013

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Fax: 214/740-8800

Douglas Fleming
RIDDELL WILLIAMS, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Fax: 206/389-1708

Darrell Barger
HARTLINE, DACUS,
BARGER, DREYER & KERN, L.L.P.
800 N. Shoreline Blvd., Suite 2000
Corpus Christi, Texas 78401
Fax: 866-8039

Mr. Scott Doyen
DOYEN & SEBESTA
1010 Lamar, Suite 950
Houston, Texas 77002
Fax: 713/580-8910

Ms. Jennifer Duncan
HERMES SARGENT BATES, L.L.P.
901 Main Street, Suite 5200
Dallas, Texas 75202
Fax: 214/749-6326

Mr. Robert D. Arredondo
MANNING, GOSDA & ARREDONDO, L.L.P.
5847 San Felipe, Suite 1500
Houston, Texas 77057
Fax: 713/783-7157

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KYLA DEANNE LAZO, A MINOR | § | |
| | § | |
| VS. | § | 229th JUDICIAL DISTRICT |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC. AND | § | |
| JBT INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER OF JI-HAW INDUSTRIAL CO., LTD. AND JBT INTERNATIONAL, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Ji-Haw Industrial Co., Ltd. ("Ji-Haw"), and JBT International, Inc. ("JBT"), subject to their special appearances, file this original answer to Plaintiff's First Amended Original Petition, and for such answer, respectfully show the Court the following:

I.

### Special Exceptions

A.    Defendants specially except to the last 2 sentences of paragraph IV of Plaintiff's First Amended Original Petition ("the petition") wherein Plaintiff alleges that Defendants Ji-Haw and JBT "are a single business enterprise, are engaged in a joint enterprise, and/or each is the alter ego of the other". This allegation is conclusory and



EXHIBIT
C.14

vague and includes no allegations of fact. Therefore it fails to provide Defendants with fair notice of the factual basis supporting Plaintiff's joint liability theories.

    B.    Defendants specially except to the allegation in paragraph VI of the petition that the fire resulted from "a defect" in an XBOX game system because such allegation is vague and conclusory and fails to give Defendants fair notice of the specific defective condition on which Plaintiff's claims are based.

    C.    Defendants specially except to the allegations throughout the petition that fail to distinguish between Defendants Ji-Haw and JBT as they are separate and distinct corporate entities. By referring to these Defendants collectively Plaintiff fails to provide either with fair notice of the specific claims made against each Defendant. Plaintiffs should be required to allege facts supporting the claims being made against each defendant separately.

    D.    Defendants specially except to the allegation in Paragraph XI of the petition that Defendants Ji-Haw and JBT "are guilty of negligence" as such allegation is a vague and general allegation which fails to provide these Defendants fair notice of the acts and ommissions of each of them which Plaintiff is claiming were negligent.

    E.    Defendants specially except to the allegation in Paragraph XI of the petition that Defendants Ji-Haw and JBT "are liable to Plaintiff in strict liability" as such allegation is a vague and general allegation which fails to describe any product designed, manufactured or marketed by either Defendant or a defective condition in any such product.

    F.    Defendants specially except to the allegations in paragraph XII of the petition wherein Plaintiff alleges vague and conclusory gross negligence claims.

2

Plaintiff should be required to replead to specify the factual basis for their gross negligence and malice allegations including some reasonable description of the conduct of each of these Defendants which Plaintiff contends amounts to gross negligence or malice.

## II.

### General Denial

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendants Ji-Haw and JBT generally deny each and every, all and singular, the allegations contained in the Plaintiff's Original Petition and demand strict proof thereof.

## III.

### Denial of Assumed Name

Defendant Ji-Haw denies that it does business under the assumed names, Ji-Haw America, Inc. and JH America, Inc. as alleged in the petition. Defendant JBT denies that it does business under the assumed name, Ji-Haw America, Inc. as alleged in the petition.

## IV.

### Denial of Joint Enterprise

Defendants deny that they are a single business enterprise, joint enterprise, partnership or joint venture.

## V.

### Denial of Alter Ego

Defendants deny that either of them is the alter ego for the other.

3

VI.

## Third Party Causation

If Plaintiffs have been damaged as a result of the use of any product or products, the conduct of persons other than these Defendants, over whom these Defendants exercised no control and/or for whom these Defendants had no right or duty of supervision or control, was a proximate and/or producing cause of such damages.

VII.

## Sole Proximate Cause; Intervening Cause

If Plaintiffs were injured or damaged as alleged in the Petition or as otherwise may be shown, such injuries or damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which these Defendants had no right or duty of supervision or control, and Plaintiffs have suffered no injuries or damages from the conduct of Defendants.

VIII.

## Comparative Negligence

Defendants assert the defense of contributory or comparative negligence and allege that the damages and injuries alleged in Plaintiff's First Amended Original Petition were legally and proximately caused in whole or in part by the negligence, fault, negligence per se, assumption of the risk, product alteration, misuse, or inadequate labeling and other culpable conduct of other persons or parties who failed to exercise the same degree of care and caution, as well as common sense, for their safety, as would have been exercised by persons using ordinary care, caution and common sense in the same or similar circumstances. Defendants therefore are entitled to have the Court and Jury apply the doctrine of comparative negligence established by the Texas

4

Civil Practice and Remedies Code, TEX. CIV. PRAC. & REM. CODE § 33.001, *et seq.*, to reduce any judgment against Defendants by the degree of negligence or fault attributable to any other person or party.

IX.

## Settlement Credit

Defendants are unaware at this time of any settlements by any alleged joint tortfeasors. In the event any settlement is or has been made by any alleged joint tortfeasor, however, Defendants are entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling person, and Defendants make known to the other parties and to the Court that it will avail itself of its rights under Sections 33.012 and 33.015 of the Texas Civil Practice and Remedies Code.

X.

## Exemplary Damages

With respect to Plaintiff's allegations of punitive or exemplary damages, Plaintiff's claims for punitive or exemplary damages cannot be sustained because an award of punitive damages in this case would contravene and violate Section 1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the law; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process. Plaintiff's claims for punitive or exemplary damages are unconstitutional in the following respects:

5

a.      Plaintiff's claims for punitive or exemplary damages cannot be sustained because the standard for determining liability for punitive damages under Texas law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim and therefore violates Defendants' constitutional due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution.

b.      Plaintiff's claims for punitive or exemplary damages cannot be sustained in this case because Texas law does not (i) provide a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (ii) provide limits on punitive damages imposed by the applicable principles of deterrence and punishment, (iii) prohibit an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendants, and (iv) provide for judicial review on the basis of objective standards in violation of Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article I, Section 19 of the Texas Constitution, which guarantees due process, and Article 1, Section 14 of the Texas Constitution, which guarantees against double jeopardy.

6

c.      Plaintiff's claims for punitive or exemplary damages cannot be sustained in this case because any award of punitive damages under Texas law without bifurcating the trial of all punitive damages issues and the failure of the Court to adopt other procedural constitutional safeguards in the submission of evidence relative to determining the size of any punitive damages award would violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of laws; Article I, Section 3 of the Texas Constitution, which guarantees equal protection of the laws; and Article I, Section 19 of the Texas Constitution, which guarantees due process of law.

d.      Plaintiff's claims for punitive or exemplary damages cannot be sustained in this case because imposition of a punitive damages award would violate the due process clauses of the Constitution of the United States and the Texas Constitution because the standard for the imposition of punitive damages lacks objective guidelines, invites the jury to engage in caprice and discrimination in the administration of the law and permits repeated and unlimited punishment for the same alleged misconduct.

e.      Plaintiff's claims for punitive or exemplary damages cannot be sustained because an award of punitive damages under Texas law for the purposes of compensating Plaintiffs for elements of damage not otherwise recognized by Texas law would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of Article 1, Section 19 of the Texas Constitution.

7

f.      Any award of punitive damages based on anything other than Defendants'
conduct in connection with the sale of the specific single tire that is the subject of
this lawsuit would violate the due process clause of the Fourteenth Amendment
to the United States Constitution and the double jeopardy clause of the Fifth
Amendment as incorporated into the Fourteenth Amendment and the due
process clause of Article 1, Section 19 of the Texas Constitution and Article I,
Section 14 of the Texas Constitution providing guaranty against double jeopardy,
because any other judgment for punitive damages in this case cannot protect
Defendants against impermissible multiple punishment for the same alleged
wrong.

g.      Plaintiff's claims for punitive or exemplary damages cannot be sustained
because any judgment for punitive damages in this case would constitute
multiple punishment for the same alleged wrong and cannot protect Defendants
against multiple punishment for the same alleged wrong in future cases in
violation of Defendants' rights to due process and equal protection of the laws
under the Fourteenth Amendment of the United States Constitution and Article I,
Section 3 and 19 of the Texas Constitution.

h.      Alternatively, in the event the Court allows the jury to consider awarding
punitive damages despite the constitutional defects described above, Defendants
assert that the cap on exemplary damages contained in Chapter 41 of the Texas
Civil Practice & Remedies Code applies and limits the amount of exemplary
damages which can be awarded.

8

Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants Ji-Haw Industrial

Co.,Ltd. and JBT International, Inc. pray that Plaintiff take nothing from Defendants and

that Defendants recover all costs incurred herein, together with such other and further

relief to which they may show themselves entitled.


Respectfully submitted,

STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas  78205
Telephone:  (210) 250-6000
Telecopier:  (210) 250-6100

By: _____
      ALEX HUDDLESTON
      State Bar No. 10148400


ATTORNEYS FOR DEFENDANT,
JI-HAW INDUSTRIAL CO., LTD.

9

317526.1/SPSA/16588/0101/052407

## VERIFICATION

THE STATE OF CALIFORNIA §

COUNTY OF LOS ANGELES §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Brian Sprague, and after being duly sworn, stated under oath that he is capable of making this verification, that he has read the above Defendants' Original Answer of Ji-Haw Industrial Co.,Ltd. and JBT International, Inc., and that the facts stated in it are within his personal knowledge and are true and correct.



BRIAN SPRAGUE

SUBSCRIBED AND SWORN TO BEFORE ME on this the 24ᵗʰ day of May, 2007, to certify which witness my hand and seal of office.

GABRIELA R. SERPA
Commission # 1520408
Notary Public - California
Los Angeles County
My Comm. Expires Oct 18, 2008

NOTARY PUBLIC, STATE OF CALIFORNIA

317526.1/SPSA/16588/0101/052407

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded in accordance with the Texas Rules of Civil Procedure to the following counsel on the 25ᵗʰ day of May, 2007.

Douglas A. Allison
Law Offices of Douglas Allison
500 North Water Street
South Tower – Suite 1200
Corpus Christi, TX 78471

William J. Tinning
Law Offices of William J. Tinning, PC
1013 Bluff Dr.
Portland, TX 78374

Jerry Clements
Thomas Yoxall
Jason Marlin
Locke, Liddell & Sapp, LLP
2200 Ross Ave., Ste. 220
Dallas, TX 75201

Darrell Barger
Hartline Dacus
800 N. Shoreline Blvd, Ste. 2000
Corpus Christi, TX 78401

Jennifer Duncan
Hermes Sargent Bates, LLP
901 Main St., Ste. 5200
Dallas, TX 75202

Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, TX 78215

Edie Gonzalez-Lemon
Lemon & Gonzalez-Lemon, LLP
520 E. Second St.
Alice, TX 78332

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Ave., Ste. 4500
Seattle, WA 98154

Scott Doyen
Doyen & Sebesta
1010 Lamar, Ste. 950
Houston, TX 77002

Robert D. Arrendondo
Manning, Gosda & Arredondo, LLP
5847 San Felipe, Ste. 1500
Houston, TX 77057

ALEX HUDDLESTON

11

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KYLA DEANNE LAZO, A MINOR | § | |
| | § | |
| VS. | § | 229th JUDICIAL DISTRICT |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | FILED AT 1⁰² O'CLOCK P̲̲ M |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | MAY 2 9 2007 |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC. AND | § | R. BARTON, CLERK |
| JBT INTERNATIONAL, INC. A/K/A | § | DISTRICT CLERK, DUVAL COUNTY TEXAS |
| JI-HAW AMERICA, INC. AND | § | BY: _____ DEPUTY |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

## SPECIAL APPEARANCE OF DEFENDANT,
## JBT INTERNATIONAL, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, JBT International, Inc. ("JBT"), makes this Special Appearance pursuant to Texas Rule of Civil Procedure 120(a) for the purpose of objecting to the jurisdiction of the Court over the person and property of the defendant, and as grounds for such objection, respectfully shows the Court the following:

I.

Plaintiff is Bonnie Broquet, Individually and as Next Friend and as Legally Appointed Representative of Kyla Deanne Lazo (A Minor). The specially appearing defendant is JBT International, Inc.

II.

Plaintiff sued Defendant JBT and six other defendants to recover damages for personal injuries allegedly sustained by Kyla Deanne Lazo in a fire. Plaintiff has alleged



EXHIBIT
C.15

negligence and products liability causes of action against Defendant JBT and the other
Defendants generally claiming the fire in question originated in an XBOX game system
designed, manufactured and marketed by Defendant Microsoft Corporation and sold by
Defendant Gamestop and Defendant Santos.

III.

This special appearance is made to the entire proceeding and is filed before any
motion to transfer or any other plea, pleading or motion filed by Defendant JBT.

IV.

Defendant JBT is not a resident of the State of Texas.  Defendant JBT is a
foreign corporation organized and existing under the laws of the State of California.
Defendant JBT has its principal place of business in Torrance, California.

V.

Defendant JBT attaches an affidavit to this Special Appearance to establish that
it is not a resident of Texas.  The affidavit is attached as Exhibit "A" and is incorporated
by reference into this motion.

VI.

Texas courts do not have jurisdiction over a nonresident defendant unless the
nonresident defendant purposefully established "minimum contacts" with Texas. *Burger
King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *BMC Software Belg. V.
Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Guardian Royal Exch. Assur., Ltd. v.
English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

VII.

In her petition, Plaintiff alleges that Defendant JBT is a nonresident of Texas, which is correct and is verified by Defendant's affidavit, attached hereto as Exhibit "A". Plaintiff did not plead any facts that, if true, would make Defendant subject to the jurisdiction of a Texas court.

VIII.

When pleading a case against a nonresident, a plaintiff must allege facts that, if true, would make the nonresident defendant subject to in personam jurisdiction of a Texas court. *Paramount Pipe & Sup. Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 (Tex. App.—Corpus Christi, 1999, no pet.). The plaintiff has the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas Long-Arm Statute (Texas Civil Practice & Remedies Code §§ 17.041 – 17.045). *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex. App.—Dallas 1993, writ denied). When a plaintiff fails to plead jurisdictional allegations that a nonresident defendant committed an act in Texas or that the defendant's acts outside of Texas had reasonable foreseeable consequences in Texas, the defendant can meet the burden to negate all potential bases of jurisdiction by presenting evidence that it is a nonresident. *See Siskind v. Villa Found. For Educ., Inc.*, 642 S.W.2d 434, 438 & n.5 2005, no pet.); *Frank A. Smith Sales, Inc. v. Atlantic Aero, Inc.*, 31 S.W.3d 742, 746 (Tex. App.—Corpus Christi 2000, no pet.).

3

IX.

Defendant JBT has met its burden of negating all potential bases of jurisdiction by its affidavit, Exhibit "A", which establishes the fact that it is a nonresident of Texas.

X.

The assumption of jurisdiction by the Court over Defendant JBT and its property would offend traditional notations of fair play and substantial justice depriving the Defendant of due process as guaranteed by the Constitution of the United States.

For these reasons, Defendant JBT International, Inc. requests that the Court set a hearing to resolve this Special Appearance, and that after such hearing, the Court sustain Defendant's Special Appearance, and enter a final judgment dismissing all causes of action asserted against Defendant for want of jurisdiction.

Respectfully submitted,

STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Telecopier: (210) 250-6100

By: _____
ALEX HUDDLESTON
State Bar No. 10148400

ATTORNEYS FOR DEFENDANT,
JBT INTERNATIONAL, INC.

## VERIFICATION

THE STATE OF CALIFORNIA     §

COUNTY OF LOS ANGELES     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Brian Sprague, and after being duly sworn, stated under oath that he is capable of making this verification, that he has read the above Special Appearance of JBT International, Inc., and that the facts stated in it are within his personal knowledge and are true and correct.

_____
BRIAN SPRAGUE

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23ʳᵈ day of MAY_____, 2007, to certify which witness my hand and seal of office.



_____
NOTARY PUBLIC, STATE OF CALIFORNIA

MAX SCHWARTZ
Commission # 1592421
Notary Public - California
Los Angeles County
My Comm. Expires JUN 29, 2009

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded in accordance with the Texas Rules of Civil Procedure to Douglas A. Allison, Law Offices of Douglas Allison, 500 North Water Street, South Twoer – Suite 1200, Corpus Christi, Texas 78471, on the 25th day of May, 2007.

ALEX HUDDLESTON

6

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KYLA DEANNE LAZO, A MINOR | § | |
| | § | |
| VS. | § | 229th JUDICIAL DISTRICT |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC. AND | § | |
| JBT INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

### AFFIDAVIT OF BRIAN SPRAGUE

THE STATE OF CALIFORNIA    §

COUNTY OF LOS ANGELES    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared

Brian Sprague, who, being by me duly sworn on oath deposed and said the following:

1.  My name is Brian Sprague. I am over 18 years of age, of sound mind, and capable of making this affidavit. I am the duly authorized agent for JBT International, Inc. in the above entitled and numbered cause. The facts stated in this affidavit are within my personal knowledge and are true and correct. I have been an employee of JBT International, Inc. for 15 years and work in the company's office in Torrance, California. I work in the accounting department and have reviewed the books and records of the corporation. In the course of my employment, I have become familiar with the corporate organization of JBT International, Inc. and its parent corporation, Ji-Haw Industrial Co., Ltd.

2.  JBT International, Inc. is a corporation which was incorporated under the laws of the State of California. JBT International, Inc. maintains its principal place of business at 3545 Lomita Blvd., Unit B, Torrance, California  90505. JBT International, Inc. also uses the assumed business name of JH America.



EXHIBIT

*A*

3.  JBT International, Inc. is a wholly owned subsidiary of Ji-Haw Industrial Co., Ltd., a corporation which is organized and exists under the laws of the country of Taiwan.  Ji-Haw Industrial Co., Ltd. has its principal place of business in the country of Taiwan.  Ji-Haw Industrial Co., Ltd. does not conduct business in, or maintain an office or place of business in either California or Texas.


_____
BRIAN SPRAGUE


SUBSCRIBED AND SWORN TO BEFORE ME on this the 23鬥 day of

_MAY_____, 2007, to certify which witness my hand and seal of office.



_____
NOTARY PUBLIC,
STATE OF CALIFORNIA


MAX SCHWARTZ
Commission # 1592421
Notary Public - California
Los Angeles County
My Comm. Expires Jun 29, 2009

06/21/07  16:05 FAX                                                      ☑002/017

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KYLA DEANNE LAZO, A MINOR | § | |
| | § | |
| VS. | § | 229th JUDICIAL DISTRICT |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC. AND | § | |
| JBT INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

FILED AT 1<sup>0</sup> O'CLOCK P M

**MAY 2 9 2007**

R. BARTON, CLERK
DISTRICT CLERK, DUVAL COUNTY, TEXAS
BY:_____ DEPUTY

### SPECIAL APPEARANCE OF DEFENDANT, JI-HAW INDUSTRIAL CO., LTD.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Ji-Haw Industrial Co., Ltd. ("Ji-Haw"), makes this Special Appearance pursuant to Texas Rule of Civil Procedure 120(a) for the purpose of objecting to the jurisdiction of the Court over the person and property of the defendant, and as grounds for such objection, respectfully shows the Court the following:

I.

Plaintiff is Bonnie Broquet, Individually and as Next Friend and as Legally Appointed Representative of Kyla Deanne Lazo (A Minor). The specially appearing defendant is Ji-Haw Industrial Co., Ltd.

II.

Plaintiff sued Defendant Ji-Haw and six other defendants to recover damages for personal injuries allegedly sustained by Kyla Deanne Lazo in a fire. Plaintiff has alleged



EXHIBIT
C.16

negligence and products liability causes of action against Defendant Ji-Haw and the other Defendants generally claiming the fire in question originated in an XBOX game system designed, manufactured and marketed by Defendant Microsoft Corporation and sold by Defendants Gamestop and Defendant Santos.

III.

This special appearance is made to the entire proceeding and is filed before any motion to transfer or any other plea, pleading or motion filed by Defendant Ji-Haw.

IV.

Defendant Ji-Haw is not a resident of the State of Texas. Defendant Ji-Haw is a foreign corporation organized and existing under the laws of Taiwan. Defendant Ji-Haw has its principal place of business in Taiwan.

V.

Defendant Ji-Haw attaches an affidavit to this Special Appearance to establish that it is not a resident of Texas. The affidavit is attached as Exhibit "A" and is incorporated by reference into this motion.

VI.

Texas courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant purposefully established "minimum contacts" with Texas. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985); *BMC Software Belg. V. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

2

VII.

In her petition, Plaintiff alleges that Defendant Ji-Haw is a nonresident of Texas, which is correct and is verified by Defendant's affidavit, attached hereto as Exhibit "A". Plaintiff did not plead any facts that, if true, would make Defendant subject to the jurisdiction of a Texas court.

VIII.

When pleading a case against a nonresident, a plaintiff must allege facts that, if true, would make the nonresident defendant subject to in personam jurisdiction of a Texas court. *Paramount Pipe & Sup. Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 (Tex. App.—Corpus Christi, 1999, no pet.). The plaintiff has the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas Long-Arm Statute (Texas Civil Practice & Remedies Code §§ 17.041 - 17.045). *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex. App.—Dallas 1993, writ denied). When a plaintiff fails to plead jurisdictional allegations that a nonresident defendant committed an act in Texas or that the defendant's acts outside of Texas had reasonable foreseeable consequences in Texas, the defendant can meet the burden to negate all potential bases of jurisdiction by presenting evidence that it is a nonresident. *See Siskind v. Villa Found. For Educ., Inc.*, 642 S.W.2d 434, 438 & n.5 2005, no pet.); *Frank A. Smith Sales, Inc. v. Atlantic Aero, Inc.*, 31 S.W.3d 742, 746 (Tex. App.—Corpus Christi 2000, no pet.).

3

IX.

Defendant Ji-Haw has met its burden of negating all potential bases of jurisdiction by its affidavit, Exhibit "A", which establishes the fact that it is a nonresident of Texas.

X.

The assumption of jurisdiction by the Court over Defendant Ji-Haw and its property would offend traditional notations of fair play and substantial justice depriving the Defendant of due process as guaranteed by the Constitution of the United States.

For these reasons, Defendant Ji-Haw Industrial Co., Ltd. requests that the Court set a hearing to resolve this Special Appearance, and that after such hearing, the Court sustain Defendant's Special Appearance, and enter a final judgment dismissing all causes of action asserted against Defendant for want of jurisdiction.

Respectfully submitted,

STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Telecopier: (210) 250-6100

By: _____
ALEX HUDDLESTON
State Bar No. 10148400

ATTORNEYS FOR DEFENDANT,
JI-HAW INDUSTRIAL CO., LTD.

## VERIFICATION

THE STATE OF CALIFORNIA     §

COUNTY OF LOS ANGELES     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Brian Sprague, and after being duly sworn, stated under oath that he is capable of making this verification, that he has read the above Special Appearance of Ji-Haw Industrial Co.,Ltd.; and that the facts stated in it are within his personal knowledge and are true and correct.

BRIAN SPRAGUE

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23rd day of MAY_____, 2007, to certify which witness my hand and seal of office.

NOTARY PUBLIC, STATE OF CALIFORNIA



5

☑007/017

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading has been forwarded in accordance with the Texas Rules of Civil Procedure to Douglas A. Allison, Law Offices of Douglas Allison, 500 North Water Street, South Twoer – Suite 1200, Corpus Christi, Texas 78471, on the _25th_ day of May, 2007.

ALEX HUDDLESTON

6

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KYLA DEANNE LAZO, A MINOR | § | |
| | § | |
| VS. | § | 229th JUDICIAL DISTRICT |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC. AND | § | |
| JBT INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

## AFFIDAVIT OF BRIAN SPRAGUE

THE STATE OF CALIFORNIA    §

COUNTY OF LOS ANGELES    §

BEFORE ME, the undersigned Notary Public, on this day personally appeared

Brian Sprague, who, being by me duly sworn on oath deposed and said the following:

1.   My name is Brian Sprague. I am over 18 years of age, of sound mind, and
     capable of making this affidavit. I am the duly authorized agent for JBT
     International, Inc. in the above entitled and numbered cause. The facts stated in
     this affidavit are within my personal knowledge and are true and correct. I have
     been an employee of JBT International, Inc. for 15 years and work in the
     company's office in Torrance, California. I work in the accounting department
     and have reviewed the books and records of the corporation. In the course of
     my employment, I have become familiar with the corporate organization of JBT
     International, Inc. and its parent corporation, Ji-Haw Industrial Co., Ltd.

2.   JBT International, Inc. is a corporation which was incorporated under the laws of
     the State of California. JBT International, Inc. maintains its principal place of
     business at 3545 Lomita Blvd., Unit B, Torrance, California  90505.  JBT
     International, Inc. also uses the assumed business name of JH America.



EXHIBIT
A

3.  JBT International, Inc. is a wholly owned subsidiary of Ji-Haw Industrial Co., Ltd., a corporation which is organized and exists under the laws of the country of Taiwan.  Ji-Haw Industrial Co., Ltd. has its principal place of business in the country of Taiwan.  Ji-Haw Industrial Co., Ltd. does not conduct business in, or maintain an office or place of business in either California or Texas.

*Brian Sprague*
BRIAN SPRAGUE

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23rd day of MAY _____, 2007, to certify which witness my hand and seal of office.

NOTARY PUBLIC,
STATE OF CALIFORNIA

MAX SCHWARTZ
Commission # 1592421
Notary Public - California
Los Angeles County
My Comm. Expires Jun 29, 2009

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED | § | |
| REPRESENTATIVE OF KAYLA DEANNE | § | |
| LAZO (A MINOR) | § | |
| *Plaintiffs* | § | |
| | § | |
| *and* | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, AND | § | |
| JOSE GOMEZ | § | OF DUVAL COUNTY, TEXAS |
| *Intervenors,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP) LLC, GAMESTOP TEXAS | § | |
| LP, AND ROEL SANTOS, | § | |
| | § | |
| *Defendants.* | § | 229TH JUDICIAL DISTRICT |

## JOSE GOMEZ'S PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW JOSE GOMEZ (hereinafter referred to as "Intervenor") and files this his

Petition in Intervention complaining of Microsoft Corporation (hereinafter referred to as

"Microsoft"), Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP

(collectively referred to as the "Gamestop Defendants"), Roel Santos, and Ji-Haw Industrial Co.,

Ltd. and JBT International, Inc. (collectively referred to herein as the "Ji-Haw Defendants") (all

defendants herein may be collectively referred to as "Defendants"), and in support of this filing

would show to this Honorable Court the following:

EXHIBIT
C.17

## I.
## DISCOVERY CONTROL LEVEL

This case is currently being conducted under Level 3 of Rule 190.1 of the TEXAS RULES OF CIVIL PROCEDURE. Accordingly, this case is to be governed by the provisions set forth in Texas Rule of Civil Procedure 190.4.

## II.
## PARTIES

Intervenor, Jose Gomez, is a resident of Texas, resides in Duval County, Texas and owned the residence damaged by the subject fire.

Plaintiffs are Texas citizens who reside in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record.

Intervenor, Amador Lazo, is a Texas citizen residing in San Diego, Duval County, Texas. A copy of this petition will be forwarded to his attorney of record.

Defendant, Microsoft Corporation, is currently before the Court. A copy of this petition will be forwarded to its attorney of record.

Defendant, Gamestop Corp., is currently before the Court. A copy of this petition will be forwarded to its attorney of record.

Defendant, Gamestop of Texas (GP) LLC, is currently before the Court. A copy of this petition will be forwarded to its attorney of record.

Defendant, Gamestop Texas LP, is currently before the Court. A copy of this petition will be forwarded to its attorney of record.

Defendant, Roel Santos, is currently before the Court. A copy of this petition will be forwarded to his attorney of record.

2

Defendant, Ji-Haw Industrial Co., Ltd. has filed an answer herein subject to a Special Appearance. A copy of this petition will be forwarded to its attorney of record.

Defendant, JBT International, Inc. has filed an answer herein subject to a Special Appearance. A copy of this petition will be forwarded to its attorney of record.

### III.
### VENUE

Venue in Duval County is proper in this case because the incident and injuries all occurred in Duval County.

### IV.
### THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. On April 27, 2007, Plaintiffs amended their Original Petition. Intervenor hereby adopts Plaintiffs' First Amended Petition and incorporates same as if set forth in its entirety herein.

### V.
### FACTS

Intervenor would show that on or about June 11, 2006, a fire started in the home owned by Intervenor and rented to his daughter, Bonnie Broquet. The fire was started as a result of a defect in an XBOX game system (hereinafter referred to as "XBOX') that was originally designed, manufactured and marketed by Defendant Microsoft and the Ji-Haw Defendants and sold by Defendant Gamestop and Defendant Santos. As a result of the Defendants acts and/or omissions and the defect and fire, Plaintiff sustained damages to the residence.

3

## VI.
## DEFENDANT MICROSOFT

Intervenor would show that the XBOX game consol was designed, manufactured, and marketed by Defendant Microsoft. Intervenor would also show that the subject XBOX was defective, and that such defective condition was a producing cause of the fire made the subject of this suit (and the resulting damages to Intervenor). More specifically, the subject XBOX was unreasonably dangerous (as this term is defined in law) at the time that such XBOX left the control of Microsoft. Intervenor would show that the subject XBOX was defective in its design, manufacture, and marketing (as these theories of legal recovery are defined in law). Further, Intervenor would show that safer alternative designs existed at the time of manufacture of this product, and that such safer alternative designs were technologically and economically feasible at the time of manufacture of this product. Nonetheless, Defendant Microsoft made the choice to design, manufacture, and market their marginal and unsafe (and unreasonably dangerous) product. Intervenor relies upon the Texas Civil Practice and Remedies Code, Chapter 82, and the common law of the State of Texas, and §402 Restatement of Torts (Second), in support of these claims and allegations.

Intervenor would further show that Microsoft was negligent in the development, research, design, manufacturing, testing, marketing, inadequate recalling, and/or selling of the subject XBOX, and that such negligence was a proximate cause of the fire made the subject of this suit (and Intervenor's damages). Such negligent acts and/or omissions may include (but shall not be limited to) the following:

1) Failing to use ordinary care in the testing of the power cord and/or XBOX made the subject of this suit;

2) Failing to use ordinary care in the design and/or development of the power cord and/or XBOX made the subject of this suit;

4

3) Failing to use ordinary care in the manufacture of the power cord and/or XBOX made the subject of this suit;

4) Failing to use ordinary care in supervision of the design, testing, development, and/or manufacture of the power cord and/or XBOX made the subject of this suit;

5) Failing to use ordinary care so as to assure the recall of the power cord and/or XBOX made the subject of this suit;

6) Failing to use ordinary care so as to assure proper refurbishing and/or replacing of the power cord and/or XBOX made the subject of this suit;

7) Failing to use ordinary care by the failures to adequately warn and/or warn of the hazards associated with the power cord and/or XBOX made the subject of this suit;

8) Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as maybe revealed in the discovery process.

Intervenor recognizes that legal discovery continues in this matter, and thus further facts will be revealed as more information becomes available. Thus, Intervenor reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

## VII.
## GAMESTOP DEFENDANTS

Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP re-sold the actual XBOX made the subject of this suit. This re-selling of the subject XBOX was a commercial sale of a used or refurbished XBOX. This re-selling of the subject XBOX was a commercial sale of a defective product (as this term is defined in law), and such was a producing cause of the fire made the subject of this suit (and Intervenor's damages). Intervenor would show that the re-sale of the XBOX (the product) by the Gamestop Defendants gives rise to liability of same (all as pleaded herein above, and herein below). Further, Intervenor would show that the acts and/or omissions of the Gamestop Defendants constitutes negligence, and that such negligence was a proximate cause of the fire made the subject of this suit. Such product

5

liability, and such negligent acts and/or omissions, arise from the following (including but not limited to the following):

1) Failing to test the subject XBOX for defects (especially in light of the recalls related to the product made the subject of this suit);

2) Failing to repair, refurbish and/or modify the subject XBOX so as to make safe such XBOX;

3) Failing to provide the purchaser of the subject XBOX with a replacement cord so as to minimize or remove the known risk of fire associated with the subject XBOX;

4) Failing to correct any defects within the XBOX and/or power cord for the subject XBOX;

5) Failing to train employees with respect to the correct procedures to be followed with a used XBOX and/or failing to train employees with respect to the correct procedures to be followed with a refurbished (or partially refurbished) XBOX;

6) Failing to supervise employees with respect to the correct procedures to be followed with a used XBOX and/or failing to supervise employees with respect to the correct procedures to be followed with a refurbished (or partially refurbished) XBOX;

7) Failing to accomplish the recall of the subject XBOX and/or power cord;

8) Failing to use due care and thus appropriately warn of the hazards and/or dangers of the subject XBOX (and subject power cord);

9) Negligent representations with respect to the XBOX and/or power cord made the subject of this suit; and

10) Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as may be revealed in the discovery process.

Intervenor recognizes that legal discovery continues in this matter, and thus further facts will be revealed as more information becomes available. Thus, Intervenor reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

The Gamestop Defendants are companies that sell new game systems, re-sell used game systems, and refurbish game systems (such as the XBOX in this case). The Gamestop Defendants are liable to Intervenor in negligence (as pleaded herein above), and liable to

Intervenor as a non-manufacturing seller since the Gamestop Defendants knew or should have known of the fire defect in the type of XBOX and/or power cord (product) made the subject of this suit at the time it supplied the product. In addition, the Gamestop Defendants resold and repackaged used and/or refurbished XBOX game systems giving the Gamestop Defendants substantial control over the content of warnings or instructions that accompany the product (such as warnings about the fire hazard and instructions on obtaining replacement cords). For all of these reasons stated herein, the Gamestop Defendants are liable to Intervenor in negligence and product liability.

By way of further pleading, Intervenor would show the Gamestop Defendants operate their business as a single business enterprise, and/or alter egos of each other, and in joint enterprise with each other. As such, the negligent acts and/or omissions of one Gamestop entity are imputed to the other Gamestop entities. These various legal entities act as a single business.

## VIII.
## DEFENDANT SANTOS

Defendant Santos is an individual who is employed as a manager for the Gamestop Defendants' Alice store where the subject XBOX was re-sold (eventually ending up in the Intervenor's home where the fire occurred). For his conduct and/or products related thereto, Defendant Santos is liable to Intervenor herein. In this regard, Intervenor would show that Defendant Santos was negligent, and that such negligence was a proximate cause of the occurrence made the subject of this suit (and related injuries). Moreover, Intervenor would show that Defendant Santos was negligent with his making of certain representations relating to the re-selling of the subject XBOX. Some of the negligent conduct was within the course of business for the Gamestop Defendants, and some of the negligent conduct of Defendant Santos was outside the typical course of business for the Gamestop Defendants. Such negligent acts and/or

7

omissions by Defendant Santos include, but are not limited to, those allegations of negligence as set forth herein above.

## IX.
## RESPONDEAT SUPERIOR

In part, Defendant Santos was an employee of the Gamestop Defendants when he committed his negligent acts and/or omissions. In part, the negligence of Defendant Santos was committed while in the course and scope of his employment with the Gamestop Defendants. Such negligence was a proximate cause of Intervenor's damages. As such, the Gamestop Defendants are also vicariously liable to Intervenor under the theory of *respondeat superior*.

## X.
## JI-HAW DEFENDANTS

Plaintiff would further show that the Ji-Haw Defendants are legally responsible for the incident made the basis of this suit. The Ji-Haw Defendants are guilty of negligence, and such negligent acts and/or omissions were a proximate cause of the incident made the basis of this suit (and Intervenor's damages). Further, the Ji-Haw Defendants are liable to Intervenor in strict liability (as such theories of liability are stated herein above, in part), with such conduct a producing cause of the fire made the subject of this suit (and Intervenor's damages).

## XI.
## DAMAGES

Intervenor, Jose Gomez, as a proximate and/or producing result of Defendants' conduct as described herein, sustained damages to the house. The damages to the house consists of the cost to repair the house. Intervenor also sustained loss of rental income as a result of the damage to the house.

8

**XII.**
## FOR THE COURT'S EYES ONLY; NOT TO BE READ TO THE JURY

Intervenor hereby gives notice to the Court and all parties concerned that Allstate Texas

Lloyds Company ("Allstate") is a real party in interest, pursuant to its subrogation rights under

the homeowner policy it issued to Intervenor and that Allstate has brought this lawsuit insofar as

property damages are concerned.

**XIII.**
## JURY DEMAND

Intervenor respectfully requests a trial by jury and tenders the appropriate fee

contemporaneously with the filing of this pleading.

**IXX.**
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that this cause be set for

trial before a jury, that Intervenor recover judgment of and from the Defendants, jointly and

severally, for the actual, compensatory, special, exemplary, and additional damages in such a

manner as the evidence may show and the jury may determine to be proper, together with the

costs of suit, pre-judgment interest, post interest, and such other and further relief to which

Intervenor may, in law or in equity, show himself justly entitled.

[Signature on Next Page]

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By: _____
     Scot G. Doyen
     State Bar No. 00792982
     Randall J. Poelma, Jr.
     State Bar No. 24047823
     1010 Lamar St., Suite 950
     Houston, TX 77002
     713-580-8900 Telephone
     713-580-8910 Facsimile

ATTORNEYS FOR INTERVENOR,
JOSE GOMEZ

## CERTIFICATE OF SERVICE

I hereby certify that, on the _25th_ day of June, 2007, a true and correct copy of the above and foregoing has been served by:

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery;

☐United States first class mail; ☑facsimile transmission on the following counsel:

Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
(361) 888-6002
(361) 888-6651 Facsimile
*Counsel for Plaintiff, Bonnie Broquet*

William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
(361) 643-9200
(361) 643-9600 Facsimile
*Lead Counsel for Intervenor, Amador Lazo*

Darrell Barger
HARTLINE, DACUS, BARGER, DREYER &
KERN, L.L.P.
North Tower
800 North Shoreline Blvd Suite 2000
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 Facsimile
*Counsel for Defendants, Gamestop
Corporation., Gamestop of Texas, (GP),
LLC, Gamestop Texas LP, John Davila
and Roel Santos*

Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600
(206) 389-1708 Facsimile

Mr. Thomas Yoxall
Locke, Liddell & Sapp LLP
2200 Ross Avenue Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 Facsimile

Edie Gonzalez-Lemon
Lemon & Gonzalez-Lemon, LLP
520 E. Second St.
Alice, Texas 78332
(361) 664-0011
(361) 664-0013 Facsimile
*Counsel for Defendant, Microsoft
Corporation*

Alex Huddleston
Strasburger & Price, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205
(210) 250-6000
(210) 250-6100 Facsimile
*Counsel for Defendants, Ji-Haw Industrial
Co., Ltd. and JBT International, Inc.*

Scot G. Doyen / Randall J. Poelma, Jr.

11