Broquet et al v. Microsoft Corporation et al                                    Doc. 1 Att. 5

Case 2:08-cv-00094    Document 1-6    Filed 03/26/2008    Page 1 of 54
SENT BY: 229TH DISTRICT COURT;           13612798152;        JUL-3-   11:53AM;           PAGE 4/10

CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AS NEXT FRIEND, AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO, (A MINOR) | § § § § § § IN THE DISTRICT COURT |

BONNIE BROQUET, INDIVIDUALLY, AS
NEXT FRIEND, AND AS LEGALLY
APPOINTED REPRESENTATIVE OF
KAYLA DEANNE LAZO, (A MINOR)          §     IN THE DISTRICT COURT
                                      §
          Plaintiffs,                 §
                                      §
VS.                                   §
                                      §
                                      §     229TH JUDICIAL DISTRICT OF
AMADOR LAZO, INDIVIDUALLY,            §
                                      §     FILED AT 11:55 O'CLOCK A M
          Intervenor                  §
                                      §
MICROSOFT CORPORATION,                §         JUL 0 3 2007
GAMESTOP CORP., GAMESTOP OF           §
TEXAS (GP), LLC, GAMESTOP TEXAS       §       R. BARTON, CLERK
LP, AND ROEL SANTOS,                  §     DISTRICT CLERK, DUVAL COUNTY TEXAS
                                      §     BY: _____ DEPUTY
          Defendants.                 §     DUVAL COUNTY, TEXAS

## ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S MOTION TO COMPEL RESPONSES TO THE DEPOSITION ON WRITTEN QUESTIONS OF LA HACIENDA PHARMACY

ON THE 21ST DAY OF JUNE, 2006 came on to be heard Defendant Microsoft

Corporation's Motion to Compel Responses to the Deposition on Written Questions of La

Hacienda Pharmacy, and after considering the Parties submissions, including Plaintiffs

Motion to Quash the Subpoena, and oral argument, the Court is of the opinion that the

Motion should be GRANTED;

IT IS THEREFORE ORDERED that La Hacienda Pharmacy produce all records

in its possession responsive to the Deposition on Written Questions attached hereto as

Exhibit "A."

Signed this the __3__ day of June 2007.

EXHIBIT
C.18

_____
JUDGE PRESIDING

Case 2:08-cv-00094    Document 1-6    Filed 03/26/2008    Page 2 of 54

SENT BY: 229TH DISTRICT COURT;                 13612798152;          JUL-3-    11:53AM;          PAGE 5/10
      Apr.27, 2007 10:50AM    RECORDS SERVICE                        NO. 3393    P. 4/7

No. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIV., AS NEXT FRIEND, | § | IN THE DISTRICT COURT OF |
| AND AS LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO, A MINOR | § | |
| VS. | § | DUVAL COUNTY, TEXAS |
| MICROSOFT CORPORATION, ET AL. | § | |
| | § | |
| | § | 229TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record, Douglas A. Allison
And to other party(s) by and through their attorney(s) of record, Darrell L. Barger, Scot Doyen, Douglas Fleming, Edie
Gonzalez-Lemon, Eduardo R. Rodriguez, Jaime A. Saenz and William J. Tinning

Please take notice that after twenty (20) days from the service of a copy hereof, including the attached questions, a deposition by
written questions will be taken of the custodian of records for:

La Hacienda Pharmacy (Pharmacy Records)
      213 South Drive E. E. Dunlap St.  San Diego, TX 78384

before a Notary Public for    Kenis Records Service, Inc.
                              1010 Lamar, 3rd Floor, Houston, TX 77002
                              Ph: (713) 224-6865 / Fax: (713) 224-6880

or its designated agent at the address and office of the witness. The deposition, including attached questions, answers and
documents or things produced by the witness, may be used in evidence upon the trial of the above-styled and numbered cause
pending in the above named court. Notice is further given that request is hereby made as authorized by the Texas Rules of Civil
Procedure to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce
and to permit the inspection and copying of any and all documents and things as designated in the attached questions [and/or
Exhibit(s)] pertaining to: Bonnie Broquet.

Respectfully Submitted,

Jason R. Marlin / WP- MRM

Jason R. Marlin
Locke, Liddell & Sapp, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Ph: (214) 740-8000 / Fax (214) 740-8800
Attorney for Defendant
State Bar No. 24050989

---

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties or their attorneys of record in
compliance with Rule 21(a), TRCP, by ( ) hand delivery, ( X ) telephonic document transfer, ( ) certified mail, return receipt requested,
on this day.

Date:  04/26/07

Order No. 01-61034-001


EXHIBIT
"A"

## SUBPOENA DUCES TECUM

### THE STATE OF TEXAS



To any Sheriff or Constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in Rule 176, Texas Rules of Civil Procedure.

GREETINGS: You are hereby commanded to subpoena and summon the following witness(es):
Custodian of Records for:
     La Hacienda Pharmacy
     213 South Drive E. E. Dunlap St., San Diego, TX 78384
to be and appear before a Notary Public of my designation for Keals Records Service, Inc., 1010 Lamar, 3rd Floor, Houston, TX 77002 or its designated agent, at the office of said custodian after twenty (20) days from the date of service hereof and to bring, produce and make available for inspection and copying the specified records:

ANY AND ALL PHARMACY RECORDS FROM DATE OF BIRTH TO THE PRESENT, including but not limited to any type of documentation regarding any prescriptions that were actually filled and any prescriptions that were attempted to be filled on behalf of Bonnie Broquet; any type of doctor's notes; any type of forms and/or reports; any type of correspondence and every such record, including those existing in electronic or magnetic form, in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**Bonnie Broquet**

at any and all times whatsoever, then and there to give evidence and there remain from day to day and time to time until discharged according to law at the instance of the Defendant, Microsoft Corporation, represented by Jason R. Marlin, Attorney of Record, in that certain Cause No. DC-06-218, styled

     BONNIE BROQUET, INDIV., AS NEXT FRIEND,
     AND AS LEGALLY APPOINTED REPRESENTATIVE
     OF KAYLA DEANNE LAZO, A MINOR
     vs.
     MICROSOFT CORPORATION, ET AL.

pending on the docket of the District Court of the 229TH Judicial District of DUVAL County, Texas. This subpoena is issued under and by virtue of authority of a notice duly served and filed with the above named court and is returnable forthwith in accordance with the Officer's Return set forth below. Rule 176.8(a), Texas Rules of Civil Procedure, provides failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

WITNESS MY HAND, and the issuance hereof, this _26th_ day of _April_, 20 _07_.



MICHAEL R. MILLER
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 27, 2008

_____
NOTARY PUBLIC

### OFFICER'S RETURN

Came to hand this ____ day of _____, 20 ____, and executed this the ____ day of _____, 20 ____, at _____ a.m./p.m., in the following manner: By delivering to the witness _____, a true copy hereof and tendered to the witness a fee of $1.00.

_____
DATE

_____
PROCESS SERVER

Order No. 01-61034-001

No. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIV., AS NEXT FRIEND, | § | IN THE DISTRICT COURT OF |
| AND AS LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO, A MINOR | § | |
| vs. | § | DUVAL COUNTY, TEXAS |
| MICROSOFT CORPORATION, ET AL. | § | |
| | § | |
| | § | 229TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: La Hacienda Pharmacy

Records Pertaining To: Bonnie Broquet

Type of Records: **ANY AND ALL PHARMACY RECORDS FROM DATE OF BIRTH TO THE PRESENT, including but not limited to any type of documentation regarding any prescriptions that were actually filled and any prescriptions that were attempted to be filled on behalf of Bonnie Broquet; any type of doctor's notes; any type of forms and/or reports; any type of correspondence; and every such record, including those existing in electronic or magnetic form, in the possession, custody or control of the said witness, and every such record to which the witness may have access.**

1. Please state your full name and business address.

   Answer: _____

2. What is your business telephone number?

   Answer: _____

3. Are you the custodian of records kept by La Hacienda Pharmacy ?

   Answer: _____

4. For what period of time does your facility keep or retain records of this type?

   Answer: _____

5. Have you been served with a subpoena (attached to these questions) for the production of records pertaining to Bonnie Broquet?

   Answer: _____

Order No.   01-61034-001

6.  Have records in any form been made or caused to be made by La Hacienda Pharmacy pertaining to Bonnie Broquet?

    Answer: _____

7.  Were these records made and kept in the regular course of business of your employer?

    Answer: _____

8.  Is it the regular course of business of your employer for persons with personal knowledge of the acts, events, conditions, opinions and/or diagnoses recorded in these records, to make entries to be included in these records or to transmit information thereof to be included in these records?

    Answer: _____

9.  Did the persons who made the entries contained in these records either have personal knowledge of the acts, events, conditions, opinions and/or diagnoses, or obtain the information to make the entries from the person or persons having such personal knowledge?

    Answer: _____

10. Were the entries contained in these records made at, or shortly after, the time of the acts, events, conditions, opinions and/or diagnoses described in these records?

    Answer: _____

11. Were the sources of information and methods and circumstances of preparation of the records in all respects trustworthy?

    Answer: _____

12. Have you given an exact duplicate of the records pertaining to Bonnie Broquet, as designated above, to the notary public taking your deposition? These records will be attached to this deposition. If no, why not?

    Answer: _____


                                    _____
                                    WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                    _____
                                    NOTARY PUBLIC
                                    My Commission Expires: _____


Order No.      01-61034-001

No. DC-06-218

| BONNIE BROQUET, INDIV., AS NEXT FRIEND, | § | IN THE DISTRICT COURT OF |
| AND AS LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO, A MINOR | § | DUVAL COUNTY, TEXAS |
| VS. | § | |
| MICROSOFT CORPORATION, ET AL. | § | 229TH JUDICIAL DISTRICT |

## WAIVER OF NOTICE

Jason R. Marlin, attorney for the Defendant, has commissioned Keais Records Service, Inc. to obtain records on **BONNIE BROQUET** from the following custodian(s) for use in the above styled case.

_____    **La Hacienda Pharmacy (Pharmacy Records)**

_____    I DESIRE A COPY OF THESE RECORDS –To be delivered to the attention of: _____

_____    I DO NOT DESIRE A COPY OF THESE RECORDS.

I agree that I and/or my firm will be responsible for payment of the copies of records ordered on this waiver. I acknowledge that invoices are due and payable upon receipt and that actions for collection of services are performable and payable in Harris County, Texas. I have received copy of the notice of intention to take the deposition(s) of the custodian(s) and

_____    I WAIVE THE NOTICE PERIOD AS PROVIDED FOR IN TRCP 200.

_____    I DO NOT WAIVE THE NOTICE PERIOD.

Date: _____

_____
Signed

**Eduardo R. Rodriguez**
**Rodriguez, Colvin, Chaney & Saenz, L.L.P.**
**1201 East Van Buren**
**Brownsville, TX 78522  (956) 542-7441  Fax (956) 541-2170**
**Attorney for Defendant**
**SBA # 17144000**

Please Return To:
    Keais Records Service, Inc.
    www.keais.com
    800-467-9181  Tel
    800-467-0822  Fax

NOTE: RETURN OF THIS FORM IS REQUIRED WITHIN TWENTY (20) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.

Order No. 01-61034-001

No. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIV., AS NEXT FRIEND, | § | IN THE DISTRICT COURT OF |
| AND AS LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO, A MINOR | § | DUVAL COUNTY, TEXAS |
| VS. | § | |
| MICROSOFT CORPORATION, ET AL. | § | 229TH JUDICIAL DISTRICT |

## WAIVER OF NOTICE

Jason R. Marlin, attorney for the Defendant, has commissioned Keais Records Service, Inc. to obtain records on BONNIE BROQUET from the following custodian(s) for use in the above styled case.

_____    La Hacienda Pharmacy (Pharmacy Records)

_____    I DESIRE A COPY OF THESE RECORDS –To be delivered to the attention of: _____

_____    I DO NOT DESIRE A COPY OF THESE RECORDS.

I agree that I and/or my firm will be responsible for payment of the copies of records ordered on this waiver. I acknowledge that invoices are due and payable upon receipt and that actions for collection of services are performable and payable in Harris County, Texas. I have received copy of the notice of intention to take the deposition(s) of the custodian(s) and

_____    I WAIVE THE NOTICE PERIOD AS PROVIDED FOR IN TRCP 200.

_____    I DO NOT WAIVE THE NOTICE PERIOD.

Date: _____

Signed _____

Jaime A. Saenz
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
Brownsville, TX 78522  (956) 542-7441  Fax (956) 541-2170
Attorney for Defendant
SBA # 17514859

Please Return To:
    Keais Records Service, Inc.
    www.keais.com
    800-467-9181  Tel
    800-467-0822  Fax

NOTE: RETURN OF THIS FORM IS REQUIRED WITHIN TWENTY (20) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.

Order No. 01-61034-001

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § § § § § § | IN THE DISTRICT COURT |

§
**Plaintiff,** §
§
**AND** §
§
AMADOR LAZO, INDIVIDUALLY, AND §
JOSE GOMEZ §
§
**Intervenors,** §     229th JUDICIAL DISTRICT
§
VS. §
§
MICROSOFT CORPORATION, §
GAMESTOP CORP., GAMESTOP OF §
TEXAS (GP), LLC, GAMESTOP TEXAS §
LP, ROEL SANTOS, JI-HAW §
INDUSTRIAL CO., LTD. A/K/A JI-HAW §
AMERICA, INC. AND JH AMERICA, §
INC., AND JBT INTERNATIONAL, INC. §
A/K/A JI-HAW AMERICA, INC. AND JH §
AMERICA, INC., §
§
**Defendants.** §     DUVAL COUNTY, TEXAS

FILED AT 2:20 O'CLOCK P. M

**JUL 1 0 2007**

R. BARTON CLERK
DISTRICT CLERK, DUVAL COUNTY, TEXAS
BY: _____ DEPUTY.

---

### DEFENDANT MICROSOFT'S MOTION TO DESIGNATE CO-DEFENDANTS GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., INTERVENOR JOSE GOMEZ AND PLAINTIFF BONNIE BROQUET AS RESPONSIBLE THIRD PARTIES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICROSOFT CORPORATION, a Defendant in this case, and makes and

files this Motion to Designate Co-Defendants GameStop Corp., GameStop of Texas (GP), LLC,

EXHIBIT
C.19

GameStop Texas LP, Roel Santos, Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc., Intervenor Jose Gomez and Plaintiff Bonnie Broquet as Responsible Third Parties under Chapter 33 of the Texas Civil Practice and Remedies Code. Microsoft requests a hearing on _____, 2007, at 4:30 p.m. in Duval County and shows the Court as follows:

## I.
## STATEMENT OF FACTS

This case arises out of a house fire on June 11, 2006, that severely burned Kayla Lazo. (Pl.'s First Am. Original Pet. at 6.) Plaintiff Bonnie Broquet (Kayla's mother), Intervenor Amador Lazo (Kayla's father), and Intervenor Jose Gomez (Kayla's grandfather) allege that the fire was caused by an Xbox game system. (Id.) More specifically, Plaintiff claims that "[t]he house fire was caused by a failure (a defect) in the power cord (the 'subject power cord') attached to the family's Microsoft Xbox (the 'subject Xbox')." (Gonzalez-Lemon Aff. Ex. A, 4/24/07 Ltr. from D. Allison to Judge Gabert at 2.)

In the First Amended Original Petition, "Plaintiff Bonnie Broquet, as next friend and as the court appointed representative for Kayla Deanne Lazo (a minor), seeks all reasonable and just compensation for Kayla's injuries and legal harm. Such legal damages include but are not limited to, the legal injuries of pain and suffering, mental anguish, loss of physical capacity, disfigurement, loss of wages and or wage earning capacity, and reasonable and necessary medical expenses." (Pl.'s First Am. Original Pet. at 14.)

Plaintiff sued Microsoft as the original manufacturer of the subject Xbox game system. Plaintiff sued GameStop Corp., GameStop of Texas (GP), LLC, GameStop Texas LP and Roel Santos (collectively, the "GameStop Defendants") as the parties that refurbished the subject Xbox game system and sold the subject Xbox game system to the girlfriend of Frank Martinez,

the father of Kayla Lazo's brother. Plaintiff also sued Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw labeled America, Inc. and JH America, Inc. (collectively, the "Ji-Haw Defendants") based on an apparent theory that a Ji-Haw entity manufactured the subject power cord.

Microsoft disputes Plaintiff's and Intervenors' allegations that the fire was caused by the subject Xbox game system, any component of the Xbox game system or the subject power cord. Nonetheless, to the extent that Plaintiff and Intervenors allege that the fire was caused by the subject Xbox game system, Microsoft contends that the GameStop Defendants are responsible for the alleged damages suffered by Plaintiff and/or Intervenors, because upon information and belief the GameStop Defendants, among other things: (i) improperly and/or negligently refurbished the subject Xbox game system; (ii) failed or inadequately inspected the subject power cord for defects; (iii) failed or inadequately trained employees regarding Microsoft's voluntary Xbox Power Cord Replacement Program; (iv) failed to distribute the subject Xbox game system with a replacement power cord; and (v) distributed the subject Xbox game system without the warnings provided on the original packaging and in the manual that Microsoft distributes with Xbox game consoles.

Again, Microsoft disputes Plaintiff's and Intervenors' allegations that the fire was caused by the subject Xbox game system, any component of the Xbox game system or the subject power cord. Nonetheless, to the extent that Plaintiff and Intervenor allege that the fire was caused by the subject power cord and that the Ji-Haw Defendants manufactured the subject power cord, Microsoft contends that the Ji-Haw Defendants are responsible for the alleged damages suffered by Plaintiff and/or Intervenors.

Intervenor Jose Gomez owns the house where the fire occurred and rented it to Bonnie Broquet. The house had known electrical issues that Intervenor Jose Gomez and Plaintiff Bonnie Broquet failed to repair, and upon information and belief such electrical issues caused the fire that burned Kayla Lazo. Accordingly, Microsoft contends that Intervenor Jose Gomez and Plaintiff Bonnie Broquet are responsible for the alleged damages suffered by Plaintiff and/or Intervenors.

In addition, on June 6, 2007, the Department of Family and Protective Services ("DFPS") filed an Original Petition in Nueces County, Cause No. 07-61311-5, to terminate the parent-child relationship between Plaintiff Bonnie Broquet and Kayla Lazo, and to terminate the parent-child relationship between Intervenor Amador Lazo and Kayla Lazo. (Gonzalez-Lemon Aff. Ex. B.) The same day, a Writ of Attachment was issued that permitted DFPS to remove Kayla Lazo (and her brother, Bryan Lazo) from Bonnie Broquet's home. (Gonzalez-Lemon Aff. Ex. C.)

The basis for removing Kayla Lazo and her brother from Bonnie Broquet's home is medical neglect, the details of which are set forth in an affidavit filed by Sidney R. Lyle, a Special Investigator for DFPS in Nueces County. (Gonzalez-Lemon Aff. Ex. D at 2.) As summarized in Mr. Lyle's affidavit, the medical staff at Driscoll Children's Hospital identified several serious problems with Bonnie Broquet's care of Kayla Lazo that centered on Kayla Lazo missing appointments -- including more than 25 appointments for occupational and physical therapy since January 1, 2007 -- and prescription drug abuse by Bonnie Broquet. (*Id.* at 4-9.)

With respect to the prescription abuse, Dr. Nancy Harper of Driscoll Children's Hospital reported that Kayla Lazo's primary care physicians were concerned that Bonnie Broquet had exaggerated Kayla's symptoms to obtain narcotics and that Bonnie Broquet had forged prescriptions to obtain narcotics. (Gonzalez-Lemon Aff. Ex. D at 5.) Dr. Harper also identified

prescription forms on which the drug prescribed for Kayla Lazo had been crossed out and changed to Lortab, a narcotic that contains hydrocodone. (*Id.* at 5.) Although Bonnie Broquet claimed that she had prescriptions filled as written by Kayla Lazo's physicians, she tested positive for hydrocodone on May 26, 2007. (*Id.* at 6-7.)

Mr. Lyle attached Dr. Harper's Child Abuse Evaluation Report to his affidavit. (*See* Gonzalez-Lemon Aff. Ex. D.) In that Report, Dr. Harper noted a previous report to DFPS that rehabilitation staff was concerned that Bonnie Broquet was not seeking appropriate medical care for Kayla Lazo and had not filled Kayla Lazo's prescriptions for antibiotics. (*Id.*, Child Abuse Evaluation at 3.) Based on the DFPS report and Kayla Lazo's medical records, Bonnie Broquet is responsible for exacerbating and failing to mitigate Kayla Lazo's injuries.

For the foregoing reasons, Defendant Microsoft invokes Chapter 33 of the Texas Civil Practice and Remedies Code and moves to designate each GameStop Defendant, each Ji-Haw Defendant, Intervenor Jose Gomez and Plaintiff Bonnie Broquet as a potential Responsible Third Party under Texas Civil Practice and Remedies Code section 33.004, subject to their current status as parties, whose potential responsibility must be submitted to the jury in the initial liability questions.

## II.
## APPLICABLE LAW

Chapter 33 of the Texas Civil Practice and Remedies Code requires the trier of fact, as to each cause of action, to determine the percentage of responsibility for each claimant, each defendant, each settling person and each *responsible third party* designated under section 33.004. *See* TEX. CIV. PRAC. & REM. CODE § 33.003. Section 33.004 sets forth the procedures for designating a responsible third party whose potential fault must be submitted to the jury in the initial liability questions and provides that any motion to designate a responsible third party

"must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE § 33.004(a).

"Prior to the 2003 amendments, the definition of a responsible third party was restricted to those persons 'to whom all of the following apply: (1) the court in which the action was filed could exercise jurisdiction over the person; (2) the person could have been, but was not, sued by the claimant; and (3) the person is or may be liable to the plaintiff for all or part of the damages claimed against the named defendant or defendants.'" *In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston 2005) (quoting Act of May 8, 1995, 74th Leg., ch. 136, § 1, 1995 Tex. Gen. Laws 971, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.05, 2003 Tex. Gen. Laws 847, 857).

The 2003 amendments apply in this case. *See Unitec*, 178 S.W.3d at 58 n.5 ("The amended version, which broadens the definition of a responsible third party, applies to actions filed after July 1, 2003."). Under the amended version, the definition of a "responsible third party" no longer specifies that the person be someone over which the Court has jurisdiction and no longer specifies that the person be someone from whom the claimant is not seeking a recovery:

> (6)    "Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

TEX. CIV. PRAC. & REM. CODE § 33.011(6). Accordingly, nothing in the current statute prohibits a defendant in this case from being designated as a "responsible third party."

On May 29, 2007, the Ji-Haw Defendants moved to dismiss Plaintiff's First Amended Original Petition, contending that the Court lacks personal jurisdiction over the Ji-Haw

0T  ЭЭА9                            ОИЭ1ZƎ⅂AZИ0Ǝ 8 ИOWƎ⅂                            ET0089952TS    9Þ:22  ⅃002/0T/Z0

Defendants. In addition, Plaintiff and/or Intervenors could non-suit all of their claims or their claims against any GameStop Defendant and/or any Ji-Haw Defendant without leaving time to meet the 60-day deadline for filing a motion to designate any dismissed defendant as a Responsible Third Party. *See, e.g., Unitec*, 178 S.W.3d at 59 (holding that trial court did not abuse its discretion by denying motion to designate a dismissed defendant as responsible third party even though the plaintiffs non-suited their claims against the dismissed defendant less than 60 days before trial). Based on the DFPS report and Kayla Lazo's medical records, Bonnie Broquet could also lose her status as next friend and as the court appointed representative for Kayla Lazo. Accordingly, Microsoft files this Motion now in an abundance of caution, in the event that any GameStop Defendant and/or any Ji-Haw Defendant is dismissed, for whatever reason, and/or any GameStop Defendant, any Ji-Haw Defendant, Intervenor Jose Gomez, and/or Plaintiff Bonnie Broquet becomes a non-party, for whatever reason, without leaving time to meet the 60-day deadline for filing a motion to designate a responsible third party.

Defendant Microsoft respectfully submits that it has met all the requirements for proper designation of each GameStop Defendant, each Ji-Haw Defendant, Intervenor Jose Gomez and Plaintiff Bonnie Broquet as a responsible third party in this case without for any need for actual joinder of service no those parties. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(h). In this regard, Microsoft specifically alleges that each GameStop Defendant, each Ji-Haw Defendant, Intervenor Jose Gomez and Plaintiff Bonnie Broquet should be named as a potentially "responsible third party" as that term is used in Texas Civil Practice and Remedies Code section 33.004, subject only to the submission of their percentage of responsibility in any event as parties herein. Microsoft specifically asks that the trier of fact be asked to determine the percentage of causation attributable as between all claimants, defendants, settling parties and potentially

responsible third parties in this case, including but not limited to all of Microsoft's current co-Defendants, Intervenor Jose Gomez and Plaintiff Bonnie Broquet, whatever their status as a claimant, defendant, settling party or responsible third party at the time of trial, and that any damages awarded to Plaintiff and/or Intervenor be apportioned between those parties as determined by Texas Civil Practice and Remedies Code § 33.001 *et seq.*

WHEREFORE, MICROSOFT CORPORATION, a Defendant in this case, asks the Court to grant this Motion to Designate Defendants GameStop Corp., GameStop of Texas (GP), LLC, GameStop Texas LP, Roel Santos, Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc., Intervenor Jose Gomez and Plaintiff Bonnie Broquet as Responsible Third Parties under Chapter 33 of the Texas Civil Practice and Remedies Code, and to grant Microsoft such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
**LEMON & GONZALEZ-LEMON, LLP**
520 E. Second St.
Alice, Texas 78332

Telephone: (361) 664-0011
Facsimile: (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
**LOCKE LIDDELL & SAPP LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Douglas Fleming
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this _____ day of July, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

**Douglas A. Allison (via facsimile and certified mail, return receipt requested)**
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
**Counsel for Plaintiff Bonnie Broquet**

**Darrell Barger  (via facsimile)**
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
**Counsel for GameStop Corp., GameStop of Texas  (GP) LLC,**
**GameStop Texas LP and Roel Santos**

**William J. Tinning (via facsimile)**
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
**Counsel for Plaintiff Amador Lazo**

**Scot Doyen (via facsimile)**
Doyen Sebesta
1010 Lamar St., Suite 950
Houston, Texas 77002
**Counsel for Intervenor Jose Gomez**

**J. Alex Huddleston (via facsimile)**
Strasburger & Price, LLP
300 Convent Street, Suite 900
San Antonio TX 78205-3715
**Counsel for Ji-Haw Industrial Co., Ltd., a/k/a Ji-Haw America,**
**Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw**
**America, Inc. and JH America, Inc.**

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND § | IN THE DISTRICT COURT OF | |
| AS NEXT FRIEND AND AS LEGALLY § | | |
| APPOINTED REPRESENTATIVE OF § | | |
| KAYLA DEANNE LAZO (A MINOR) § | | |
|     Plaintiff, § | | |
| § | | |
| and § | | |
| § | | |
| AMADOR LAZO, INDIVIDUALLY, AND § | | |
| JOSE GOMEZ § | DUVAL COUNTY, TEXAS | |
|     Intervenor, § | | |
| § | | |
| vs. § | | |
| § | | |
| MICROSOFT CORPORATION, GAMESTOP § | | |
| CORP., GAMESTOP OF TEXAS (GP), LLC, § | | |
| GAMESTOP TEXAS LP, AND ROEL § | | |
| SANTOS, et al. § | | |
|     Defendants. § | 229TH JUDICIAL DISTRICT | |

## DEFENDANTS GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC AND GAMESTOP TEXAS LP'S ORIGINAL ANSWER TO INTERVENOR JOSE GOMEZ'S PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC AND GAMESTOP TEXAS LP, Defendants in the above-styled and numbered cause, and file this their Original Answer to Intervenor Jose Gomez's Petition in Intervention on file herein, and would respectfully show the Court as follows:

### I.

Defendants generally deny the allegations contained in Intervenor's Petition in Intervention and, upon this denial, demand a trial of the issues.



WHEREFORE, PREMISES CONSIDERED, Defendants pray that Intervenor take nothing against it by reason of his suit, but that Defendants have judgment, for costs of suit and for general relief.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &**
**KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS**
**GAMESTOP, CORP., GAMESTOP OF TEXAS**
**(GP) LLC, GAMESTOP TEXAS LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this 13th day of July, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471
*Counsel for Plaintiff*

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215
*Counsel for Plaintiff*

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
*Counsel for Defendant Microsoft Corporation*

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Counsel for Defendant Microsoft Corporation*

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
*Counsel for Defendant Microsoft Corporation*

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
*Counsel for Intervenor Amador Lazo*

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas 77002
*Counsel for Jose Gomez*

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
*Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.*

David W. Green

CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROQUET, *et al.* § | IN THE DISTRICT COURT |
| §  | |
| Plaintiffs, § | FILED AT 10⁵⁰ O'CLOCK A. M. |
| § | |
| AND § | |
| § | JUL 1 6 2007 |
| AMADOR LAZO, INDIVIDUALLY, and § | |
| JOSE GOMEZ § | R. BARKEL GLICK |
| § | DISTRICT CLERK, DUVAL COUNTY, TEXAS |
| Intervenors § | BY: _____ DEPUTY |
| § | |
| VS. § | 229TH JUDICIAL DISTRICT OF |
| § | |
| MICROSOFT CORPORATION, *et al.* § | |
| § | |
| Defendants. § | DUVAL COUNTY, TEXAS |

## DEFENDANT MICROSOFT CORPORATION'S ORIGINAL ANSWER TO INTERVENOR'S JOSE GOMEZ'S PETITION IN INTERVENTION

Defendant Microsoft Corporation ("Microsoft") files this Original Answer to Intervenor

Jose Gomez's Petition in Intervention and shows the Court as follows:

### I.
### GENERAL DENIAL

Microsoft files its Original Answer to Intervenor's Petition in Intervention and, pursuant

to Rule 92 of the Texas Rules of Civil Procedure, generally denies each and every, all and

singular, the allegations set forth in Intervenor Jose Gomez's Petition and demands strict proof

thereof.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Microsoft respectfully prays that Intervenor

Jose Gomez take nothing by this suit and that Microsoft be granted all relief, general and special,

to which Microsoft may show itself justly entitled.

MICROSOFT'S ORIGINAL ANSWER TO JOSE GOMEZ'S PETITION IN INTERVENTION    PAGE    1

EXHIBIT
C.21

Respectfully submitted,

Eduardo Roberto Rodríguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
**RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.**
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
**LEMON & GONZALEZ-LEMON, LLP**
520 E. Second St.
Alice, Texas 78332
Telephone: (361) 664-0011
Facsimile: (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
**LOCKE LIDDELL & SAPP LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Telecopy)

Douglas Fleming
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
**ATTORNEYS FOR DEFENDANT MICROSOFT CORPORATION**

MICROSOFT'S ORIGINAL ANSWER TO JOSE GOMEZ'S PETITION IN INTERVENTION    PAGE    2

## CERTIFICATE OF SERVICE

I certify that on this ___ day of July, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

**Douglas A. Allison (via facsimile)**
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
**Counsel for Plaintiff Bonnie Broquet**

**Darrell Barger (via facsimile)**
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
**Counsel for Gamestop Corp., Gamestop of Texas**
**(GP) LLC, Gamestop Texas LP, John Davila, and Roel Santos**

**William J. Tinning (via facsimile)**
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
**Counsel For Plaintiff Amador Lazo**

**Scot Doyen (via facsimile)**
Doyen Sebesta
1010 Lamar St., Suite 950
Houston, Texas 77002
**Counsel for Jose Gomez**

**Douglas Fleming (via facsimile)**
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

**MICROSOFT'S ORIGINAL ANSWER TO JOSE GOMEZ'S PETITION IN INTERVENTION   PAGE   3**

DALLAS: 562314.00049: 1574316v1

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND | § | IN THE DISTRICT COURT OF |
| AS NEXT FRIEND AND AS LEGALLY | § | |
| APPOINTED REPRESENTATIVE OF | § | |
| KAYLA DEANNE LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, | § | |
| | § | DUVAL COUNTY, TEXAS |
| Intervenor, | § | |
| | § | |
| vs. | § | |
| | § | |
| MICROSOFT CORPORATION, GAMESTOP | § | |
| CORP., GAMESTOP OF TEXAS (GP), LLC, | § | |
| GAMESTOP TEXAS LP, AND ROEL | § | |
| SANTOS | § | |
| | § | |
| Defendant. | § | 229TH JUDICIAL DISTRICT |

## DEFENDANTS GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS' FIRST AMENDED ORIGINAL ANSWER AND CROSS-ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS, Defendants,  in the above-styled and numbered cause, and file this their First Amended Original Answer and Cross-Claim to the claims of all Plaintiffs and Intervenors' Petitions in Intervention on file herein, and would respectfully show the Court as follows:

## I.

Defendants generally deny the allegations contained in Plaintiff's and Intervenors' Original Petitions and, upon this denial, demand a trial of the issues.



EXHIBIT
C.22

## II.

### Cross-Action

Pleading further, and not waiving any defenses herein, and further, denying any liability under the claims brought by the Plaintiffs and Intervenors, in the event any liability is found against defendants herein, defendants make this claim for contribution over and against Co-Defendants Ji-Haw Industrial Co, LTD. a/k/a Ji-Haw American, Inc. and JH America. Inc., and JBT International, Inc. aka Ji-Haw America, Inc. and JH America, Inc. ("hereinafter JI-HAW") pursuant to §33.015 Tex. Civ. Prac. & Rem. Code.

Furthermore, defendants make their claim against JI-HAW for indemnity and for its costs pursuant to §82.002 Tex. Civ. Prac. & Rem. Code.

## III.

### Motion to Add JI-HAW Defendants as Responsible Third Parties

Alternatively, and in the event JI-HAW is not a party defendant to this suit at the time the case is tried, Defendants, herein, hereby move for leave to designate the JI-HAW defendants as "responsible third parties" pursuant to §33.004 Tex. Civ. Prac. & Rem. Code.

Plaintiff has alleged in its Amended Petition that JI-HAW defendants are negligent and/or strictly liable for the injuries to plaintiffs. Moreover, plaintiffs and intervenors have claimed that the "power-cord" was itself in some manner defective and a cause of the fire. Moreover, the power cord itself was by all accounts manufactured by the Ji-Haw defendant which manufactured such cords for Microsoft, the maker of the x-box. Therefore, defendants would urge the court to grant this motion for leave to designate the JI-HAW defendants as responsible third parties, and to enter an order accordingly.

Defendants would, therefore, reserve its right in any case to compare and/or submit the percentage of responsibility of the defendant JI-HAW pursuant to §33.003 Tex. Civ. Prac. & Rem. Code.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Plaintiffs and Intervenors take nothing against it by reason of his suit, but that Defendants have judgment, or in the alternative, for contribution and/or indemnity over and against co-defendants, JI-HAW, for costs of suit and for such other and further relief to which these defendants are justly entitled.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &
KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS
GAMESTOP, CORP., GAMESTOP OF TEXAS
(GP) LLC, GAMESTOP TEXAS LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this 18th day of July, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471
*Counsel for Plaintiff*

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215
*Counsel for Plaintiff*

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
*Counsel for Defendant Microsoft Corporation*

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Counsel for Defendant Microsoft Corporation*

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
*Counsel for Defendant Microsoft Corporation*

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
*Counsel for Intervenor Amador Lazo*

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas 77002
*Counsel for Jose Gomez*

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
*Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.*

David W. Green

Defendants' First Amended Original Answer and Cross-Action

PAGE 4

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | FILED AT _ _ O'CLOCK _ _ |
| AND | § § § | AUG 0 2 2007 |
| AMADOR LAZO, INDIVIDUALLY, AND JOSE GOMEZ, | § § § | R. BARTON, CLERK DISTRICT CLERK, DUVAL COUNTY BY: _ _ |
| Intervenors, | § § | |
| VS. | § § | 229th JUDICIAL DISTRICT |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., | § § § § § § § § § | |
| Defendants. | § § | DUVAL COUNTY, TEXAS |

**DEFENDANT MICROSOFT CORPORATION'S ORIGINAL CROSS-CLAIMS AGAINST JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC.**

EXHIBIT
C.23

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Microsoft Corporation, and pursuant to Rule 97 of the Texas Rules of Civil Procedure, and Sections 33.016 and 82.002 of the Texas Civil Practice and Remedies Code, files its Original Cross-Claims against Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw

America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc., and shows the Court as follows:

## I.
## PARTIES AND APPEARANCES

1.    Microsoft has appeared and answered herein.

2.    Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. (collectively, the "Ji-Haw Defendants") have filed special appearances and answered herein. Therefore, the issuance or service of process upon the Ji-Haw Defendants is unnecessary.

## II.
## PLAINTIFF'S AND INTERVENORS' ALLEGATIONS

3.    This case arises out of a house fire on June 11, 2006, that severely burned Kayla Lazo. Plaintiff Bonnie Broquet (Kayla's mother), Intervenor Amador Lazo (Kayla's father), and Intervenor Jose Gomez (Kayla's grandfather) allege that the fire was caused by an Xbox game system. More specifically, Plaintiff claims that "[t]he house fire was caused by a failure (a defect) in the power cord (the 'subject power cord') attached to the family's Microsoft Xbox (the 'subject Xbox')." (4/24/07 Ltr. from D. Allison to Judge Gabert at 2.)

4.    Plaintiff sued Microsoft as the original manufacturer of the subject Xbox game system. Plaintiff sued GameStop Corp., GameStop of Texas (GP), LLC, GameStop Texas LP and Roel Santos (collectively, the "GameStop Defendants") as the parties that refurbished the subject Xbox game system and sold the subject Xbox game system to the girlfriend of Frank Martinez, the father of Kayla Lazo's brother. Plaintiff also sued the Ji-Haw Defendants based on an apparent theory that they manufactured the subject power cord.

5.    Microsoft denies that the fire made the basis of this lawsuit was caused by any act or omission on its part. If, however, the allegations of Plaintiff and Intervenors are true, then

MICROSOFT'S ORIGINAL CROSS CLAIMS AGAINST THE JI-HAW DEFENDANTS    PAGE 2
291/585135.02
20363.00396

Microsoft would be entitled to contribution and/or indemnity from the Ji-Haw Defendants, because the acts and/or omissions of the Ji-Haw Defendants would be the sole proximate cause, or alternatively, the proximate cause of any damages incurred by Plaintiff and/or Intervenors.

## III.
## JURISDICTION

6.    All Xbox game consoles sold by Microsoft were distributed with power cords designed and manufactured by the Ji-Haw Defendants. The Ji-Haw Defendants specifically designed those power cords for use in North America and to comply with the Underwriters Laboratory electrical standards for cords sold in the United States. The Ji-Haw Defendants knew that the power cords would be distributed with Xbox game consoles throughout the United States, including Texas. In fact, the Ji-Haw Defendants directly shipped power cords for use with Xbox game consoles to Texas. Accordingly, the Ji-Haw Defendants have and have had a reasonable expectation and knowledge that their products, including power cords distributed with Xbox game systems, would enter and have entered Texas.

7.    The contract between Microsoft and Ji-Haw Industrial Ltd., Co. also required Ji-Haw Industrial to obtain liability insurance. In addition, the specifications for the power cord provided by the Ji-Haw Defendants identify the UL approvals obtained by Ji-Haw for this Ji-Haw-designed and manufactured power cord. Those specifications list JI-HAW Industrial Co., Ltd., JH America, Inc., J.B.T. Industrial Co., Ltd. and JI-HAW Electronics (Kunshan) Co., Ltd. as the "JI-HAW GROUP."

8.    Upon information and belief, the Ji-Haw Defendants also sell or have sold electrical components to Texas companies such as Dell Computers. In fact, various Internet sources—which appear to be based on statements made by the Ji-Haw Defendants—confirm that

Texas-based Dell Computers is or has been a major customer of the Ji-Haw Defendants and that the Ji-Haw Defendants sell their products globally.

9.   JBT International, Inc. is a wholly-owned subsidiary of Ji-Haw Industrial Co., Ltd., and JBT International, Inc. is the alter ego of Ji-Haw Industrial Co., Ltd. for jurisdictional purposes. Ji-Haw Industrial Co., Ltd. controls the internal business operations and affairs of JBT International, Inc. so as to render the latter a mere instrumentality of the former. JBT International, Inc. follows direction from Ji-Haw Industrial Co., Ltd. and cannot act contrary to those directions.

10.   JBT International, Inc. is also known as JH America, Inc. Ji-Haw Industrial Co., Ltd. describes JH America, Inc. as its "American Office," which provides logistics, marketing, purchasing, imports, and customer service functions for Ji-Haw Industrial Co., Ltd. In fact, one of JH America's sales representatives describes himself as Microsoft's "JH local representative" and has directed Microsoft to Ji-Haw Industrial's Taiwan offices when he is unavailable to Microsoft. Upon information and belief, JH America actively markets products manufactured by Ji-Haw Industrial throughout the United States, including Texas, and has continuous and systematic contacts with Texas.

11.   The Ji-Haw Defendants describe Ji-Haw Opto-Electrical (Kunshan) Co., Ltd. as their Testing Center for products, including those distributed by Microsoft, and upon information and belief, Ji-Haw Industrial Co, Ltd. controls the internal business operations and affairs of Ji-Haw Electronics (Kunshan) Co., Ltd. so as to render the latter a mere instrumentality of the former. Ji-Haw Opto-Electrical (Kunshan) Co., Ltd. operates an interactive Web site that offers Ji-Haw products for purchase over the Internet.

08/02/2007   20:21   512664013   LEMON & GONZALEZLEMO   PAGE   07

12.     The Ji-Haw Defendants have purposefully availed themselves of the privilege and benefits of conducting activities in Texas, are doing or have done business in Texas, have continuous and systematic contacts with Texas, and are subject to specific and general jurisdiction in this Court.

13.     Exercising general jurisdiction over the Ji-Haw Defendants does not offend traditional notions of fair play and substantial justice.

## IV.
## CROSS-CLAIMS AGAINST THE JI-HAW DEFENDANTS

14.     Microsoft sells Xbox game systems and therefore qualifies as a "seller" as the term is defined in Texas Civil Practices & Remedies Code § 82.001(3).

15.     The Ji-Haw defendants manufactured power cords distributed by Microsoft with Xbox game systems and therefore qualify as a "manufacturer" as the term is defined in Texas Civil Practices and Remedies § 82.001(4).

16.     Plaintiff and Intervenors allege that a defective power cord attached to an Xbox game console caused the fire that severely burned Kayla Lazo.

17.     Microsoft is innocent of any culpable conduct, and expressly denies that the Xbox game system distributed by Microsoft was defective.

18.     Further, Microsoft denies any negligence on its part contributing to or independently causing the harm complained of by Plaintiff and/or Intervenors.

## VI.
## JI-HAW DEFENDANTS' LIABILITY

19.     Microsoft would be entitled to indemnification and/or contribution from the Ji-Haw Defendants toward any liability that might be found to exist from Microsoft to Plaintiff and/or Intervenors as result of the fire made the basis of this action. In this connection, Microsoft

will show that Ji-Haw designed and manufactured all power cords distributed by Microsoft with Xbox game systems.

## VII.
## ENTITLEMENT TO INDEMNIFICATION

20.    In accordance with Texas Civil Practice & Remedies Code § 82.002, the Ji-Haw Defendants have a duty to indemnify and hold harmless Microsoft against loss arising out of a products liability action, including court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages.  Microsoft is entitled to recover its court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages incurred by Microsoft to enforce its right to indemnification.

## VIII.
## ENTITLEMENT TO CONTRIBUTION

21.    If Microsoft is found liable for all or any part of the injuries allegedly suffered by Plaintiff and/or Intervenors in the fire that forms the basis of Plaintiff's and Intervenors' claims against Microsoft, Microsoft would be entitled to contribution from the Ji-Haw Defendants in accordance with Chapter 33 of the Civil Practice and Remedies Code.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Microsoft requests that the Ji-Haw Defendants be cited to appear and answer, and that on final trial, Microsoft has the following:

1.    Judgment against the Ji-Haw Defendants for indemnification and/or contribution as provided by law.

2.    Microsoft recovers from the Ji-Haw Defendants any and all damages paid by Microsoft to Plaintiff and/or Intervenors because of the Ji-Haw Defendants' acts or omissions.

3.   Microsoft recovers from the Ji-Haw Defendants costs of court and attorney fees and expenses in defending the claims brought by Plaintiff and Intervenors against Microsoft.

4.   Microsoft recovers from the Ji-Haw Defendants costs of court and attorney fees and expenses incurred bringing its cross-claims against the Ji-Haw Defendants.

5.   Pre-judgment interest as provided by law.

6.   Post-judgment interest as provided by law.

7.   Such other and further relief to which Microsoft may be justly entitled.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332
Telephone: (361) 664-0011
Facsimile: (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
LOCKE LIDDELL & SAPP LLP

2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Douglas H. Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this _2nd_ day of August, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

Douglas A. Allison (via facsimile and certified mail, return receipt requested)
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
Counsel for Plaintiff Bonnie Broquet

Darrell Barger  (via facsimile)
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
Counsel for GameStop Corp., GameStop of Texas  (GP) LLC,
GameStop Texas LP and Roel Santos

William J. Tinning (via facsimile)
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Counsel for Plaintiff Amador Lazo

Scot Doyen (via facsimile)
DOYEN SEBESTA
1010 Lamar St., Suite 950
Houston, Texas 77002
Counsel for Intervenor Jose Gomez

J. Alex Huddleston (via facsimile)
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio TX 78205-3715
Counsel for Ji-Haw Industrial Co., Ltd., a/k/a Ji-Haw America,
Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw
America, Inc. and JH America, Inc.

---

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| AND | § § | FILED AT 4:46 O'CLOCK P M |
| AMADOR LAZO, INDIVIDUALLY, AND JOSE GOMEZ, | § § § | AUG 0 2 2007 |
| Intervenors, | § § | H. BARTON CLERK, DISTRICT CLERK, DUVAL COUNTY TX BY: |
| VS. | § § | 229th JUDICIAL DISTRICT |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., | § § § § § § § § § § § | |
| Defendants. | § § | DUVAL COUNTY, TEXAS |

**DEFENDANT MICROSOFT'S OPPOSITION TO THE SPECIAL APPEARANCES BY JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., OR IN THE ALTERNATIVE, VERIFIED MOTION FOR CONTINUANCE OF THE HEARING ON THE SPECIAL APPEARANCES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Microsoft Corporation, and pursuant to Rules 120a and 252 of

the Texas Rules of Civil Procedure, files this Opposition to the Special Appearances by Ji-Haw.


EXHIBIT
C.24

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES, OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING 0111
291/585693.01
20363.00396

PAGE 13          LEMON & GONZALEZLEMO          512664013          20:21    08/02/2007

Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. (collectively, the "Ji-Haw Defendants"), or in the Alternative, Motion for Continuance of the Hearing on the Special Appearances, and shows the Court as follows:

## I.
## INTRODUCTION

Plaintiff sued the Ji-Haw Defendants based on an apparent theory that they manufactured an allegedly defective power cord, which caused a house fire that severely burned Kayla Lazo. The Ji-Haw Defendants, in turn, filed special appearances to contest the adequacy of Plaintiff's jurisdictional allegations.

After the Ji-Haw Defendants filed their special appearances, Microsoft filed its Original Cross-Claims against the Ji-Haw Defendants.  In that pleading, Microsoft alleges, among other things, that the Ji-Haw Defendants specifically designed power cords for use in North America and to comply with Underwriters Laboratory electrical standards for cords sold in the United States; that the Ji-Haw Defendants knew that its power cords would be distributed with Xbox game consoles throughout the United States, including Texas; that the Ji-Haw Defendants directly shipped power cords for use with Xbox game consoles to Texas; that upon information and belief, the Ji-Haw Defendants sell electrical components to Texas-based companies such as Dell Computers; that the Ji-Haw Defendants actively market their products in the United States, including Texas; and that the Ji-Haw Defendants and/or their alter ego operate an interactive Web site on the Internet from which Texas residents can buy their products.

The Affidavit of Brian Sprague filed in support of the Ji-Haw Defendants' special appearances asserts that the Ji-Haw Defendants are nonresidents and that Ji-Haw Industrial Co.

Ltd. does not conduct business in Texas. Such assertions are insufficient to negate the jurisdictional allegations asserted in Microsoft's Original Cross-Claims, which the Court must consider under Texas Rule of Civil Procedure 120a(3) before ruling on the Ji-Haw Defendants' special appearances. Accordingly, on the present record, the Ji-Haw Defendants' Special Appearances must be denied.

In the alternative, the hearing on the Ji-Haw Defendants' special appearances should be continued until Microsoft and any other parties have an opportunity to conduct jurisdictional discovery to contest any evidence offered by the Ji-Haw Defendants in support of their special appearances. To date, the Ji-Haw Defendants have not responded to Microsoft's recently filed cross-claims, and Microsoft has therefore had no opportunity to conduct jurisdictional discovery.

## II.
## STATEMENT OF FACTS

This case arises out of a house fire on June 11, 2006, that severely burned Kayla Lazo. (Pl.'s First Am. Original Pet. at 6.) Plaintiff Bonnie Broquet (Kayla's mother), Intervenor Amador Lazo (Kayla's father), and Intervenor Jose Gomez (Kayla's grandfather) allege that the fire was caused by an Xbox game system. (*Id.*) More specifically, Plaintiff claims that "[t]he house fire was caused by a failure (a defect) in the power cord (the 'subject power cord') attached to the family's Microsoft Xbox (the 'subject Xbox')." (4/24/07 Ltr. from D. Allison to Judge Gabert at 2.)

Plaintiff sued Microsoft as the original manufacturer of the subject Xbox game system. Plaintiff sued GameStop Corp., GameStop of Texas (GP), LLC, GameStop Texas LP, and Roel Santos (collectively, the "GameStop Defendants") as the parties that refurbished the subject Xbox game system and sold the subject Xbox game system to the girlfriend of Frank Martinez,

the father of Kayla Lazo's brother. On or about April 26, 2007, Plaintiff filed her First Amended Original Petition, adding the Ji-Haw Defendants as parties based on an apparent theory that they manufactured the subject power cord.

On May 29, 2007, Ji-Haw Industrial Co., Ltd. and JBT International, Inc. each filed a special appearance "pursuant to Texas Rule of Civil Procedure 120(a) for the purpose of objecting to the jurisdiction of the jurisdiction of the Court over the person or property of the defendant[.]" (Ji-Haw Defs.' Special Appearances at 1.) In support of those special appearances, the Ji-Haw Defendants submitted an Affidavit of Brian Sprague, who attests that "Ji-Haw Industrial Co. Ltd. does not conduct business in, or maintain an office or place of business in either California or Texas." (Sprague Aff. ¶ 3.) Notably, Mr. Sprague makes no such contention with respect to J.B.T. International, Inc.

On or about July 18, 2007, the GameStop Defendants filed their First Amended Original Answer and Cross-Action to assert indemnification and contribution claims against the Ji-Haw Defendants. To date, the Ji-Haw Defendants have not responded to those claims.

On August 2, 2007, Microsoft filed its Original Cross-Claims against Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. In that pleading, Microsoft provides detailed jurisdictional allegations about the Ji-Haw Defendants' business dealings in Texas. To date, the Ji-Haw Defendants have not responded to Microsoft's cross-claims.

### III.
### APPLICABLE LAW

Applying the general rules of notice pleading, a "plaintiff bears the initial burden of pleading sufficient allegations to bring a non-resident defendant within the provisions of the

Texas long-arm statute." *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 793 (Tex. 2002); *see also Ho Wah Genting Kintron SDN BHD v. Leviton Mfg. Co.,* 163 S.W.3d 120, 125-26 (Tex. App.—San Antonio 2005, no pet.). A defendant who challenges the trial court's exercise of personal jurisdiction through a special appearance then bears the burden of negating all bases of personal jurisdiction. *BMC Software,* 83 S.W.3d at 793; *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex. 1985).

**A.**  **The Court Must Consider Microsoft's Jurisdictional Allegations Before Ruling on the Special Appearances By the Ji-Haw Defendants.**

Under Texas Rule of Civil Procedure 120a, "[t]he court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." TEX. R. CIV. P. 120a(3). As used in the Texas Rules of Civil Procedure, the term "pleading" includes a "petition, counterclaim, cross-claim, or third party claim[.]" *See* TEX. R. CIV. P. 47. Accordingly, the Court must consider Plaintiff's First Amended Original Complaint and Microsoft's Original Cross-Claims Against the Ji-Haw Defendants for purposes of ruling on the Ji-Haw Defendants' special appearances. *See, e.g., Homestead Sav. v. Ozark Financial Corp.,* 699 F. Supp. 1547, 1449-50 (S.D. Fla. 1988) (holding that defendant was subject to court jurisdiction under Florida's long-arm statute after considering jurisdictional allegations in both plaintiff's complaint and co-defendant's cross-claim).

**B.**  **Microsoft Has Alleged that the Ji-Haw Defendants Are "Doing Business" in Texas.**

The Texas Long-Arm Statute defines permits Texas courts to exercise jurisdiction over nonresident defendants that do business in Texas and lists the following activities as "doing business" in Texas:

(1) contracting by mail or otherwise with a Texas resident with performance either in whole or in part in this state;

(2) commission of a tort in whole or in part in this state; or

(3) recruitment of Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. "The list, however, is not exclusive." *BMC Software*, 83 S.W.3d at 795. Instead, the Texas Supreme Court interprets the broad language of the Texas long-arm statute to extend "Texas courts' personal jurisdiction 'as far as the federal constitutional requirements of due process will permit.'" *Id.* (citation omitted).

The Ji-Haw Defendants—through the Affidavit of Brian Sprague—assert that "Ji-Haw Industrial Co. Ltd. does not conduct business in, or maintain an office or place of business in either California or Texas." (Sprague Aff. ¶ 3.) Notably, Mr. Sprague makes no such contention with respect to J.B.T. International, Inc. Regardless, "[w]hether a court has personal jurisdiction over a defendant is a question of law." *BMC Software*, 83 S.W.3d at 794. And as further discussed below, Microsoft's Original Cross-Claims assert several bases for this Court to exercise jurisdiction over the Ji-Haw Defendants. Accordingly, the Ji-Haw Defendants' conclusory assertion that Ji-Haw Industrial Co. Ltd. does not conduct business in Texas is insufficient to negate all potential bases for jurisdiction under the Texas long-arm statute.

## C.   The Ji-Haw Defendants' Evidence of Nonresidency Does Not Negate All Potential Bases for Jurisdiction.

In their special appearances, the Ji-Haw Defendants also argue that they need only present evidence that they are nonresidents to defeat Plaintiff's jurisdictional analysis, because "Plaintiff did not plead any facts that, if true, would make Defendant subject to the jurisdiction of a Texas court." (Ji-Haw Defs.' Special Appearances at 3.) But again, Microsoft has alleged several

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396

bases in its pleading for the Court to exercise both specific and general jurisdiction over the Ji-Haw Defendants.  Accordingly, the Ji-Haw Defendant's evidence of nonresidency is insufficient to meet their burden of negating all potential bases for jurisdiction. *See Temperature Systems, Inc. v. Bill Pepper, Inc.*, 854 S.W.2d 669, 673 (Tex. App.—Dallas 1993, writ dism'd by agr.) ("[P]roof of nonresidency is not enough when a plaintiff alleges jurisdictional facts.").

**D.    This Court Has Both Specific Jurisdiction and General Jurisdiction Over the Ji-Haw Defendants.**

In its Original Cross-Claims against the Ji-Haw Defendants, Microsoft pleads sufficient allegations for this Court to exercise both specific and general jurisdiction over the Ji-Haw Defendants.  These allegations are more than sufficient to meet Microsoft's "initial burden of pleading sufficient allegations to bring a non-resident defendant within the provisions of the Texas long-arm statute." *BMC Software*, 83 S.W.3d at 793.

**1.    Specific Jurisdiction**

"Specific jurisdiction is established if the defendant's alleged liability arises from, or is related to, an activity conducted within the forum." *Ho Wah Genting Kintron SDN BHD v. Leviton Mfg. Co.*, 163 S.W.3d 120, 130 (Tex. App.—San Antonio 2005, no pet.).  "The defendant's contacts must have been 'purposely directed' at the forum and must have had a 'substantial connection' that resulted in the alleged injuries." *Id.*  "Under the stream of commerce doctrine, a defendant has purposefully availed itself of the privilege of conducting activities in the forum state if the nonresident defendant sells its product to an independent distributor and there is a reasonable expectation that the product will enter the forum state." *Id.* (citing *Kawasaki Steel*, 699 S.W.2d at 201).

For example, in *Ho Wah*, the San Antonio appellate court concluded that HWG Kintron,

a foreign manufacturer of power cords, was subject to jurisdiction in Texas, because the cross-claimant presented evidence that HWG Kintron was aware that its products would enter Texas and because "HWG Kinton complies with the Underwriters Laboratory electrical standards for cords sold in the United States." *Id.* at 131. HWG Kintron argued that this evidence was not determinative "because title to its products passed to its customers is Malaysia, and there [was] evidence it participated in or controlled the decision to ship its electrical cords to Texas." *Id.* at 131 n.4. The court, however, rejected HWG Kintron's arguments, reasoning that "the controlling issue under the stream of commerce doctrine is the 'reasonable expectation' that the product will be sold in Texas, not the 'right of control.'" *Id.* (quoting *Kawasaki Steel*, 699 S.W.2d at 201).

In its Original Cross-Claims against the Ji-Haw Defendants, Microsoft alleges that "[a]ll Xbox game consoles sold by Microsoft were distributed with power cords designed and manufactured by the Ji-Haw Defendants;" that "[t]he Ji-Haw Defendants specifically designed those power cords for use in North America and to comply with the Underwriters Laboratory electrical standards for cords sold in the United States;" that "[t]he Ji-Haw Defendants knew that the power cords would be distributed with Xbox game consoles throughout the United States, including Texas;" and that "the Ji-Haw Defendants directly shipped power cords for use with Xbox game consoles to Texas." (Microsoft's Cross-Claims at ¶ 6.) Accordingly, the Ji-Haw Defendants purposefully directed their activities at Texas and had a "reasonable expectation" that its product—namely power cords distributed with Xbox game consoles—would enter Texas.

This Court's jurisdiction over the Ji-Haw Defendants is further demonstrated by the contract between Microsoft and Ji-Haw Industrial Co., Ltd. For example, in *E.L.M. LeBlanc v. Kyle*, 28 S.W.3d 99 (Tex. App.—Texarkana 2000, pet. denied), LeBlanc, a French manufacturer

of water heaters, argued that its contract with a Vermont distributor was insufficient to establish jurisdiction in Texas because "the contract was not alleged to have been signed in Texas, was not alleged to have been made with a Texas company, and was not alleged to require performance in Texas." *Id.* at 104. Instead, LeBlanc maintained the contract proved at most that "it released its product into the stream of commerce of the United States market with a limited awareness that it might end up in Texas." *Id.*

As an initial matter, the appellate court rejected LeBlanc argument that the contract was intended to serve the United States, not just Texas: "LeBlanc cannot hope to avoid jurisdiction in this state, or any other state, by arguing that it intended to serve every state." *Id.* at 104. The court then concluded that the contract's requirement that LeBlanc purchase product liability insurance and obtain AGA Lab approval for its products demonstrated "that LeBlanc understood that it was exposing itself to some risk of liability in its chosen market and that it had to verify that its product was suitable for that market." *Id.* Accordingly, the court held that LeBlanc was subject to jurisdiction in Texas.

The contract between Microsoft and Ji-Haw Industrial Ltd., Co. also required Ji-Haw Industrial to obtain liability insurance. In addition, the specifications for the power cord provided by the Ji-Haw Defendants identify the UL approvals obtained by Ji-Haw for this Ji-Haw-designed and manufactured power cord. Notably, those specifications list JI-HAW Industrial Co., Ltd., JH America, Inc., J.B.T. Industrial Co., Ltd. and JI-HAW Electronics (Kunshan) Co., Ltd. as the "JI-HAW GROUP." (Microsoft's Cross-Claims at ¶ 7.)

## 2. General Jurisdiction

Under general jurisdiction standards, the cause of action need not arise from nor relate to the activities conducted within the forum state by the nonresident defendant. *See BMC Software,*

83 S.W.3d at 796.    The defendant's minimum contacts with the forum, however, must be "continuous and systematic."  *See id.*

### a.    Contracts with Texas-Based Companies

In its Original Cross-Claims against the Ji-Haw Defendants, Microsoft alleges that the Ji-Haw Defendants conduct business with Texas-based companies.  (Microsoft's Cross-Claims at ¶ 8.)  In fact, various Internet sources—which appear to be based on statements made by the Ji-Haw Defendants—confirm that Texas-based Dell Computers is or has been a major customer of the Ji-Haw Defendants and that the Ji-Haw Defendants sell their products globally.  (*Id.*)  A long-term contract with a nonparty Texas resident is sufficient to establish general jurisdiction over a nonresident defendant.  *See Lujan v. Sun Exploration & Production Co.,* 798 S.W.2d 828 (Tex. App.—Dallas 1990, writ denied); *see also BMC Software,* 83 S.W.3d at 796 (noting that "a single act may be enough to show general jurisdiction in some instances").

### b.    Ji-Haw's Marketing Activities in Texas

A Texas court may exercise jurisdiction over a parent company based on the activities of its subsidiary.  "The rationale for exercising jurisdiction is that 'the parent corporation exerts such domination and control over its subsidiary 'that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation for purposes of jurisdiction.'"  *BMG Software,* 83 S.W.3d at 798 (quoting *Hargrave v. Fibreboard,* 710 F.2d 1154, 59 (5th Cir. 1983)).

Here, the Ji-Haw Defendants concede that J.B.T. International, Inc. d/b/a JH America, Inc. is a wholly owned subsidiary of Ji-Haw Industrial Co., Ltd.  (Sprague Aff. ¶ 3).  The Ji-Haw Defendants describe JH America as Ji-Haw Industrial Co., Ltd.'s "American Office," which provides logistics, marketing, purchasing, imports, and customer service functions for Ji-Haw

Industrial Co., Ltd.    (Microsoft's Cross-Claims at ¶ 10.)    In fact, JH America's sales representative describes himself as Microsoft's "JH local representative" and has directed Microsoft to Ji-Haw's Taiwan offices when unavailable to Microsoft. (*Id.*)

Upon information and belief, JH America actively markets products manufactured by Ji-Haw Industrial throughout the United States, including Texas, and has continuous and systematic contacts with Texas. (*Id.*) For jurisdictional purposes, there is no distinction between Ji-Haw Industrial Co., Ltd. and J.B.T. International Inc. d/b/a JH America, Inc. Accordingly, J.B.T. International Inc.'s and JH America, Inc.'s marketing activities in Texas are sufficient to exercise general jurisdiction over Ji-Haw Industrial Co., Ltd.

### c.    Ji-Haw's Interactive Web Site

Ji-Haw Opto-Electrical (Kunshan) Co., Ltd. operates an interactive Web site that offers Ji-Haw products for purchase over the Internet. (Microsoft's Cross-Claims at ¶ 11.) The Ji-Haw Defendants describe Ji-Haw Opto-Electrical (Kunshan) Co., Ltd. as their Testing Center for products, including those distributed by Microsoft. (*Id.*). Again, there is no discernable difference between Ji-Haw Industrial Co., Ltd. and Ji-Haw Opto-Electrical (Kunshan) Co., Ltd., and they should therefore be treated as one and the same for jurisdictional purposes. *See BMG Software*, 83 S.W.3d at 798.

An interactive Web site can subject a nonresident defendant to jurisdiction in Texas. *See Jones v. Beech Aircraft Corp.*, 995 S.W.2d 767, 772 (Tex. App.—San Antonio 1999, pet. dism'd w.o.j.), *overruled on other grounds by BMC Software*, 83 S.W.3d 789. Texas courts categorize Web site on a sliding scale. The more interactive the Web site, the stronger the basis for a Texas court to exercise jurisdiction over the nonresident defendant. Exercising jurisdiction is therefore appropriate where "a defendant clearly does business over the Internet by entering into contracts

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396

with residents of other states that involve the knowing and repeated transmission of computer files over the Internet." *Id.* Accordingly, Ji-Haw's Web site provides an additional basis for exercising jurisdiction over the Ji-Haw Defendants.

**E.    Verified Motion for Continuance—Microsoft is Entitled to Jurisdictional Discovery.**

In *Barron v. Vanier*, 190 S.W.3d 841 (Tex. App.—Fort Worth 2006, no pet.), the court addressed the circumstances under which a jurisdictional discovery should be permitted before a ruling is made on a defendant's special appearance. The *Barron* court first quoted from a federal case, noting "that a 'plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest a defendant defeat jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Id.* (quoting *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).

The *Barron* court then adopted the federal standard, which permits jurisdiction if the party moving for a continuance shows that "further discovery might demonstrate facts sufficient to constitute a basis for jurisdiction" or "the movant makes a good-faith showing, provides a colorable basis for, or makes a prima facie case of personal jurisdiction, or provides a reason to believe that discovery would reveal sufficient minimum contacts." *Baron*, 190 S.W.3d at 849-50, *quoted in Solgas Energy Ltd. v. Global Steel Holdings Ltd.*, No. 04-06-00731-CV, 2007 WL 1892206, at *5 (Tex. App.—San Antonio July 3, 2007, no pet. h.) (not designated for publication).

To the extent the Sprague Affidavit conflicts with Microsoft's jurisdictional allegations or the Ji-Haw Defendants offer additional evidence in support of their special appearances, Microsoft's allegations easily demonstrate colorable bases for this Court to exercise both specific and general jurisdiction over the Ji-Haw Defendants, and Microsoft would therefore be entitled

to conduct jurisdictional discovery. Accordingly, if the Court does not deny the Ji-Haw Defendants' special appearances, Microsoft respectfully requests that the Court continue the hearing on the special appearances until Microsoft and other parties have an opportunity to conduct discovery and all jurisdictional issues are ready for the Court's consideration.

If the Ji-Haw Defendants file special appearances in response to Microsoft's cross-claims, the subjects over which Microsoft could require discovery include the following:

- Information and documents related to any contracts the Ji-Haw Defendants have or have ever had with any person or entity located in Texas.

- Information and documents related to advertising and marketing efforts the Ji-Haw Defendants have made in Texas.

- Information and documents related to communications with persons in Texas and/or Texas residents.

- Information and documents related to the relationships and contacts between Ji-Haw Industrial Co., Ltd., JBT International, Inc., JH America, Inc., J.B.T. Industrial Co., Ltd., and JI-HAW Electronics (Kunshan) Co.

- All payroll records for JBT International, Inc. and JH America, Inc.

- Information and documents related to any travel the Ji-Haw Defendants have made to and from Texas, including but not limited to emails, travel itineraries, receipts, expense reports and correspondence.

- All United States Internal Revenue Service filings made by or on behalf of the Ji-Haw Defendants, including but not limited to income tax statements, income tax returns and other filings, and form W-2's, 1099's and 1040's.

- Information and documents related to all products sold by the Ji-Haw Defendants to Texas residents.

- Information and documents related to the Ji-Haw Defendants' business relationships with Texas residents.

- Information and documents related to the Ji-Haw Defendants' relationships with Dell Computers and any other Texas-based customers.

- Information and documents related to payments received by the Ji-Haw Defendants from Texas banks and/or Texas residents.

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396

- Information and documents related to payments made by the Ji-Haw Defendants to Texas residents.

- Information and documents related to shipments from the Ji-Haw Defendants to Texas, including but not limited to power cords used with Xbox game consoles.

- Information and documents related to shipments received by the Ji-Haw Defendants from Texas.

- Information and documents related to products sold via the following Web site: http://www.jihaw.com.cn/English/index.asp.

- Information and documents related to real property located in Texas that the Ji-Haw Defendants own, lease, or in which the Ji-Haw Defendants have a fractional interest or security interest.

- All organizational documents for the Ji-Haw Defendants, including without limitation, articles of incorporation, minutes, correspondence, and state and federal filings.

- Information and documents related to any other contacts of the Ji-Haw Defendants with Texas.

- Information and documents related to the Affidavit of Brian Sprague.

- Depositions of Brian Sprague and other corporate representatives of the Ji-Haw Defendants regarding the foregoing subjects.

The foregoing information would be material to proving that the Ji-Haw Defendants are subject to this Court's jurisdiction.  Moreover, because the Ji-Haw Defendants have not yet responded to Microsoft's cross-claims, Microsoft has not had an opportunity to conduct discovery regarding any jurisdictional allegations that the Ji-Haw Defendants might contest.

## IV.
## CONCLUSION

Microsoft's Original Cross-Claims plead sufficient bases for this Court to exercise specific and general jurisdiction over the Ji-Haw Defendants.  Accordingly, the Ji-Haw Defendants' special appearances should be denied.  In the alternative, the hearing on the Ji-Haw Defendants' special appearances should be continued until (1) the Ji-Haw Defendants have

responded to Microsoft's jurisdictional allegations, and (b) Microsoft and other parties have an opportunity to obtain jurisdictional discovery to contest any evidence offered by the Ji-Haw Defendants in support of their special appearances.

Respectfully submitted,

Eduardo Roberto Rodriguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332
Telephone: (361) 664-0011
Facsimile: (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

---

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396

Douglas H. Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

---

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396

## <u>VERIFICATION</u>

STATE OF TEXAS                    §
                                  §
COUNTY OF DALLAS                  §


Before me, the undersigned notary, on this day personally appeared Thomas G. Yoxall, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Thomas G. Yoxall. I am an attorney of record for Microsoft Corporation and am competent to make this verification. I read Section E of Microsoft's Opposition to the Ji-Haw Defendants' Special Appearances, or in the Alternative, Verified Motion for Continuance of the Hearing. The facts stated in Section E are within my personal knowledge based on documents and information available at this time and are true and correct."



SWORN TO AND SUBSCRIBED before me on this _2nd_ day of August, 2007.

_Betty Jo Shuffler_

BETTY JO SHUFFLER
Notary Public, State of Texas
My Commission Expires 11-12-08

## CERTIFICATE OF SERVICE

I certify that on this ___ day of August, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

Douglas A. Allison (via facsimile and certified mail, return receipt requested)
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
Counsel for Plaintiff Bonnie Broquet

Darrell Barger  (via facsimile)
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
Counsel for GameStop Corp., GameStop of Texas  (GP) LLC,
GameStop Texas LP and Roel Santos

William J. Tinning (via facsimile)
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Counsel for Plaintiff Amador Lazo

Scot Doyen (via facsimile)
DOYEN SEBESTA
1010 Lamar St., Suite 950
Houston, Texas 77002
Counsel for Intervenor Jose Gomez

J. Alex Huddleston (via facsimile)
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio TX 78205-3715
Counsel for Ji-Haw Industrial Co., Ltd., a/k/a Ji-Haw America,
Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw
America, Inc. and JH America, Inc.

MICROSOFT'S OPPOSITION TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES,
OR IN THE ALTERNATIVE, VERIFIED MOTION FOR A CONTINUANCE OF THE HEARING
291/585693.01
20363.00396