CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND §<br>AS NEXT FRIEND AND AS LEGALLY §<br>APPOINTED REPRESENTATIVE OF §<br>KAYLA DEANNE LAZO (A MINOR) §<br>§<br>     Plaintiff, §<br>§<br>and §<br>§<br>AMADOR LAZO, INDIVIDUALLY, §<br>§<br>     Intervenor, §<br>§<br>vs. §<br>§<br>MICROSOFT CORPORATION, GAMESTOP §<br>CORP., GAMESTOP OF TEXAS (GP), LLC, §<br>GAMESTOP TEXAS LP, AND ROEL §<br>SANTOS §<br>§<br>     Defendant. § | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br><br>DUVAL COUNTY, TEXAS<br><br><br><br><br><br><br><br>229TH JUDICIAL DISTRICT |

**DEFENDANTS GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC,
GAMESTOP TEXAS LP AND ROEL SANTOS' OPPOSITION TO JI-HAW
DEFENDANTS SPECIAL APPEARANCE AND IN THE ALTERNATIVE, MOTION TO
CONTINUE HEARING ON THE SPECIAL APPEARANCE OF JI-HAW DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP

TEXAS LP AND ROEL SANTOS, (hereinafter, "Gamestop Defendants"), in the above-styled

and numbered cause, and file this their Opposition to Ji-Haw defendants Special Appearance

alternatively, for a Continuance of the hearing on Special Appearance Ji-Haw Industrial Co, Ltd.

a/k/a Ji-Haw American, Inc. and JH America. Inc., and JBT International, Inc. aka Ji-Haw

America, Inc. and JH America, Inc., (collectively, the "Ji-Haw Defendants"), and shows the

Court as follows:

EXHIBIT
C.25

Amended Cross Action

I.
## INTRODUCTION

Plaintiff sued the Ji-Haw Defendants based upon theories of negligence and products liability. Ji-Haw manufactures the power cords for Microsoft which are used by Microsoft in the production of their x-boxes. Plaintiffs/Intervenors have alleged negligence and products liability against all the defendants including Microsoft which originally manufactured the x-box using the Ji-Haw manufactured cords. In addition, plaintiffs/intervenors also had alleged negligence and products liability as to the Gamestop defendants which had refurbished and sold the Microsoft products.

The Ji-Haw defendants have filed a "general denial" to the claims made by the plaintiffs in their "First Amended Petition" and, at the same time, filed a "special appearance" objecting to jurisdiction over them and alleged that the plaintiffs' allegations failed to sufficiently invoke personal jurisdiction in Texas as to the Ji-Haw defendants.

Subsequent to that filing, both the Gamestop defendants and Microsoft filed Cross-Claims against Ji-Haw and have urged therein bases for Jurisdiction as to the Ji-Haw defendants existing under an analysis of "specific" and/or "general jurisdiction".

II.

## There is adequate basis to support Jurisdiction in Texas against the Ji-Haw defendants

The Gamestop Defendants adopt and incorporate by reference herein, as if fully set forth, the allegations, arguments, and evidence submitted by Microsoft in its pleading in "opposition" to the Special Appearances of the Ji-Haw defendants. In such pleading, as described in detail therein, there is more than sufficient basis demonstrated to support "special" and/or "general" jurisdiction as shown by the specific actions and activities of the Ji-Haw defendants evidencing contacts with the state of Texas.

Amended Cross-Action

These Defendants would therefore urge that the Ji-Haw defendants' "Special Appearances" be in all things denied.

## III.

### In the Alternative, Ji-Haw Defendants Special Appearance hearing scheduled for August 9th should be continued to allow time for "jurisdictional" discovery

Alternatively, the Gamestop Defendants would urge the court to continue the hearing currently set for August 9, 2007 at 3:00 pm as to the "Special Appearance" in order to allow time to discover the jurisdictional facts. It is necessary to allow time for discovery in order to adequately inform this honorable court and the parties of the full facts underlying the jurisdictional issues. Such discovery is essential in order to allow the defendants an opportunity to adequately prepare and respond to the motion and to inform the court of such jurisdictional facts prior to ruling on the motion.

It is clear that a number of depositions as well as the production of relevant documents from the Ji-Haw defendants will be required prior to any such hearing on this matter. The absence of such discovery could irreparably harm or impair defendants' ability to respond and/or prepare for Ji-Haw's "Special Appearance" motion.

> **These defendants would request that the court set this Motion for Continuance at 3:00 PM, August 9th, 2007 prior to any hearing of Ji-Haw's hearing on Special Appearance.**

The Gamestop defendants would further incorporate herein, as they have above, the pleadings, arguments and evidence submitted by co-defendant Microsoft with regard to this request for a continuance of Ji-Haw's "special appearance" motions currently set for Thursday, August 9, 2007.

## IV.
## CONCLUSION

Wherefore, the Gamestop prays that the special appearance motion by Ji-Haw be in all things denied, or alternatively,  that the court continue such hearing to allow sufficient time for discovery of the "jurisdictional" issues as to Ji-Haw, and for such other and further relief to which these defendants may be entitled.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &
KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas  78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS
GAMESTOP, CORP., GAMESTOP OF TEXAS
(GP) LLC, GAMESTOP TEXAS LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this _____ day of August, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471
*Counsel for Plaintiff*

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215
*Counsel for Plaintiff*

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
*Counsel for Defendant Microsoft Corporation*

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Counsel for Defendant Microsoft Corporation*

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
*Counsel for Defendant Microsoft Corporation*

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
*Counsel for Intervenor Amador Lazo*

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas 77002
*Counsel for Jose Gomez*

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
*Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.*

David W. Green

## VERIFICATION

STATE OF TEXAS                    §
                                  §
COUNTY OF NUECES                  §


Before me, the undersigned authority, personally appeared David W. Green, who being by me duly sworn, deposes that he is counsel of record for DEFENDANT GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS, in this case, that he has read the foregoing MOTION TO CONTINUE HEARING ON THE SPECIAL APPEARANCE OF JI-HAW DEFENDANTS, that he has personal knowledge of the facts stated herein, and the facts stated in the MOTION TO CONTINUE HEARING ON THE SPECIAL APPEARANCE OF JI-HAW DEFENDANTS, are true and correct.


_____
David W. Green

SUBSCRIBED AND SWORN TO before me on this 3rd day of August, 2007.


_____
Notary Public, State of Texas

ANGIE L. DUNGAN
Notary Public, State of Texas
My Commission Expires Apr. 19, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this 2rd day of August, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471
**Counsel for Plaintiff**

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215
**Counsel for Plaintiff**

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
**Counsel for Defendant Microsoft Corporation**

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
**Counsel for Defendant Microsoft Corporation**

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
**Counsel for Defendant Microsoft Corporation**

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
**Counsel for Intervenor Amador Lazo**

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas 77002
**Counsel for Jose Gomez**

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
**Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.**

David W. Green

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR) | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| and | § § | |
| AMADOR LAZO, INDIVIDUALLY, | § § § | |
| Intervenor, | § § | DUVAL COUNTY, TEXAS |
| vs. | § § § | |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS | § § § § § | |
| Defendant. | § § § | 229TH JUDICIAL DISTRICT |

**DEFENDANTS GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP AND ROEL SANTOS' FIRST AMENDED CROSS-CLAIMS AGAINST THE JI-HAW DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP

TEXAS LP AND ROEL SANTOS, (Hereinafter "Gamestop") Defendants, in the above-styled

and numbered cause, and file this their First Amended Cross-Claims against Co-Defendants Ji-

Haw Industrial Co, Ltd. a/k/a Ji-Haw American, Inc. and JH America. Inc., and JBT

International, Inc. aka Ji-Haw America, Inc. and JH America, Inc., ("hereinafter JI-HAW

defendants") and would respectfully show the Court as follows:



EXHIBIT
C.26

## I. Parties

The Gamestop defendants and cross-plaintiffs herein have previously answered as to the claims of the Plaintiffs and Intervenor's herein.

The Ji-Haw defendants have previously answered and filed their "special appearances" in this cause.

## II. Facts

This case arises out of a fire which occurred on June 11, 2006 in San Diego, Texas. Plaintiffs and Intervenors allege that the fire was caused by an "x-box game system" which according to plaintiffs' allegation refers to the "game console itself, and/or the power line cord, and/or these components in combination." (See Plaintiffs First Amended Petition, para. VI). The x-box was refurbished and sold by Gamestop. Power-cords were supplied to the x-box from the returned x-boxes manufactured by Microsoft.

Plaintiffs and Intervenors have sued the Gamestop defendants on theories of negligence and on products liability as a reseller of a refurbished X-Box and power-cords and, therefore, urge that Gamestop is likewise responsible for defects in the design, manufacture, and marketing of the x-box and power-cord.

Inasmuch as the x-box power-cords are manufactured by the Ji-Haw defendants for Microsoft, the plaintiffs/intervenors subsequently sued the Ji-Haw defendants directly for their negligence and on a theory of products liability. (Para. XI, of Plaintiffs First Amended Petition).

## III.

The Gamestop Defendants have denied the allegations made against them by the plaintiffs and intervenors and continue to deny they are responsible for any of the claims made against them. However, in the event the plaintiffs or intervenors are successful in any of their

Amended Cross-Action

claims, the Gamestop defendants file this their amended cross-action for contribution and/or indemnity against the Ji-Haw defendants.

## IV.

## Jurisdiction allegations against the Ji-Haw Defendants

The Gamestop defendants would urge herein that the Ji-Haw defendants are subject to both "specific" and "general" jurisdiction with regard to their contacts with the state of Texas and as relate to this cause as well. In particular:

- That the cords designed by Ji-Haw were specific for use in North America;

- That the Ji-Haw knew the power cords would be distributed in Texas;

- That Ji-Haw directly shipped power-cords to Texas;

- That Ji-Haw defendants, have in the past and do currently sell electrical components to companies in Texas for use in their products;

- That Ji-Haw had a reasonable expectation that the cords would enter into this state and be used in Texas.;

- That the Ji-Haw defendants have purposely availed themselves of the benefits of its activities and commerce with Texas thereby subjecting them to Jurisdiction in this state and were "doing business in Texas", or, are otherwise subject to personal jurisdiction under a theory of "specific" or "general" jurisdiction (or both) to the full extent as measured and allowed under the Constitution; and further,

- That subjecting the Ji-Haw defendants to the jurisdiction of the state of Texas does not offend traditional notions of fair play and substantial justice.

The Gamestop defendants, moreover, adopt and incorporate by reference the pleadings and evidence, including any affidavits, filed by co-defendant Microsoft in its cross-claim against the Ji-Haw defendants and/or in its "Opposition to the Special Appearances by Ji-Haw" to the extent of those allegations, evidence and argument supporting the bases for subjecting the Ji-Haw defendants to jurisdiction in Texas.

## V.

### Cross-Claim

Currently, the Ji-Haw defendants are named defendants in this case and their percentage of liability is subject to apportionment pursuant to §33.003 Tex. Civ. Prac. & Rem. Co. However, in the event Ji-Haw is non-suited, dismissed, or otherwise is not a named defendant at the time of trial, the Gamestop defendants hereby preserve and do not waive by this amended Cross-Claim their previously filed Motion to designate the Ji-Haw defendants as a "responsible third party" (or "parties").

Therefore:

1.      In the event any liability is found against defendants herein, defendants make their claim for contribution over and against Co-Defendants Ji-Haw Industrial Co, LTD. a/k/a Ji-Haw American, Inc. and JH America. Inc., and JBT International, Inc. aka Ji-Haw America, Inc. and JH America, Inc. ("hereinafter JI-HAW") pursuant to §33.015 Tex. Civ. Prac. & Rem. Code.

2.      Furthermore, defendants make their claim against the JI-HAW defendants as the manufacturer of the power-cord for indemnity and for its costs pursuant to §82.002 Tex. Civ. Prac. & Rem. Code.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Plaintiffs and Intervenors take nothing against them by reason of their suit, but that Defendants have judgment, or in the alternative, for contribution and/or indemnity over and against co-defendants, JI-HAW, for costs of suit and for such other and further relief to which these defendants are justly entitled.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &
KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS
GAMESTOP, CORP., GAMESTOP OF TEXAS
(GP) LLC, GAMESTOP TEXAS LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this _2nd_ day of August, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas  78471
***Counsel for Plaintiff***

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas  78215
***Counsel for Plaintiff***

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas  78332
***Counsel for Defendant Microsoft Corporation***

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
***Counsel for Defendant Microsoft Corporation***

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154
***Counsel for Defendant Microsoft Corporation***

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
***Counsel for Intervenor Amador Lazo***

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas  77002
***Counsel for Jose Gomez***

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX  78205
***Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.***

David W. Green

**Amended Cross-Action**

CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROUQUET, INDIVIDUALLY, §<br>AND AS NEXT FRIEND AND AS §<br>LEGALLY APPOINTED §<br>REPRESENTATIVE OF KAYLA §<br>DEANNE LAZO, (A MINOR) §<br>        **Plaintiffs** §<br> §<br>**AND** §<br> §<br> §<br>AMADOR LAZO, INDIVIDUALLY, §<br>        **Intervenor** §<br> §<br> §<br>**VS.** §<br> §<br> §<br>MICROSOFT CORPORATION, §<br>GAMESTOP CORP., GAMESTOP §<br>OF TEXAS (GP), LLC, GAMESTOP §<br>TEXAS LP, AND ROEL SANTOS §<br>JI-HAW INDUSTRIAL CO., LTD, A/K/A §<br>JI-HAW AMERICA, INC., AND §<br>JH AMERICA, INC., AND JBT §<br>INTERNATIONAL, INC. A/K/A §<br>JI-HAW AMERICA, INC. AND §<br>JH AMERICA, INC. §| IN THE DISTRICT COURT<br><br>FILED AT 4⁴⁶ O'CLOCK P̲ M<br><br>**AUG 0 8 2007**<br><br>R. BARTON, CLERK<br>DISTRICT CLERK, DUVAL COUNTY TEXAS<br>          DEPUTY<br>229ᵀᴴ JUDICIAL DISTRICT<br><br><br><br><br><br><br><br>DUVAL COUNTY, TEXAS |

---

## FIRST AMENDED PETITION IN INTERVENTION AND REPLY TO JI-HAW INDUSTRIAL CO., LTD.'S AND JBT INTERNATIONAL, INC.'S SPECIAL APPEARANCE

---

**EXHIBIT**
**C.27**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMADOR LAZO, INDIVIDUALLY, hereinafter referred to as Intervenor, complaining of MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC., AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC.,

08/08/2007 17:03 FAX  361 643 ~~~00        William J Tinning        ☒003/011

hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

## I.

### DISCOVERY CONTROL PLAN LEVEL

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II.

### PARTIES

All parties are Texas citizens.

Intervenor, AMADOR LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas.

Plaintiff is Texas Citizens who reside in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record Douglas A. Allision, 500 N. Water Street, South Tower, Ste. 1200, Corpus Christi, Texas 78471.

Defendant, MICROSOFT CORPORATION is a company doing business in the State of Texas, and have answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP, CORP., is a Texas Citizen as a corporation, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP OF TEXAS (GP) LLC, is a Texas Citizen as a Limited Liability Company, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP TEXAS LP, is a Texas Limited Partnership, and such partnership has its principal place of business in Grapevine, Texas. Defendant GAMESTOP TEXAS LP, is doing business in the State of Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. is being served by and through its attorney of record, Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

Defendant JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. is being served by and through its attorney of record; Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

## III.

## VENUE

Venue in Duval County is proper in this cause because the incident and injuries all occurred in Duval County.

## IV.

## THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. Intervenors hereby adopt all of Plaintiffs' live pleadings insofar as Plaintiffs' pleadings against MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC., AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. are concerned.

## V.

1ˢᵗ Amended Petition In Intervention                                        Page 3

08/08/2007 17:04 FAX  361 643 ~700      William J Tinning                    ☑005/011

## FACTS

Plaintiff Amador Lazo, is the natural father of his severely injured and permanently injured daughter, Kayla. On or about June 11, 2006, a fire occurred upon the premises which in all probability originated at the entertainment center, and specifically the X-BOX designed, manufactured and marketed by Defendant Microsoft Corporation which was defective in its design, manufacturing and marketing in many number of respects which had already resulted in a recall due to its propensity to overheat and pose a fire hazard, which in fact occurred, which severely injured the daughter of Amador Lazo who was standing pursuant to the bystander doctrine and/or family consortium and the general negligence principals in Texas as well, as the doctrine of products liability as it has evolved in the State of Texas, to recover for all his damages for the horrendous burns suffered by his minor daughter, Kayla Reanne Lazo, a 13 year old minor. She is severely and permanently disabled and injured by the fire producingly or proximately resulting from the defective design, manufacture and marketing of the XBOX in question, or by the negligence in the design, making and/or marketing of the XBOX in question by Defendant Microsoft Corporation.

Also, all Defendants knew of the defect in the XBOX and its power supply, and yet intentionally sent this XBOX system into the marketplace and the home of the Lazos, proximately causing the fire, injuries, and potentially yet, the early demise of young Kayla Dearnne Lazo. This conduct allows for Mr. Lazo to recover reasonable and

---

1ˢᵗ Amended Petition In Intervention                                    Page 4

08/08/2007 17:04 FAX  361 643 9300         William J Tinning                    🖷006/011

necessary medical expenses, and mental anguish damages as well pursuant to the

*Silcott v. Oglesby Doctrine.*

The damages exceed the court's minimum jurisdictional requirements which

include reasonable medical care and expenses in the past, and in all probability to the

end of her life. These expenses were incurred by Mr. Lazo, as the responsible parent for

his daughter, the minor Plaintiff, for the necessary care and treatment of the injuries

resulting from the incident complained of herein and such charges are reasonable and

were usual and customary charges for such services;

(a)   Reasonable and necessary medical care and expenses in the past and
which will in all reasonable probability be incurred in the future;

(b)   Physical pain and suffering in the past;

(c)   Physical pain and suffering in the future;

(d)   Mental anguish in the past;

(e)   Mental anguish in the future;

All damages that may be allowable by Texas law when its cause is presented to a

jury for which the fee is separately tendered and which is hereby demanded.

Kayla Lazo has been in the Brooke Army Medical Center since the fire and has

numerous horrific complications, including the amputation of her leg and numerous

instances where her lungs have collapsed, all of which had been monitored

contemporaneously, experienced, and witnessed by her father.

Defendants GAMESTOP CORP, GAMESTOP OF TEXAS, GAMESTOP CORP,

GAMESTOP TEXAS LP specifically represented that they will refurbish and deal with

any recalled merchandise before it is re-released and marketed to the public as was this particular XBOX which was purchased from such Defendant under such representation, and intentional, and fraudulent conduct.

John Davila was acting outside the course and scope of their employment specifically represented, impliedly and expressly that the XBOX purchased in question from him and the "GAMESTOP DEFENDANTS" was fit for a particular purpose and was safe and ready to be used in a reconditioned or "as new" condition of which such was not the case. As a direct and proximate result of such representations by Mr. Davila this fire and the injuries and damages proximately resulted therefrom.

"GAMESTOP DEFENDANTS" are also liable for their misrepresentations in not only being a non-innocent retailer but also for making independent misrepresentations in the design, marketing and retailing of the product in question amounting to fraud, breach of expressed implied warranties, and misrepresentation and negligence and gross negligence all of which producingly or proximately caused the injuries and damages complained of.

Plaintiffs' damages far exceed the minimum jurisdictional requirements of this Honorable Court.

Plaintiffs' seek pre and post judgment interest at the legal rate.

As may be allowable for certain causes of action asserted, Plaintiffs are also entitled to recover reasonable and necessary attorney's fees.

Plaintiffs also seek declaratory relief which is not advisory or conclusory in nature as to the relative responsibility between the Defendants for this very preventable and tragic accident which may yet, ultimately cost Kayla Lazo her life, and which has to date caused incalculable pain and suffering on Mr. Lazo and caused him to occur the responsibility for his minor daughter's reasonable and necessary medical care which to date in all probability exceeds $300,000.00 for the horrific pain and suffering and mental

anguish he has incurred by the experience of his daughter being severely and permanently scarred and burned by the loss of her limb and by seeing her go through the torture of burn care and burn treatment and seeing her placed on a respirator and have to be resuscitated numerous times to date.

Amador Lazo and Bonnie Broquet were cohabiting in the same home where the fire occurred and were living as husband and wife, and were in fact common law married.

Even if it is found an element of common law marriage is absent, Amador Lazo is the natural father, and pursuant to the last decree of divorce and custody order, Amador Lazo is the responsible father and is responsible for the $300,000.00 plus in medical bills which have been incurred to date and for his responsible portions of her future medical care, and is also suing on behalf of his part of Kayla's estate. Regardless, Amador Lazo also has a bystander claim.

Intervenor seeks equitable and legal relief and any such further relief as may be allowable by Texas law at the time this cause was presented to trial.

## REPLY TO SPECIAL APPEARANCE

JI-HAW INDUSTRIAL CO., LTD., and JBT INTERNATIONAL, INC., by supplying cords for x-box and computers to Microsoft have voluntarily intentionally appeared and by doing business in Texas, and therefore, their special appearance should be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Intervenor against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment

interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which this Intervenor may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Telephone:   (361) 643-9200
Facsimile:   (361) 643-9600

By: _William Tinning_ W/tom. Cbb
William J. Tinning
State Bar No. 20060500
ATTORNEY FOR INTERVENOR

**CO-COUNSEL:**        Jaime Carrillo
State Bar No. 03879300
CARRILLO LAW OFFICE, L.L.P.
721 East King
Kingsville, Texas 78363
Telephone: (361) 595-4142
Facsimile:  (361) 595-0544

**LOCAL COUNSEL:**     Charles L. Barrera
State Bar No. 01805500
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384
Telephone: (361) 279-2505
Facsimile:  (361) 279-2508

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record by the method listed below on this the $\underline{6^{th}}$ day of August, 2007.

*Via Facsimile & First Class Mail*
Thomas G. Yoxall
LOCKE, LIDDELL & SAPP, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

*Via Facsimile & First Class Mail*
Darrell Barger
HARTLINE, DACUS, BARGER, DREYER & KERN, LLP
N. Tower, 800 N. Shoreline Blvd., Ste 2000
Corpus Christi, Texas 78401

*Via Facsimile & First Class Mail*
Scot Doyen
DONATO, MINX & BROWN, PC
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525

*Via Facsimile (210)250-6100*
Alex Huddleston

*Via Facsimile & First Class Mail*
Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
500 N. Water Street
South Tower – Suite 1200
Corpus Christi, Texas 78471

*Via Facsimile: 206-389-1708*
Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154

08/08/2007 17:04 FAX 361 643 ~~~00 William J Tinning @011/011

*Via Facsimile: 361-664-0013*
Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332

*Via Facsimile: 210-212-5880*
Adam Poncio

*Via Facsimile: 214-749-6326*
Jennifer L. Duncan

*Via Facsimile: 956-341-2170*
Eduardo R. Rodriguez

William J. Tinning W/Perm CLB

1st Amended Petition In Intervention

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| AND | § § | |
| AMADOR LAZO, INDIVIDUALLY, AND JOSE GOMEZ, | § § § § | |
| Intervenors, | § § | |
| VS. | § § | 229th JUDICIAL DISTRICT |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., | § § § § § § § § § § | |
| Defendants. | § § | DUVAL COUNTY, TEXAS |

---

**GAMESTOP'S POST-HEARING MEMORANDUM IN OPPOSITION TO THE SPECIAL APPEARANCES BY JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC.**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant GameStop, Corp., GameStop of Texas (GP) LLC, GameStop Texas LP , hereinafter "GameStop", and files this Opposition to the Special Appearances by Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc.



EXHIBIT
C.28

and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and
JH America, Inc. (collectively, the "Ji-Haw Defendants"), as follows :

## I.

In the hearing that was held last Thursday, August 9th, on Ji-Haw's special
appearance motions, counsel for Ji-Haw brought forward seven cases and argued
that, as to GameStop and Microsoft, that they had no pleadings against them. In
particular, it was argued that *service* on Ji-Haw by the cross-plaintiffs, GameStop
and Microsoft, under rule 21(a) was insufficient or defective and that full formal
service of citation was instead required. However, none of the cases cited by Ji-
Haw's counsel actually made any such holding.

## II.

### A.    The Cases cited by Counsel for Ji-Haw at the August 9th, 2007 hearings.

Ji-Haw cited a number of cases to the court this past Thursday indicating
that, among other things, they stood for the proposition that the service of the
cross-actions against them by the defendants GameStop and Microsoft were
defective or were otherwise inadequate and thus did not require them to respond to
any jurisdictional allegations. In fact, however, those cases cited, do not support
this contention as shown below.

- *Seariver Martime, Inc. v. Hentz,* 2000 WL 298425 (Tex. App. – Houston
  [1st Dist.] 2000)

In this case, the plaintiff, Hentz, sued Viking and Seariver.  Viking **never filed an answer at all**.  Plaintiff obtained citation against Viking which did not answer the lawsuit, period.   Then Seariver then served a cross-claim against Viking using Rule 21(a) Tex. R. Civ. P. (Notice to parties provided by the Texas Rules of Civil Procedure.)  However, because Viking had made no "appearance" in the case at all—the service in this case by 21(a) was indeed deficient.  This was not a case where Viking had filed a "special appearance" or any other kind of appearance.  This case is not on point, whereas in our case, Ji-Haw has made an "appearance" albeit a "special" one pursuant to Rule 120a Tex. R. Civ. P.

- *Von Briesen, Purtell & Roper v. French*, 78 S.W.3d 570 (Tex. Civ. App.— Amarillo—2002, writ dism'd w.o.j.).

In *Von Briesen*, the court noted that "once a party has filed an answer or otherwise appeared, he is before the court for all purposes and formal service of cross-actions is not required." At pg. 575.  In this case, it so happens that the defendant had made a "general appearance"—as opposed to a "special appearance".  While certainly, Ji-Haw may not have been before the court for any other purpose but to oppose personal jurisdiction, this limited appearance in no way precludes the effect of the Rule that service of the cross-action may be made by 21(a) where it the defendant has filed a "special appearance".  See Rule 121 and 124 Tex. R. Civ. P. (Formal service not necessary after an "appearance" has been made.)  The use of 21(a) service may be used in this instance.

Nowhere in the *Von Briesen* case, cited by Ji-Haw's counsel, is there any support for the notion that formal service is required when the "appearance" which is made is by "special appearance" as opposed to a "general appearance". The case is not on point and it does not support Ji-Haw's position.

- *Garter v G & L Tool Company of Utah,* 428 S.W.2d 677 (Tex. Civ. App.— San Antonio 1968, no writ)

This case states the proposition, which no one argues with, that formal citation is <u>not</u> required for a cross-claim when the cross-defendant has made an "appearance". Once again, this case does not stand for the contention that Ji-Haw's "special appearance" does <u>not</u> itself trigger the availability of the use of rule 21(a) for service of the cross-action which is allowed on the face of the rule.

Rule 124 Tex. R. Civ. P states:

> "When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided by Rule 21(a)."

- *Perna v. Hogan*, 162 S.W.3d 648 (Tex. Civ. App.—Houston [14th Dist.] 2005, no writ)

The Perna case does not in any way address the question of the requirements of service related to cross actions. The entire case dealt with the substantive question dealing with the "minimum contacts" of the two defendants which had filed special appearances. This case does not speak at all to the issue discussed by Ji-Haw's counsel related to the Rule 21a service.

The other three cases cited by Ji-Haw's counsel likewise do not involve the situation concerning the question of the service of a cross-claim by rule 21(a) notice. The cases of *Syskind v. Villa Foundation for Education*, 642 S.W.2d 434 (Tex. 1982); *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199 (Tex. 1985); and *Frank Smith Sales, Inc. v. Atlantic Aero, Inc.* 31 S.W.3d 742 (Tex. Civ. App.— Corpus Christi 2000, no writ) may have been cited for other reasons on substantive arguments, but none of the cases provide *any* support for Ji-Haw's argument that formal service of process was required as to Ji-Haw in the cross-actions on file.

**B.    Ji-Haw's actions at the hearing was an oral motion to quash the service of the cross-claims by the use of Rule 21(a) notice.**

In the *Kawasaki* case, which counsel for Ji-Haw produced at the hearing, the Supreme Court makes it clear that you do <u>not</u> attack the <u>method</u> of service through a "special appearance". The Special Appearance rule does one thing: preserve whatever argument the defendant wishes to make regarding jurisdiction over his person.

The Supreme court states, however, that any objections with regard to any *defects in the citation* or the *service of process* must be made by a "motion to quash".

> "We hold that defective jurisdictional allegations in the petition, defective service of process and defects in the citation must be challenged by a motion to quash, not a special appearance." *Kawasaki* at pg. 203

Ji-Haw has not yet answered the cross-actions on file by the defendants GameStop and Microsoft, yet Ji-Haw counsel appeared before the court and on the record objected to the *manner of the service* of the cross-actions served upon Ji-Haw. This was, if nothing else, an oral motion to quash the service of the cross-actions. It was not clear whether they have any intention of responding to the cross-claims other than this oral "motion to quash." Rule 122 Tex.R. Civ. Proc.

At the time of the oral motion to quash, however, no "special appearance" pleading was filed contemporaneously with their objections to supposed defects in the manner of service of the cross-claims. The result of a motion to quash, as noted by the Supreme court, is that the defendant has, by doing so, *entered an appearance* in the case and it only gives the defendant more time to answer.

> If the citation or service thereof is quashed on motion of the defendant, **such defendant shall be deemed to have entered his appearance** at ten o' clock a.m. on the Monday next after the expiration of twenty days after the day on which the citation or service is quashed, and such defendant **shall be deemed to have been duly served** so as to require him to appear and answer at that time, and if he fails to do so, judgment default may be rendered against him.

Rule 122 Tex. R. Civ. P. (Emphasis added.)

If the court believes there was any defect in the service of the cross-action against Ji-Haw by the use of Rule 21(a) notice (as it was argued by Ji-Haw's counsel) then Ji-Haw's only relief is an extension of time to answer.

Furthermore, the act of *objecting* to the manner of service in open court was a "motion to quash" which subjects defendant Ji-Haw to the jurisdiction of the

court—since such action constitutes a "general appearance" in the absence of any filed "special appearance" as to defendant GameStop's cross-action.

### III.

### Conclusion

GameStop, therefore, respectfully requests that the court deny the "Special Appearances" filed by the Ji-Haw defendants as Ji-Haw has appeared herein, has setup up no response to the jurisdictional allegations as required by law, and by objecting to the "manner" of service, has, in any event, entered a "general appearance" in this case subjecting Ji-Haw to the full jurisdiction of this honorable court and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER,**
**DREYER & KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS**
**GAMESTOP, CORP., GAMESTOP OF**
**TEXAS (GP) LLC, GAMESTOP TEXAS**
**LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this _3rd_ day of August, 2007.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas  78471
*Counsel for Plaintiff*

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas  78215
*Counsel for Plaintiff*

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas  78332
*Counsel for Defendant Microsoft Corporation*

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Counsel for Defendant Microsoft Corporation*

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154
*Counsel for Defendant Microsoft Corporation*

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas  78374
*Counsel for Intervenor Amador Lazo*

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas  77002
*Counsel for Jose Gomez*

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
*Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.*

David W. Green

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § § § § § | IN THE DISTRICT COURT |

Plaintiff,

AND

AMADOR LAZO, INDIVIDUALLY, AND
JOSE GOMEZ,

Intervenors,

VS.

MICROSOFT CORPORATION, GAMESTOP
CORP., GAMESTOP OF TEXAS (GP), LLC,
GAMESTOP TEXAS LP, ROEL SANTOS, JI-
HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW
AMERICA, INC. AND JH AMERICA, INC.,
AND JBT INTERNATIONAL, INC. A/K/A JI-
HAW AMERICA, INC. AND JH AMERICA,
INC.,

Defendants.



FILED AT 40 o'clock P M

AUG 1 3 2007

R. BARTON, CLERK
DISTRICT CLERK, DUVAL COUNTY, TEXAS
BY:_____ DEPUTY

229th JUDICIAL DISTRICT



EXHIBIT
C.29

DUVAL COUNTY, TEXAS

---

**MICROSOFT'S REPLY IN SUPPORT OF ITS OPPOSITION TO THE SPECIAL
APPEARANCES BY THE JI-HAW DEFENDANTS OR IN THE ALTERNATIVE,
VERIFIED MOTION FOR CONTINUANCE OF THE HEARING**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Microsoft Corporation, and pursuant to Rules 120a and 252 of

the Texas Rules of Civil Procedure, files this Reply in Support of its Opposition to the Special

Appearances by Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc.,

and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc. (collectively, the

---

MICROSOFT'S REPLY TO THE JI-HAW DEFENDANTS' SPECIAL APPEARANCES    PAGE 1
291/587721.04
081307/1113/20363.00396

"Ji-Haw Defendants"), or in the Alternative, Motion for Continuance of the Hearing on the Special Appearances, and shows the Court as follows:

## I.
## REPLY ARGUMENT

The Ji-Haw Defendants admit that they were properly served by Plaintiff Bonnie Broquet and have answered her First Amended Original Petition. By answering Plaintiff's First Amended Petition, the Ji-Haw Defendants waived any right to challenge service of process made under TEX. R. CIV. P. 121. In addition, the Ji-Haw Defendants have actual notice of Microsoft's, GameStop's, and Intervenor/Plaintiff Amador Lazo's jurisdictional allegations, all of which were filed with the Court and served on all counsel, including counsel for Ji-Haw. Nonetheless, the Ji-Haw Defendants argue that these jurisdictional allegations are not before the Court, because the Ji-Haw Defendants specially appeared in response to Plaintiff's First Amended Petition and were not formally served with Microsoft's and GameStop's Cross Claims and Mr. Lazo's Amended Petition.

Ji-Haw raised this service of process argument for the first time at the hearing on August 9, 2007. Counsel for Ji-Haw cited seven cases and represented to the Court that the cases hold that a specially appearing defendant cannot be served under TEX. R. CIV. P. 21a. Not one of the cases cited by Ji-Haw reaches such a holding. In fact, Ji-Haw's argument is contrary to the Texas Rules of Civil Procedure and substantive Texas law. Whether a party has been served and whether a party is subject to the Court's jurisdiction are separate issues governed by separate Civil Rules. The question presented by Ji-Haw Defendants' special appearances is whether they are amenable to service of process, not whether they were properly served. Indeed, even if Ji-Haw had not been served, the jurisdictional allegations are part of the record and must be

considered by the Court under TEX. R. CIV. P. 120a, regardless of whether Ji-Haw chooses to acknowledge the allegations. Finally, the Ji-Haw Defendants have generally appeared by orally moving to quash Microsoft's and GameStop's cross-claims.

**A.  The Purpose of Service of Process is to Provide Notice.**

The chief purpose of service of process is to provide "notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. U.S.*, 517 U.S. 654, 672 (1996); *see also City of Tyler v. Beck*, 196 S.W.3d 784, 787 n.1 (Tex. 2006); *Rose v. Rose*, 117 S.W.3d 84, 87 (Tex. App.-Waco 2003, no pet.) ("The purpose of service of citation is to ensure that the defendant has notice of the suit."). Accordingly, the Texas Legislature enacted two sensible rules that dispense with requiring issuance or citation after a defendant has appeared, either generally or specifically, in a case:

- "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121.

- "When a party asserts a counterclaim or a cross-claim against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21(a)." TEX. R. CIV. P. 124.

**B.  The Cases Cited By Ji-Haw Do Not Require Formal Service of Cross-Claims.**

None of the seven cases cited by the Ji-Haw Defendants at the hearing support their argument that a defendant who has specially appeared and answered cannot be served through counsel under Rule 21a.

The first three cases cited by the Ji-Haw Defendants stand for the unremarkable proposition that in the absence of jurisdictional allegations, a defendant can negate jurisdiction by presenting evidence of non-residency. *See Siskind v. Villa Found.*, 642 S.W.2d 434, 348 & n.5 (Tex. 1982), *Perna v. Hogan*, 162 S.W.3d 648, 653 (Tex. App.-Houston [14th Dist.] 2005, no

pet.); *and Frank A. Smith Sales, Inc. v. Atlantic Aero, Inc.*, 31 S.W.3d 742, 746 (Tex. App.-Corpus Christi 2000, no pet.). Here, however, as discussed in Microsoft's opposition brief, the pleadings contain detailed jurisdictional allegations sufficient to defeat the Ji-Haw Defendants' special appearances. *See Temperature Systems, Inc. v. Bill Pepper, Inc.*, 854 S.W.2d 669, 673 (Tex. App.-Dallas 1993, writ dism'd by agr.) ("[P]roof of nonresidency is not enough when a plaintiff alleges jurisdictional facts.").

The next three cases cited by the Ji-Haw Defendants—*Carter, Seariver,* and *von Briesen*—stand for the proposition that third-party defendants and cross-claim defendants who have not previously appeared must be served with any third-party claims or cross-claims. *See von Briesen v. French*, 78 S.W.3d 570, 515 (Tex. App.-Amarillo 2002, pet. dism'd w.o.j.); *Seariver Maritime, Inc. v. Hentz*, No. 01-99-00168-CV, 2000 WL 298425, at *2 (Tex. App.-Houston [1st Dist.] Mar. 23, 2000, pet. denied); *Carter v. G. & L. Tool Co.*, 428 S.W.2d 677, 681 (Tex. Civ. App.-San Antonio 1968, no writ). Here, the Ji-Haw Defendants have specially appeared and answered subject thereto, and have actual notice of the lawsuit and the cross-claims. Therefore, there is no requirement that they be served with the cross-claims and the amended petition by formal service with a citation. Instead, service on their counsel as provided in Rule 21(a) is sufficient.

The last case cited by the Ji-Haw Defendants is *Kawasaki Steel*. Under *Kawasaki*, even if there was some defect with service of process, the Ji-Haw Defendants could not challenge service by filing a special appearance. *See Kawasaki Steel Corp.*, 699 S.W.2d 199, 203 (Tex. 1985). Instead, defects in service of process must be challenged by a motion to quash and the "only relief is additional time to answer rather than dismissal of the cause." *Id.* at 202 (citing Tex R. Civ. P. 122).

Accordingly, the Ji-Haw Defendants have cited no cases that support their contention that defendants who file special appearances must be formally served with any cross-claims or amended petition. To the contrary, the cases support a conclusion that a defendant who files an answer subject to a special appearance either actually appears under Rule 121 or constructively appears under Rule 122.

C.    **Whether the Ji-Haw Defendants Were Properly Served is Irrelevant to Whether They Are Subject to Personal Jurisdiction in Texas.**

"A special appearance is a specific procedural mechanism to litigate one issue: that is, a special appearance is 'for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State.'" *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) (quoting TEX. R. CIV. P. 120a). In other words, "[t]he rule applies only when a defendant contends he is not amenable to process." *Id.*

"The words 'not amenable to process issued by the courts of this state' mean that the special appearance is available solely to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant." *Id.* (quoting *Kawasaki*, 699 S.W.2d at 202.) "A curable defect in service of process does not affect a non-resident defendant's amenability to service of process." *Kawasaki*, 699 S.W.2d at 203.

By filing a special appearance, the Ji-Haw Defendants cannot challenge whether they were properly served by Microsoft, GameStop, and Mr. Lazo. The only question before the Court is whether the Ji-Haw Defendants are amenable to process in Texas; i.e., whether the Court has jurisdiction over them.

**D.    The Court Must Consider All Jurisdictional Allegations Regardless of Whether the Ji-Haw Defendants Were Properly Served.**

Even if the Ji-Haw Defendants were not properly served with Microsoft's, GameStop's, and Mr. Lazo's jurisdictional allegations, those pleadings were filed with the Court and are part of the record. Accordingly, under Rule 120a, the Court *must* consider Microsoft's, GameStop's, and Mr. Lazo's jurisdictional allegations when ruling on the Ji-Haw Defendants' special appearances. And as discussed in Microsoft's opposition brief, the allegations in those pleadings are more than sufficient to state a colorable basis for this Court to assert jurisdiction over the Ji-Haw Defendants.

The Ji-Haw Defendants have not negated the jurisdictional allegations made in the pleadings file by Microsoft, GameStop, and Mr. Lazo. In fact, the Ji-Haw Defendants have not even addressed those allegations despite their burden to refute them. Accordingly, the Ji-Haw Defendants' special appearances must be denied.

**E.    The Ji-Haw Defendants Waived Their Jurisdictional Arguments By Orally Moving to Quash the Cross-Claims.**

At the hearing, the Ji-Haw Defendants moved to quash Microsoft's and GameStop's cross-claims by arguing that those cross-claims were not properly served. By doing so before the Court ruled on their special appearance, the Ji-Haw Defendants have made general appearances and waived their jurisdictional arguments:

> [W]e also disagree with Wright's contention that requiring him to raise his complaint regarding defective service in a motion to quash rather than in a special appearance forces him to waive his complaint that he is not amenable to process issued by a Texas court. As noted by the intermediate appellate court in Kawasaki, such complaint is without merit because a complaining defendant can limit his rule 120a special appearance arguments to the lack of minimum contacts issue, and then, if that fails, he can immediately file a motion to quash.

*Wright*, 137 S.W.3d at 246 n.4.

## II.
## CONCLUSION

The Ji-Haw Defendants have actual notice of Microsoft's and GameStop's cross-claims and have cited no authority for the proposition that cross-claims cannot be served under Rule 21a on a defendant who has specially appeared and answered. Regardless, the Court must consider the jurisdictional allegations in Microsoft's and GameStop's pleadings when ruling upon the Ji-Haw Defendants' special appearances. Moreover, the Ji-Haw Defendants waived their jurisdictional arguments by challenging Microsoft's and GameStop's services of their cross-claims. Accordingly, the Ji-Haw Defendants' special appearances should be denied, or in the alternative, continued until the Ji-Haw Defendants have responded to the cross-claims and, if necessary, the parties have completed jurisdictional discovery.

Respectfully submitted,

Eduardo Roberto Rodríguez
State Bar No. 00000080
Jaime A. Saenz
State Bar No. 17514859
Alison D. Kennamer
State Bar No. 11280400
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
Post Office Box 2155
1201 E. Van Buren Street - 78520
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Edie Gonzalez-Lemon
State Bar No. 00793833
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332
Telephone:  (361) 664-0011
Facsimile:  (361) 664-0013

Jerry K. Clements
State Bar No. 20888200
Thomas G. Yoxall
State Bar No. 00785304
Jason R. Marlin
State Bar No. 24050989
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

Douglas H. Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  (206) 624-3600
Facsimile:  (206) 389-1708

**ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

I certify that on this ___ day of August, 2007, a true and correct copy of the foregoing has been served upon counsel for all parties pursuant to the Texas Rules of Civil Procedure addressed as follows:

Douglas A. Allison (via facsimile and certified mail, return receipt requested)
LAW OFFICE OF DOUGLAS ALLISON
500 North Water Street
South Tower—Suite 1200
Corpus Christi, Texas 78471
Counsel for Plaintiff Bonnie Broquet

Darrell Barger  (via facsimile)
HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
N. Tower, 800 North Shoreline Boulevard, Ste 2000
Corpus Christi, Texas 78401
Counsel for GameStop Corp., GameStop of Texas  (GP) LLC,
GameStop Texas LP and Roel Santos

William J. Tinning (via facsimile)
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Counsel for Plaintiff Amador Lazo

Scot Doyen (via facsimile)
DOYEN SEBESTA
1010 Lamar St., Suite 950
Houston, Texas 77002
Counsel for Intervenor Jose Gomez

J. Alex Huddleston (via facsimile)
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio TX 78205-3715
Counsel for Ji-Haw Industrial Co., Ltd., a/k/a Ji-Haw America,
Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw
America, Inc. and JH America, Inc.

## CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO (A MINOR), | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| AND | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, AND JOSE GOMEZ, | § | |
| | § | |
| Intervenors, | § | |
| | § | 229th JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., | § | |
| | § | |
| Defendants. | § | DUVAL COUNTY, TEXAS |

## ORDER DENYING SPECIAL APPEARANCE

On the 9th day of August, 2007, came on to be heard the "special appearance" of Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH America, Inc.  After reviewing the pleadings, the responses and upon hearing the arguments of counsel, the court is of the opinion that the "special appearance" should be denied.

EXHIBIT
C.30

It is therefore ORDERED, ADJUDGED and DECREED that the special

appearance of Ji-Haw Industrial Co., Ltd. a/k/a Ji-Haw America, Inc. and JH

America, Inc., and JBT International, Inc. a/k/a Ji-Haw America, Inc. and JH

America, Inc. be in all things denied and that their objections to personal

jurisdiction and their amenability to process in the courts of Texas be in all things

denied.

SIGNED on this  21ˢᵗ  day of August, 2007.

_____
Honorable Alex W. Gabert
Judge Presiding

FILED AT. __35__ O'CLOCK P.M

DEC 12 2007

R. BARTON, CLERK
DISTRICT CLERK, DUVAL COUNTY, TEXAS
BY_____DEPUTY

### CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY AND BONNIE BROQUET, AS NEXT FRIEND AND AS LEGALLY APPOINTED REPRESENTATIVE OF KAYLA DEANNE LAZO **Plaintiffs,** | § § § § § § § § | **IN THE DISTRICT COURT** |
| **AND** | § § | |
| AMADOR LAZO, INDIVIDUALLY, AND JOHN MICHAEL LAZO, INDIVIDUALLY **Intervenors** | § § § § § § § | |
| **V.** | § § | **229TH JUDICIAL DISTRICT** |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP AND ROEL SANTOS **Defendants.** | § § § § § | **OF DUVAL COUNTY, TEXAS** |

### PETITION IN INTERVENTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** John Michael Lazo, Individually, hereinafter called Intervenor, complaining

of MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC,

GAMESTOP TEXAS LP and ROEL SANTOS, hereinafter called Defendants, and for cause of

action would show unto this Honorable Court as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the

provisions of Texas rule of Civil Procedure 190.4 as discovery is intended to be conducted under

Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

1



EXHIBIT
C.31

## II. PARTIES AND SERVICE

All parties are Texas Citizens.

Intervenor, JOHN MICHAEL LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas.

Plaintiff, Bonnie Broquet, Deceased, resided in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record.

Intervenor, AMADOR LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas.

Defendant, MICROSOFT CORPORATION, is a company doing business in the State of Texas, and have answered and appeared herein. A copy of this petition will be forwarded to their attorney of record.

Defendant, GAMESTOP, CORP., is a Texas Citizen as a corporation, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant, GAMESTOP OF TEXAS (GP), LLC, is a Texas Citizen as a Limited Liability Company, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant, GAMESTOP TEXAS LP, is a Texas Limited Partnershiop, and such partnership has its principal place of business in Grapevine, Texas. Defendant GAMESTOP TEXAS LP, is doing bueinss in the State of Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant, Roel Santos, is a Texas Citizen who resides in Alice, Jim Wells County, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

2

### III. VENUE

Venue in Duval County is proper in this cause because the incident and injuries all occurred in Duval County.

### IV. THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. Intervenor, JOHN MICHAEL LAZO, hereby adopt Plaintiffs' original pleading.

### V. FACTS

Intervenor, JOHN MICAEL LAZO, is the brother of his severely injured and permanently injured sister, Kayla Deanne Lazo. On or about June 11, 2006, a fire occurred upon the premises which in all probability originated at the entertainment center, and specifically the X-BOX designed, manufactured and marketed by Defendant, Microsoft Corporation which was defective in its design, manufacturing and marketing in many number of respects which had already resulted in a recall due to its propensity to overheat and pose a fire hazard, which in fact occurred, which severely injured the sister of JOHN MICHAEL LAZO who was standing pursuant to the bystander doctrine and/or family consortium and the general negligence principals in Texas as well, as the doctrine of products liability as it has evolved in the State of Texas, to recover for all his damages for the horrendous burns suffered by his sister, Kayla Deanne Lazo, a 13 year old minor. She is severely and permanently disabled and injured by the fire producingly or proximately resulting from the defective design, manufacture and marketing of the X-BOX in question, or by the negligence in the design, making and/or marketing of the X-BOX in question by Defendant, Microsoft Corporation.

Also, all Defendants knew of the defect in the X-BOX and its powers supply, and yet intentionally sent this X-BOX system into the marketplace and the home of the Lazos, proximately causing the fire, injuries, and potentially yet, the early demise of young Kayla Deanne Lazo. This conduct allows JOHN MICHAEL LAZO to recover reasonable and necessary medical expenses and mental anguish damages as well pursuant to the *Silcott v. Oglesby*, 721 S.W.2d 293 (TX 1986).

3

The damages exceed the court's minimum jurisdictional requirements which include reasonable medical care and expenses in the past, and in all probability to the end of her life.

    A.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    B.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

    C.    Loss of Body Member;

    D.    Loss of Mental Function;

    E.    Loss of Household Services in the past;

    F.    Loss of Household Services in the future;

    G.    Property damages in the amount that exceeds $50,000.00.

    H.    Mental anguish in the past;

    I.    Mental anguish in the future;

    J.    Fear of future disease or condition; and

    K.    Cost of medical monitoring and prevention in the future.

All damages that may be allowable by Texas law when its cause is presented to a jury for which the fee is separately tendered and which is hereby demanded.

Kayla Deanne Lazo was hospitalized at the Brooke Army Medical Center after the fire for a period of time and has numerous horrific complications, including the amputation of her leg and numerous instances where her lungs collapsed, all of which had been monitored contemporaneously, experienced, and witnessed by her brother, JOHN MICHAEL LAZO.

Defendants, GAMESTOP CORP, GAMESTOP OF TEXAS, GAMESTOP OF TEXAS (GP), LLC., GAMESTOP TEXAS LP, specifically represented that they will refurbish and deal with any

4

recalled merchandise before it is re-released and marketed to the public as was this particular X-BOX which was purchased from such Defendant under such representation, and intentional, and fraudulent conduct.

Roel Santos was acting outside the course and scope of their employment specifically represented, impliedly and expressly that the X-BOX purchased in question from him and the "GAMESTOP DEFENDANTS" was fit for a particular purpose and was safe and ready to be used in a reconditioned or "as new" condition of which such was not the case. As a direct and proximate result of such representations by Mr. Davila this fire and the injuries and damages proximately resulted therefrom.

"GAMESTOP DEFENDANTS" are also liable for their misrepresentations in not only being a non-innocent retailer but also for making independent misrepresentations in the design, marketing and retaining of the product in questions amounting to fraud, breach of expressed implied warranties, and misrepresentation and negligence and gross negligence all of which producingly or proximately caused the injuries and damages complained of.

Intervenor, JOHN MICHAEL LAZO's damages far exceed the minimum jurisdictional requirements of this Honorable Court.

Intervenor, JOHN MICHAEL LAZO seeks pre and post judgment interest at the legal rate.

As may be allowable for certain causes of action asserted, Intervenor, JOHN MICHAEL LAZO, is also entitled to recover reasonable and necessary attorney's fees.

Intervenor, JOHN MICHAEL LAZO also seeks declaratory relief which is not advisory or conclusory in nature as to the relative responsibility between the Defendants for this very preventable and tragic accident which may yet, ultimately cost Kayla Deanne Lazo her life, and which has to date caused incalculable pain and suffering on JOHN MICHAEL LAZO and caused him to occur the mental anguish of the horrific pain and suffering of his sister being severely and permanently scarred and burned by the loss of her limb and by seeing her go through the torture of burn care and burn

5

treatment and seeing her placed on a respirator and have to be resuscitated numerous times to date.

Regardless, Intervenor, JOHN MICHAEL LAZO also has a bystander claim.

Intervenor, JOHN MICHAEL LAZO seeks equitable and legal relief and any such further relief as may be allowable by Texas law at the time this cause was presented to trial.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Intervenor, JOHN MICHAEL LAZO, respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Intervenor against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which this Intervenor may be entitled at law or in equity.

PLAINTIFF REQUEST TRIAL BY JURY AND TENDER THE APPROPRIATE JURY FEE.

Respectfully submitted,

THE GARZA LAW FIRM
400 S.P.I.D., Ste. 203
Corpus Christi, Texas 78405
Telephone: 361/814-5500
Facsimile: 361/814-5501

By: _____
Veronica Garza
State Bar No. 24040961
Attorney for Intervenor
John Michael Lazo

**Intervenor hereby demands trial by jury**

6

## CERTIFICATE OF SERVICE

I certify that on December 11, 2007 a true and correct copy of Petition in Intervention was served to each person listed below by the method indicated.

_____
Veronica Garza          w/permission

**Via Facsimile & First Class Mail**
Thomas G. Yoxall
LOCKE, LIDDELL & SAPP, LLP
2200 Ross Avenue, Ste. 2200
Dallas, Texas 75201

**Via Facsimile & First Class Mail**
Darrell Barger
HARTLINE, DACUS, BARGER, DREYER & KERN, LLP
N. Tower, 800 N. Shoreline Blvd., Ste. 2000
Corpus Christi, Texas 78401

**Via Facsimile & First Class Mail**
Scot Doyen
DONATO, MINX & BROWN, PC.
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027-7525

**Via Facsimile & First Class Mail**
Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
S. Tower, 500 N. Water St., Ste. 1200
Corpus Christi, Texas 78471

**Via Facsimile & First Class Mail**
Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Ste. 4500
Seattle, WA 98154

**Via Facsimile & First Class Mail**
Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332

7

**Via Facsimile & First Class Mail**
William J. Tinning
LAW OFFICE OF WILLIAM J. TINNING
1013 Bluff Dr.
Portland, Texas 78374

**Via Facsimile & First Class Mail**
Jaime Carrillo
CARRILLO LAW OFFICE, L.L.P.
721 E. King
Kingsville, Texas 78363

**Via Facsimile & First Class Mail**
Charles L. Barrera
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384

**Via Facsimile & First Class Mail**
Eduardo R. Rodriguez
ATTORNEY AT LAW
P.O. Box 2155
Brownsville, Texas 78522

**Via Facsimile & First Class Mail**
Alex Huddleston
ATTORNEY AT LAW
300 Convent St., Ste. 900
San Antonio, Texas 78205

8