Broquet et al v. Microsoft Corporation et al
Case 2:08-cv-00094    Document 1-8    Filed 03/26/2008    Page 1 of 51
Doc. 1 Att. 7
01-11-'08 05:26  FROM-WIL   AM J TINNING PC    3616430004            T-918  P002/011 F-388

CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROUQUET, INDIVIDUALLY, § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS § | |
| LEGALLY APPOINTED § | |
| REPRESENTATIVE OF KAYLA § | |
| DEANNE LAZO, (A MINOR) § | |
| Plaintiffs § | |
| § | |
| AND § | |
| § | |
| AMADOR LAZO, INDIVIDUALLY, § | |
| And As Next Friend of BRITTANY § | |
| LAZO, MINOR § | 229TH JUDICIAL DISTRICT |
| Intervenor § | |
| § | |
| § | |
| VS. § | |
| § | |
| MICROSOFT CORPORATION, § | |
| GAMESTOP CORP., GAMESTOP § | |
| OF TEXAS (GP), LLC, GAMESTOP § | |
| TEXAS LP, AND ROEL SANTOS § | |
| JI-HAW INDUSTRIAL CO., LTD, A/K/A § | |
| JI-HAW AMERICA, INC., AND § | |
| JH AMERICA, INC., AND JBT § | |
| INTERNATIONAL, INC. A/K/A § | |
| JI-HAW AMERICA, INC. AND § | |
| JH AMERICA, INC. § | DUVAL COUNTY, TEXAS |

SECOND AMENDED PETITION IN INTERVENTION


EXHIBIT
C.32

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMADOR LAZO, INDIVIDUALLY, and As Next Friend of

BRITTANY LAZO, Minor, hereinafter referred to as Intervenor, complaining of

MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP)

LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD, A/K/A

JI-HAW AMERICA, INC., AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC.

Dockets.Justia.com

A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC., hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

## I.

## DISCOVERY CONTROL PLAN LEVEL

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II.

## PARTIES

All parties are Texas citizens.

Intervenor, AMADOR LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas. AMADOR LAZO is the managing conservator of BRITTANY LAZO and therefore has authority to bring a claim on her behalf under the Family Code.

Plaintiff is Texas Citizens who reside in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record Douglas A. Allision, 500 N. Water Street, South Tower, Ste. 1200, Corpus Christi, Texas 78471.

Defendant, MICROSOFT CORPORATION is a company doing business in the State of Texas, and have answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP, CORP., is a Texas Citizen as a corporation, and such corporation has its principal place of business in Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP OF TEXAS (GP) LLC, is a Texas Citizen as a Limited Liability Company, and such corporation has its principal place of business in

Grapevine, Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant GAMESTOP TEXAS LP, is a Texas Limited Partnership, and such partnership has its principal place of business in Grapevine, Texas. Defendant GAMESTOP TEXAS LP, is doing business in the State of Texas, and has answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. have answered and appeared herein by and through their attorney of record, Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

Defendant JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. have answered and appeared herein by and through their attorney of record, Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

### III.

### VENUE

Venue in Duval County is proper in this cause because the incident and injuries all occurred in Duval County.

### IV.

### THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. Intervenors hereby adopt all of Plaintiffs' live pleadings insofar as Plaintiffs' pleadings against MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC., AND JH AMERICA,

INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH
AMERICA, INC. are concerned.

## V.

### FACTS

Plaintiff Amador Lazo, is the natural father of his severely injured and
permanently injured daughter, Kayla. On or about June 11, 2006, a fire occurred upon
the premises which in all probability originated at the entertainment center, and
specifically the X-BOX designed, manufactured and marketed by Defendant Microsoft
Corporation which was defective in its design, manufacturing and marketing in many
number of respects which had already resulted in a recall due to its propensity to
overheat and pose a fire hazard, which in fact occurred, which severely injured the
daughter of Amador Lazo, and the sister of Brittany Lazo, who were standing pursuant
to the bystander doctrine and/or family consortium and the general negligence
principals in Texas as well, as the doctrine of products liability as it has evolved in the
State of Texas, to recover for all his damages for the horrendous burns suffered by Mr.
Lazo's minor daughter, Kayla Reanne Lazo, a 13 year old minor. She is severely and
permanently disabled and injured by the fire producingly or proximately resulting from
the defective design, manufacture and marketing of the XBOX in question, or by the
negligence in the design, making and/or marketing of the XBOX in question by
Defendant Microsoft Corporation.

Also, all Defendants knew of the defect in the XBOX and its power supply, and yet intentionally sent this XBOX system into the marketplace and the home of the Lazos, proximately causing the fire, injuries, and potentially yet, the early demise of young Kayla Deanne Lazo. This conduct allows for Mr. Lazo to recover reasonable and necessary medical expenses, and mental anguish damages as well pursuant to the *Silcott v. Oglesby Doctrine.*

The damages exceed the court's minimum jurisdictional requirements which include reasonable medical care and expenses in the past, and in all probability to the end of her life. These expenses were incurred by Mr. Lazo, as the responsible parent for his daughter, the minor Plaintiff, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

(a)   Reasonable and necessary medical care and expenses in the past and which will in all reasonable probability be incurred in the future;

(b)   Physical pain and suffering in the past;

(c)   Physical pain and suffering in the future;

(d)   Mental anguish in the past;

(e)   Mental anguish in the future;

All damages that may be allowable by Texas law when its cause is presented to a jury for which the fee is separately tendered and which is hereby demanded.

---

Kayla Lazo has been in the Brooke Army Medical Center since the fire and has numerous horrific complications, including the amputation of her leg and numerous instances where her lungs have collapsed, all of which had been monitored contemporaneously, experienced, and witnessed by her father.

Defendants GAMESTOP CORP, GAMESTOP OF TEXAS, GAMESTOP CORP, GAMESTOP TEXAS LP specifically represented that they will refurbish and deal with any recalled merchandise before it is re-released and marketed to the public as was this particular XBOX which was purchased from such Defendant under such representation, and intentional, and fraudulent conduct.

John Davila was acting outside the course and scope of their employment specifically represented, impliedly and expressly that the XBOX purchased in question from him and the "GAMESTOP DEFENDANTS" was fit for a particular purpose and was safe and ready to be used in a reconditioned or "as new" condition of which such was not the case. As a direct and proximate result of such representations by Mr. Davila this fire and the injuries and damages proximately resulted therefrom.

"GAMESTOP DEFENDANTS" are also liable for their misrepresentations in not only being a non-innocent retailer but also for making independent misrepresentations in the design, marketing and retailing of the product in question amounting to fraud, breach of expressed implied warranties, and misrepresentation and negligence and gross negligence all of which producingly or proximately caused the injuries and damages complained of.

Intervenor's damages far exceed the minimum jurisdictional requirements of this Honorable Court.

Intervenor seeks pre and post judgment interest at the legal rate.

As may be allowable for certain causes of action asserted, Intervenor is also entitled to recover reasonable and necessary attorney's fees.

Intervenor also seeks declaratory relief which is not advisory or conclusory in nature as to the relative responsibility between the Defendants for this very preventable and tragic accident which may yet, ultimately cost Kayla Lazo her life, and which has to date caused incalculable pain and suffering on Mr. Lazo and caused him to occur the responsibility for his minor daughter's reasonable and necessary medical care which to date in all probability exceeds $300,000.00 for the horrific pain and suffering and mental anguish he has incurred by the experience of his daughter being severely and permanently scarred and burned by the loss of her limb and by seeing her go through the torture of burn care and burn treatment and seeing her placed on a respirator and have to be resuscitated numerous times to date.

Amador Lazo and Bonnie Broquet were cohabiting in the same home where the fire occurred and were living as husband and wife, and were in fact common law married.

Even if it is found an element of common law marriage is absent, Amador Lazo is the natural father, and pursuant to the last decree of divorce and custody order, Amador Lazo is the responsible father and is responsible for the $300,000.00 plus in medical bills which have been incurred to date and for his responsible portions of her future medical care,  and is also suing on behalf of his part of Kayla's estate. Regardless, Amador Lazo and Brittany Lazo have a bystander claim.

Intervenor seeks equitable and legal relief and any such further relief as may be allowable by Texas law at the time this cause was presented to trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Intervenor against Defendants, for damages in an

amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which this Intervenor may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Telephone:   (361) 643-9200
Facsimile:   (361) 643-9600

By:

William J. Tinning
State Bar No. 20066500
**ATTORNEY FOR INTERVENOR**

**CO-COUNSEL:**       Jaime Carrillo
State Bar No. 03879300
CARRILLO LAW OFFICE, L.L.P.
721 East King
Kingsville, Texas 78363
Telephone:  (361) 595-4142
Facsimile:  (361) 595-0544

**LOCAL COUNSEL:**    Charles L. Barrera
State Bar No. 01805500
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384
Telephone:  (361) 279-2505
Facsimile:  (361) 279-2508

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all counsel of record by the method listed below on this the _11ᵗʰ_ day of January, 2008.

**_Via Facsimile & First Class Mail_**
Thomas G. Yoxall
LOCKE, LIDDELL & SAPP, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

**_Via Facsimile & First Class Mail_**
Darrell Barger
HARTLINE, DACUS, BARGER, DREYER & KERN, LLP
N. Tower, 800 N. Shoreline Blvd., Ste 2000
Corpus Christi, Texas 78401

**_Via Facsimile & First Class Mail_**
Scot Doyen
DONATO, MINX & BROWN, PC
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525

**_Via Facsimile(210)250-6100_**
Alex Huddleston

**_Via Facsimile & First Class Mail_**
Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
500 N. Water Street
South Tower – Suite 1200
Corpus Christi, Texas  78471

**_Via Facsimile: 206-389-1708_**
Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154

*Via Facsimile: 361-664-0013*
Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332

*Via Facsimile: 210-212-5880*
Adam Poncio

*Via Facsimile: 214-749-6326*
Jennifer L. Duncan

*Via Facsimile: 956-541-2170*
Eduardo R. Rodriguez

William J. Tinning

---

2nd Amended Petition In Intervention                    Page 10

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROUQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED | § | |
| REPRESENTATIVE OF KAYLA | § | |
| DEANNE LAZO, (A MINOR) | § | |
|          Plaintiffs | § | |
| AND | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, | § | |
| And As Next Friend of BRITTANY | § | |
| LAZO, MINOR | § | 229TH JUDICIAL DISTRICT |
|          Intervenor | § | |
| | § | |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP | § | |
| OF TEXAS (GP), LLC, GAMESTOP | § | |
| TEXAS LP, AND ROEL SANTOS | § | |
| JI-HAW INDUSTRIAL CO., LTD, A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC., AND JBT | § | |
| INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

## ORDER APPOINTING ~~ATTORNEY~~ *GUARDIAN* AD LITEM FOR THE MINOR, BRITTANY LAZO

After considering Intervenor's Request for Appointment of Attorney Ad Litem for the Minor, Brittany Lazo, the Court grants said request and appoints the following person as ~~Attorney~~ *GUARDIAN* Ad Litem for the Minor, Brittany Lazo:

Tomas Ramirez, III

P. O. Box 474 Devine, Texas 78016-0474

phone number: 210/854-7256

SIGNED on ___Feb 14th___, 2008.

_____
JUDGE PRESIDING

EXHIBIT
C.33

CAUSE NO. DC-06-218

| | |
|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND AS NEXT FRIEND AND ON BEHALF OF KAYLA DEANNE LAZO, A MINOR | § § § § § IN THE DISTRICT COURT § § § |
| Plaintiff, | § § 229TH JUDICIAL DISTRICT § |
| VS. | § § |
| MICROSOFT CORPORATION, GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC, GAMESTOP TEXAS LP, AND ROEL SANTOS | § § § § § § |
| Defendants. | § § DUVAL COUNTY, TEXAS § |

## ORDER APPOINTING GUARDIAN AD LITEM

On the _____ day of _____, 2008, came on to be considered the request and need for the appointment of a Guardian *Ad Litem* for Kayla DeAnne Lazo (a minor), and the Court having considered such request and need, the Court enters the following ruling:

IT IS ORDERED, ADJUDGED AND DECREED that David Towler is hereby appointed as the Guardian *Ad Litem* for Kayla DeAnne Lazo in the above-styled and numbered cause, and shall thus serve as the Guardian *Ad Litem* for Kayla Deanne Lazo (a minor) in this case.

Signed and entered on this the 14th day of Feb _____, 2008.

_____
JUDGE PRESIDING

EXHIBIT
C.34

CAUSE NO.  DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY, AND §<br>AS NEXT FRIEND AND AS LEGALLY §<br>APPOINTED REPRESENTATIVE OF §<br>KAYLA DEANNE LAZO (A MINOR) §<br> §<br>    Plaintiff, §<br> §<br>and §<br> §<br>AMADOR LAZO, INDIVIDUALLY, and §<br>JOHN MICHAEL LAZO, INDIVIDUALLY §<br> §<br>    Intervenors, §<br> §<br>vs. §<br> §<br>MICROSOFT CORPORATION, GAMESTOP §<br>CORP., GAMESTOP OF TEXAS (GP), LLC, §<br>GAMESTOP TEXAS LP, AND ROEL §<br>SANTOS §<br> §<br>    Defendant. §<br> § | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br>DUVAL COUNTY, TEXAS<br><br><br><br><br>229TH JUDICIAL DISTRICT |

## DEFENDANT GAMESTOP CORP., GAMESTOP
## OF TEXAS (GP), LLC., GAMESTOP TEXAS, LP.
## AND ROEL SANTOS'
## ORIGINAL ANSWER TO PETITION IN INTERVENTION
## OF JOHN MICHAEL LAZO

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **GAMESTOP CORP., GAMESTOP OF TEXAS (GP), LLC.,**
**GAMESTOP TEXAS, LP. And ROEL SANTOS**, Defendants in the above-styled and
numbered cause, and file this their Original Answer to the Petition In Intervention of **JOHN**
**MICHAEL LAZO** herein, and for such Answer would respectfully show the Court as follows:



EXHIBIT
C.35

## I.

### ORIGINAL ANSWER

Defendants generally deny the allegations contained in the Petition In Intervention and, upon this denial, demand a trial of the issues.

## II.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants request, upon final hearing hereof, that this Court order that the Intervenors take nothing against them by reason of their suit, but that Defendants have judgment for costs of suit and for general relief to which they may be justly entitled.

Respectfully submitted,

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
**HARTLINE, DACUS, BARGER, DREYER &**
**KERN, L.L.P.**
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)

**ATTORNEYS FOR DEFENDANTS**
**GAMESTOP, CORP., GAMESTOP OF TEXAS**
**(GP) LLC, GAMESTOP TEXAS LP AND**
**ROEL SANTOS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on this _____ day of _____ Feb_____, 2008.

Douglas A. Allison
John B. Martinez
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower - Suite 1200
Corpus Christi, Texas 78471
**Counsel for Plaintiff**

Victor Cerda
Adam Poncio
CERDA & PONCIO
924 McCullough
San Antonio, Texas 78215
**Counsel for Plaintiff**

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332
**Counsel for Defendant Microsoft Corporation**

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
**Counsel for Defendant Microsoft Corporation**

Eduardo Rodriguez
P. O. Box 2155
Brownsville, Texas 78522
**Counsel for Defendant Microsoft Corporation**

Veronica Garza
THE GARZA LAW FIRM
400 S.P.I.D., Suite 203
Corpus Christi, Texas 78405
**Counsel for Intervenor John Michael Lazo**

Douglas Fleming
Riddell Williams, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
**Counsel for Defendant Microsoft Corporation**

William Tinning
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
**Counsel for Intervenor Amador Lazo**

Scot G. Doyen
DOYEN SEBESTA, LTD., LLP
1010 Lamar, Suite 950
Houston, Texas 77002
**Counsel for Jose Gomez**

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, TX 78205
**Counsel for Ji-Haw Industrial Co. Ltd. and JBT International, Inc.**

Charles L. Barrerra
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384
**Counsel for Intervenor Amador Lazo**

Jaime Carrillo
CARRILLO LAW OFFICE, L.L.P.
721 E. King
Kingsville, Texas 78363
**Counsel for Intervenor Amador Lazo**

David W. Green

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROQUET, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AND AS | § | |
| LEGALLY APPOINTED REPRESENTATIVE | § | |
| OF KAYLA DEANNE LAZO | § | |
| LAZO (A MINOR) | § | |
| | § | |
| Plaintiff, | § | 229TH JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| GAMESTOP CORP., GAMESTOP OF | § | |
| TEXAS (GP), LLC, GAMESTOP TEXAS LP, | § | |
| ROEL SANTOS; | § | |
| JI-HAW INDUSTRIAL CO., LTD., A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC., AND | § | |
| JBT INTERNATIONAL, INC., A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC., | § | |
| | § | |
| Defendants. | § | DUVAL COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Nelda Gomez, in her individual capacity; and Nelda Gomez in her

capacity as next friend to Kayla DeAnne Lazo and in her capacity as the legally and duly

appointed Guardian of the Estate of Kayla DeAnne Lazo (a minor); and Nelda Gomez in her

capacity as the representative of Estate of Bonnie Broquet (deceased), all sometimes hereinafter

referred to as Plaintiff, and makes and files this her Plaintiff's Second Amended Original Petition

complaining of Microsoft Corporation (herein after referred to as 'Defendant Microsoft'),

EXHIBIT
C.36

Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP (hereinafter collectively

referred to as 'Defendants Gamestop'), Roel Santos (hereinafter referred to as 'Defendant

Santos'), Ji-Haw Industrial Co., Ltd. (a/k/a 'Ji-Haw America, Inc.,'  and 'JH America, Inc.'), and

JBT International, Inc. (also a/k/a 'Ji-Haw America, Inc.,'and 'JH America, Inc.')(herein after

these two (2) defendants may be collectively referred to as 'Defendants Ji-Haw'), and all

defendants herein may be collectively referred to as Defendants, and in support of this filing

would show to this Honorable Court the following:

## I.

### Discovery

Plaintiff intends to conduct discovery in this matter pursuant to the Texas Rules of Civil

Procedure (Level 3). At the time of any appropriate scheduling conference or other hearing for

the calendaring of a trial date, Plaintiff respectfully requests the entry of a court order for

management of the discovery (and other matters) in this case.

## II.

### Venue

Venue is proper in Duval County, Texas,  pursuant to Section 15.002(a)(1) of the Texas

Civil Practice and Remedies Code. All or a substantial part of the events or omissions giving

rise to this claim occurred in Duval County, Texas.

## III.

### Plaintiff

Bonnie Broquet is presently deceased, but was a resident of Texas at times material to the

assertion of this lawsuit. Nelda Gomez is a resident of of Texas, and resides in San Diego, Duval

---

Plaintiff's Second Amended Original Petition
DAA/plr                          Page -2-

County, Texas (at the time of the filing of this suit, and at the present time). Bonnie Broquet was the natural mother of Kayla Deanne Lazo. Nelda Gomez is the natural maternal grandmother of Kayla DeAnne Lazo. At the time of the filing of this suit, Bonnie Broquet was the only court appointed representative who had authority to file claims/suits on behalf of Kayla Deanne Lazo. At the present time, Nelda Gomez is the legally and duly appointed Guardian of the Estate of Kayla DeAnne Lazo.

## IV.

### Defendants

Defendant Microsoft Corporation is a Washington corporation, and has its principal place of business in Redmond, Washington. Defendant Microsoft is a company doing business in the State of Texas, and may be served with process by serving its Texas registered agent for service of process, Corporation Service Company D B A +, 701 Brazos Street, Suite 1050, Austin, Texas78701, via certified mail, return receipt requested. Defendant Microsoft has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for Defendant Microsoft.

Defendant Gamestop Corp. is a Delaware corporation, and such corporation has its principal place of business in Grapevine, Texas. This Defendant Gamestop is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. This Defendant has already answered and appeared herein, and thus no

further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendant Gamestop of Texas (GP) LLC is a Delaware limited liability company, and such company has its principal place of business in Grapevine, Texas. This Defendant Gamestop of Texas (GP) LLC is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. This Defendant has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendant Gamestop Texas LP, is a Texas limited partnership, and such partnership has its principal place of business in Grapevine, Texas. This Defendant Gamestop Texas LP is doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, C T Corporation System, 350 North St. Paul, Dallas, Texas 75201, via certified mail, return receipt requested. This Defendant has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendant Roel Santos is an individual who resides in Alice, Jim Wells County, Texas. Defendant Santos is a manager at one of the Gamestop stores (the store located at 2000 Dr. N.W. Atkinson Street, Alice, Texas 78332). Defendant Santos may be served at this address, via certified mail, return receipt requested. Defendant Santos has already answered and appeared herein, and thus no further service of process is necessary at this time. Plaintiff's counsel will

serve a copy of this amended pleading upon the legal counsel for Defendant Santos.

Defendant Ji-Haw Industrial Co., Ltd. (a/k/a 'Ji-Haw America, Inc.,' and 'JH America, Inc.') is a foreign corporation, and such corporation has its principal place of business in the country of Taiwan. Defendant Ji-Haw further maintains its principal place of business (within the United States) within the State of California, at 3545 Lomita Boulevard, Unit B, Torrance, CA 90505. Defendant Ji-Haw further maintains offices at 20809 Higgins Ct, Torrance, CA 90501. This Defendant Ji-Haw may be served with process by serving its president or vice-president at 3545 Lomita Boulevard, Unit B, Torrance, California, 90505, via certified mail, return receipt requested. Additionally, this Defendant Ji-Haw may be served with process by serving its president or vice-president at 20809 Higgins Ct, Torrance, CA 90501. Finally, this Defendant may be served with process by serving Brian Sprague (registered agent for JBT International, Inc., an alter ego/ joint enterprise entity with this Defendant) at 1023 Beech Ave, Torrance, CA 90501, via certified mail, return receipt requested. Defendant Ji-Haw has already answered and appeared herein (subject to their special appearance), and thus no further service of process is necessary at this time. Plaintiff's counsel will serve a copy of this amended pleading upon the legal counsel for Defendant Ji-Haw.

Defendant JBT International, Inc. (also a/k/a 'Ji-Haw America, Inc.'and 'JH America, Inc.') is a foreign corporation existing under the laws of the State of California, and such corporation has its principal place of business at 3545 Lomita Boulevard, Unit B, Torrance, CA 90505, and another such place of business at 20809 Higgins Ct, Torrance, CA 90501. This Defendant may be served with process by serving its registered agent for service of process, Brian Sprague at 1023 Beech Ave, Torrance, CA 90501, via certified mail, return receipt requested. This Defendant has already answered and appeared herein (subject to their special

appearance), and thus no further service of process is necessary at this time. Plaintiff's counsel

will serve a copy of this amended pleading upon the legal counsel for this Defendant.

Defendants Ji-Haw Industrial Co., Ltd., and JBT International, Inc., are a single business

enterprise, are engaged in a joint enterprise, and/or each is the alter ego of the other. Therefore,

these defendants will herein after sometimes be referred to collectively as 'Defendants Ji-Haw.'

### V.

### State Court Jurisdiction

Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed a citizen of any state in

which it has been incorporated and of the state where it has a principal place of business. The

various Gamestop entities (Defendants Gamestop) have a principal place of business in

Grapevine, Texas. In addition, Defendant Santos is an individual who resides in and is a citizen

of the State of Texas. In addition, Defendant Gamestop Texas LP is a Texas defendant. Further,

this suit has been on file for more than one (1) year. As such, any removal to federal court by any

Defendant would be improper.

### VI.

### The Incident

Plaintiff would show that on or about June 11, 2006, a fire started in the home of

Plaintiff. The fire was started as a result of a defect in an XBOX game system (hereinafter

sometimes referred to as "XBOX," and such reference may refer to the game console itself,

and/or the power line cord, and/or these components in combination) that was originally

designed, manufactured and marketed by Defendants. As a result of the fire, Kayla Deanne Lazo

was badly burned and continues to severely suffer from her on-going personal injuries. In

addition, Bonnie Broquet suffered severe personal injuries. Moreover, the home and its contents have all been substantially destroyed as a result of the fire mentioned herein. The fire, and the harm and legal harm caused by such fire, are the reasons for the filing of this suit.

## VII.

### Defendant Microsoft

Plaintiff would show that the XBOX game system (and its component parts) was designed, manufactured, and marketed by Defendant Microsoft. Plaintiff would show that the subject XBOX game system was defective, and that such defective condition was a producing cause of the fire made the subject of this suit (and the resulting injuries to Plaintiff). More specifically, the subject XBOX game system was unreasonably dangerous (as this term is defined in law) at the time that such XBOX game system left the control of Defendant Microsoft. Plaintiff would show that the subject XBOX game system was defective in its design, manufacture, and marketing (as these theories of legal recovery are defined in law). Further, Plaintiff would show that safer alternative designs existed at the time of manufacture of this product, and that such safer alternative designs were technologically and economically feasible at the time of manufacture of this product. Nonetheless, Defendant Microsoft made the choice to design, manufacture, and market their marginal and unsafe (and unreasonably dangerous) product. Plaintiff relies upon the Texas Civil Practice and Remedies Code, Chapter 82, and the common law of the State of Texas, and §402 Restatement of Torts (Second), in support of these claims and allegations.

Plaintiff would further show that Defendant Microsoft was negligent in the development, research, design, manufacturing, testing, marketing, inadequate recalling, and/or selling of the subject XBOX game system, and that such negligence was a proximate cause of the fire made the subject of this suit (and Plaintiff's injuries). Such negligent acts and/or omissions may include (but shall not be limited to) the following:

(1)    Failing to use ordinary care in the testing of the power cord and/or XBOX game system made the subject of this suit;

(2)    Failing to use ordinary care in the design and/or development of the power cord and/or entire XBOX game system made the subject of this suit;

(3)    Failing to use ordinary care in the manufacture and/or selling (and/or distribution) of the power cord and/or XBOX game system made the subject of this suit;

(4)    Failing to use ordinary care in supervision of the design, testing, development, and/or manufacture and/or selling (and/or distribution) of the power cord and/or XBOX game system made the subject of this suit;

(5)    Failing to use ordinary care so as to assure the recall of the power cord and/or XBOX game system made the subject of this suit;

(6)    Failing to use ordinary care so as to assure proper refurbishing and/or replacing of the power cord and/or XBOX game system made the subject of this suit (by Defendants Gamestop, or another);

(7)   Failing to use ordinary care by the failures to adequately warn and/or warn of the hazards associated with the power cord and/or XBOX game system made the subject of this suit;

(8)   Failing to have reasonable general recall policies (replacement policies) of potentially dangerous products (including the power cord and entire XBOX game system in this case);

(9)   Failing to have reasonable specific recall policies (replacement policies) for the specific power cord that was the cause of the fire in this case;

(10)  Failing to assure (as would a company using ordinary care) that recalled/ replaced power cords are identified, gathered, removed from service, and destroyed so as to assure that a recalled/ replaced power cord is not re-used (as would a company using ordinary care);

(11)  Failing to train;

(12)  Failing to supervise;

(13)  Failing to assure proper destruction of a defective product or products;

(14)  Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery is on-going in this matter, and thus further facts will be revealed as more information becomes available. Thus, Plaintiff reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

## VIII.

### Defendants Gamestop

Gamestop Corp., Gamestop of Texas GP, LLC, and Gamestop Texas LP (hereinafter collectively referred to as 'Defendants Gamestop') re-sold the actual XBOX game system made the subject of this suit. This re-selling of the subject XBOX game system was a commercial sale of a refurbished XBOX game system. As such, Defendants Game Stop manufactured, designed, and marketed the XBOX game system made the subject of this suit. There were design defects and/or manufacturing defects and/or marketing defects existing with the product (the XBOX game system (its console and/or power cord) at the time that it left the possession of Defendants Gamestop. This refurbishing and re-selling of the subject XBOX game system was a commercial sale of a defective product (as this term is defined in law). All of the conduct of Defendants Gamestop was a producing cause of the fire made the subject of this suit (and Plaintiff's injuries). Plaintiff would show that the re-selling of the XBOX game system (the product (the console, and the power cord)) by Defendants Gamestop gives rise to liability of Defendants Gamestop (all as pleaded herein above, and herein below).

Further, Plaintiff would show that the acts and/or omissions of Defendants Gamestop constitutes negligence, and that such negligence was a proximate cause of the fire made the subject of this suit. Such negligent acts and/or omissions include, but are not limited to, the following):

(1)     Failing to test the subject XBOX game system for defects (especially in light of the power cord recall/ replacement program (the product made the subject of this suit));

02/19/2008 13:54 FAX 361 888 '' `1        DOUG ALLISON                    ☒013/019

(2)    Failing to repair, refurbish, and/or modify the subject XBOX game system so as to make safe such XBOX game system;

(3)    Failing to provide the purchaser of the subject XBOX game system with a replacement cord ('replacement cord' or 'new cord') so as to minimize or remove the known risk of fire associated with the subject XBOX game system;

(4)    Failing to correct any defects within the XBOX game system and/or power cord for the subject XBOX game system;

(5)    Failing to train employees with respect to the correct procedures to be followed with a used/refurbished XBOX game system;

(6)    Failing to supervise employees with respect to the correct procedures to be followed with a used/refurbished XBOX game system;

(7)    Failing to accomplish the recall and/or replacement of the subject XBOX game system (and/or its component parts);

(8)    Failing to use due care and thus appropriately warn of the hazards and/or dangers of the subject XBOX game system (with the subject power cord);

(9)    negligent representations and negligent omissions with respect to the communications by Defendants Gamestop relating to the XBOX game system made the subject of this suit;

(10)   Failing to provide the correct power cord (as would have been done by a corporation in the exercise of reasonable care);

(11)   Failing to provide a non-recalled type of power cord (as would have been done by a corporation in the exercise of reasonable care);

(12)   Failing to provide a non-replaced type of power cord (as would have been done by a corporation in the exercise of reasonable care);

(13)   Failing to destroy the subject power cord;

(14)   Failing to return the subject power cord to Defendant Microsoft;

(15)   Failing to comply with the terms of the Gamestop/Microsoft contract regarding the handling of a product subject to a recall;

(16)   Failing to train;

(17)   Failing to supervise;

(18)   Failing to assure proper destruction of a defective product or products; and

(19)   Failing to use ordinary care by such other improper and/or unsafe acts and/or omissions as may be revealed in the discovery process.

Plaintiff recognizes that legal discovery is on-going in this matter, and thus further facts will be revealed as more information becomes available. Thus, Plaintiff reserves the right to modify, add to, delete, and/or revise all allegations of negligence as set forth herein.

Defendants Gamestop are companies that sell new game systems, and re-sell used game systems, and refurbish and re-sell game systems (such as the XBOX game system (console and power cord) in this case.)  Defendants Gamestop are liable to Plaintiff in negligence (as pleaded herein above), and liable to Plaintiff as a manufacturer and/or non-manufacturing seller since Defendants Gamestop knew of the fire defect in the type of XBOX game system (including the

power cord) made the subject of this suit at the time it supplied the product. In addition,

Defendant Gamestop resold and repackaged used and/or refurbished XBOX game systems giving

Defendants Gamestop substantial control over the content of warnings or instructions that

accompany the product (such as warnings about the fire hazard and instructions on the need for

obtaining replacement cords). For all of these reasons as stated herein, and herein above,

Defendants Gamestop are liable to Plaintiff in negligence and product liability.

By way of further pleading, Plaintiffs would show that Defendants Gamestop operate

their business as a single business enterprise, and/or alter egos of each other, and in joint

enterprise with each other. As such, the negligent acts and/or omissions of one Gamestop entity

are imputed to the other Gamestop entities. These various legal entities act as a single business.

## IX.

### Defendant Santos

Defendant Santos is an individual who is employed as a manager for Defendants

Gamestop's Alice store where the subject XBOX game system was re-sold (eventually ending up

in the home where the fire occurred). For his conduct and/or products related thereto, Defendant

Santos is liable to Plaintiff herein. In this regard, Plaintiff would show that Defendant Santos

was negligent, and that such negligence was a proximate cause of the occurrence made the

subject of this suit (and related injuries). Moreover, Plaintiff would show that Defendant Santos

was negligent with his making of certain representations relating to the re-selling of the subject

XBOX game system. Some of the negligent conduct was within the course of business for

Defendants Gamestop, and some of the negligent conduct of Defendant Santos was outside the

typical course of business for Defendants Gamestop. Such negligent acts and/or omissions by

this Defendant Santos include, but are not limited to, those allegations of negligence as set forth herein above.

## X.

### Respondeat Superior

In part, Defendant Santos was an employee of Defendants Gamestop when he committed his negligent acts and/or omissions. In part, the negligence of Defendant Santos was committed while in the course and scope of his employment with Defendants Gamestop. Such negligence was a proximate cause of Plaintiff's injuries. As such, Defendants Gamestop are also vicariously liable to Plaintiff under the theory of *respondeat superior*.

## XI.

### Defendants Ji-Haw

Plaintiff would further show that Defendants Ji-Haw are legally responsible for the incident made the basis of this suit. Defendants Ji-Haw are guilty of negligence, and such negligent acts and/or omissions were a proximate cause of the incident made the basis of this suit (and Plaintiff's injuries). Further, Defendants Ji-Haw are liable to Plaintiff in strict liability (as such theories of liability are stated herein above, in part), with such conduct a producing cause of the fire made the subject of this suit (and Plaintiff's injuries).

## XII.

### Legal Malice

Plaintiff would show that Defendant Microsoft is further liable to Plaintiffs for further/exemplary damages. Defendant Microsoft's conduct rises to the level of gross

negligence/ legal malice, and such conduct was a producing cause and proximate cause of the incident made the basis of this suit. In fact, Defendant Microsoft has engaged in conduct that had a high probability of substantial injury to others. Plaintiff seek fair and reasonable punitive and exemplary damages.

## XIII.

### Reasonable Compensation

Plaintiff Nelda Gomez hereby sues individually and in all representative capacities (as noted herein above). Plaintiff Nelda Gomez, in her individual capacity, seeks all legal damages and remedies allowed in law for her bystander claims. Plaintiff Nelda Gomez, as next friend of Kayla DeAnne Lazo and as the legally and duly appointed Guardian for the Estate of Kayla DeAnne Lazo (a minor), seeks all reasonable and just compensation for Kayla's injuries and legal harm. Such legal damages sought through Nelda Gomez on behalf of Kayla DeAnne Lazo include, but are not limited to, the legal injuries of pain and suffering, mental anguish, loss of physical capacity, disfigurement, loss of wages and/or wage earning capacity, and reasonable and necessary medical expenses after the age of eighteen (18) years.[1] Plaintiff Nelda Gomez, as representative of the Estate of Bonnie Broquet (deceased), also seeks all legal damages and remedies available to the Estate of Bonnie Broquet (as a result of the incident made the basis of this suit). All of these legal damages are within the jurisdictional limits of this Honorable Court. All of these legal damages have occurred in the past, and are expected to continue into the future.

---

[1]By Order of the Honorable Carl Lewis, all claims on behalf of Kayla DeAnne Lazo are asserted by and through Nelda Gomez, except that Amador Lazo is asserting claims for, and is legally responsible for paying, all past medical bills and expenses and all other medical bills and expenses until such time as Kayla DeAnne Lazo reaches the age of eighteen (18) years.

## XIV.

Plaintiff respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial before a jury, that Plaintiff recover judgment of and from the Defendants, jointly and severally, for the actual, compensatory, special, exemplary, and additional damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief to which Plaintiff may, in law or in equity, show herself (individually, and/or for Kayla DeAnne Lazo, and/or for the Estate of Bonnie Broquet) justly entitled.

Respectfully submitted,

**LAW OFFICES OF DOUGLAS ALLISON**

500 North Water Street

South Tower - Suite 1200

Corpus Christi, Texas 78471

(361) 888-6002

(361) 888-6651 (Fax)

By: _____

Douglas A. Allison

State Bar No. 01083500

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record by fax on this the _19th_ day of February, 2008.

Douglas A. Allison

**SENT VIA TELEFAX:**

William J. Tinning
LAW OFFICES OF WILLIAM J. TINNING
1013 Bluff Drive
Portland, Texas 78374

Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, L.L.P.
520 E. Second Street
Alice, Texas 78332

Jerry Clements
Thomas Yoxall
Jason Marlin
LOCKE, LIDDELL & SAPP, L.L.P.
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201

Adam Poncio
Cerda & Poncio
924 McCullough
San Antonio, Texas 78215

Douglas Fleming
RIDDELL WILLIAMS, P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154

David Green
Darrell Barger
HARTLINE, DACUS
BARGER, DREYER & KERN, L.L.P
800 N. Shoreline Blvd., Suite 2000
Corpus Christi, Texas 78401

Mr. Scott Doyen
DOYEN & SEBESTA
1010 Lamar, Suite 950
Houston, Texas 77002

Eduardo Roberto Rodriguez
RODRIGUEZ, COLVIN, CHANEY & SAENZ
P.O. Box 2155
Brownsville, Texas 78522

Alex Huddleston
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205

Plaintiff's Second Amended Original Petition          Page -17-
DAA/plr

CAUSE NO. DC-06-218

BONNIE BROQUET, INDIVIDUALLY,       §        IN THE DISTRICT COURT
AS NEXT FRIEND, AND AS LEGALLY      §
APPOINTED REPRESENTATIVE OF         §
KAYLA DEANNE LAZO, A MINOR          §
                                    §
     *Plaintiff,*                       §
                                    §        229th JUDICIAL DISTRICT OF
VS.                                 §
                                    §
MICROSOFT CORPORATION,              §
GAMESTOP CORP., GAMESTOP OF         §
TEXAS (GP), LLC, GAMESTOP TEXAS     §
LP, AND ROEL SANTOS,                §
                                    §
     *Defendants.*                     §        DUVAL COUNTY, TEXAS

## FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

On this 20th day of Feb _____, 2008, came on to be heard the above-styled and

numbered cause wherein appeared the **Plaintiffs**, representative of the Estate of Bonnie Broquet

(Deceased), Nelda Gomez, Individually and as Next Friend of Kayla Deanne Lazo and Brittany

Lazo, Minors, and as Guardian of the Estate of Kayla Deanne Lazo, Minor; **Intervenors**,

Amador Lazo, Individually and as Next Friend of Brittany Lazo, Minors; Jose Gomez; and John

Michael Lazo (collectively, the "Plaintiffs"), by and through their attorneys of record, and

**Defendants** GameStop Corp.; GameStop of Texas (GP) LLC; GameStop Texas LP; and, Roel

Santos, Jr. (collectively, the "GameStop Defendants"), by and through their attorneys of record.

Also appeared David Towler, heretofore appointed by this Court as *Guardian ad Litem*

for the incapacitated minor Plaintiff, Kayla Deanne Lazo; and Tomas Ramirez, III heretofore

appointed by this Court as *Guardian ad litem* for the [Intervening] minor Brittany Lazo.

It was announced to the court that a settlement has been reached as between the Plaintiffs

and the GameStop Defendants and it was further announced to the Court that, subject to the



approval of the Court, a compromise settlement had been reached in this case, which agreement is to be confidential, and further the terms of which are set forth in the Settlement Agreement and Release ("Exhibit 1"). The total amount of the settlement is confidential, the terms of which are described in Exhibit "A," which is separately tendered to the Court for review and which is not filed of record.

The GameStop Defendants are to pay Plaintiffs certain sums of money in exchange for a full settlement and release of all claims, demands, and causes of action, whether known or unknown, which have arisen, or may arise, as a result of the accident in question. It was further announced that said compromise Settlement Agreement and Release was being made on doubtful and disputed claims, and that the GameStop Defendants have denied any liability to Plaintiffs and/or Intervenors.

David Towler and Tomas Ramirez, III, *Guardians ad Litem*, having asked for and received reasonable time to acquaint themselves with the facts and the law herein, and after study and deliberation, reported to the Court that, in their opinion, the Settlement Agreement and Release presented to the court is fair, just, and reasonable and in the best interest of the incapacitated minor Plaintiff, Kayla Deanne Lazo, and the [Intervening] minor, Brittany Lazo.

The Court having been made known of the Settlement Agreement and Release, having called for evidence bearing upon such an agreement, having read the pleadings in this case pertaining to the manner in which the accident occurred, the liability and fault of the parties, if any, the nature and extent of all the injuries and damages sustained by the Plaintiffs and/or Intervenors, and having heard fully testimony, finds that there is a dispute as to liability in this case, and that there is also a dispute as to the extent of damages to which Plaintiffs and Intervenors may be entitled. The court further finds from the evidence that such Settlement

2

Agreement and Release is a compromise settlement and is not an admission of liability on the part of the GameStop Defendants, and further, the Court is of the opinion that the terms of the Settlement Agreement and release are just, fair and reasonable and should be approved and said agreement is hereby **APPROVED**.

Accordingly, the Court makes the following findings and Orders:

It is **ORDERED, ADJUDGED and DECREED** that Plaintiffs and the GameStop Defendants have satisfactorily compromised and settled all of the issues involved herein; and

It is further **ORDERED, ADJUDGED and DECREED** by the Court that payment of the monies set forth in Exhibit "**A**," and payment of other agreed upon consideration to Plaintiffs and Intervenors as set forth in the executed Settlement Agreement and Release, fully and finally satisfies and discharges in full all obligations of the GameStop Defendants and that they are hereby forever relieved and discharged of and from any and all liabilities, claims, demands and causes of action of whatsoever nature asserted or which might have been asserted herein, known or unknown, accrued or to accrue, arising from or in any manner growing out of the accident or occurrence on or about June 11, 2006, in Duval County, Texas, as described in Plaintiffs' and Intervenors' respective Original Petitions and any Amended versions thereof, and no execution shall ever issue hereon;

It is further **ORDERED, ADJUDGED and DECREED** that the settlement Agreement and Release are fair and equitable and that the same should be, and are hereby in all things approved, and the Court hereby specifically finds that the terms of the Settlement Agreement and Release are in the best interest of the minor Plaintiff, Kayla Deanne Lazo, and the [Intervening] minor Brittany Lazo, and the actions of the duly appointed Guardians ad Litem in ~~executing such~~ approving such agreement ~~agreement~~ are hereby ratified and approved, and their actions in so executing said agreement are

3

hereby held to be binding upon the minor Plaintiff, Kayla Deanne Lazo, and the [Intervening] minor Brittany Lazo for whom they acted;

The Court finds that the terms of the Settlement Agreement and Release authorized the GameStop Defendants and/or their insurers to purchase one or more annuity policies to make the periodic payments as outlined in Exhibit "*A*" and outlined in the agreement. It is therefore **ORDERED, ADJUDGED and DECREED** that upon the purchase and funding of such annuity policies the GameStop Defendants are fully discharged from any further obligation or liability for the payment of the periodic payments as set forth herein above and in the Settlement Agreement and Release.

It is further agreed, in addition to the above, that pursuant to such settlement that the claims of Amador Lazo, individually, John Michael Lazo, Nelda Gomez, Individually, and the Estate of Bonnie Broquet (Deceased), by and through her representatives, are hereby dismissed with prejudice as against the "GameStop" defendants.

It is THEREFORE **ORDERED, ADJUDGED AND DECREED** that the claims by Amador Lazo, individually, John Michael Lazo, Nelda Gomez, individually, and the Estate of Bonnie Broquet (Deceased) are HEREBY dismissed with prejudice as against the GameStop Defendants, and further that upon payment and funding of such annuities that claims by the minor plaintiffs and/or intervenors, Kayla Deanne Lazo and Brittany Lazo are hereby dismissed with prejudice.

It is further **ORDERED, ADJUDGED AND DECREED** that David Towler, an attorney of the bar of this Court, has been appointed *Guardian ad Litem* for Kayla Deanne Lazo herein, and is compensated for his representation of this said minor incapacitated person with the just and reasonable sum of $ *10,000.00*

4

It is further **ORDERED, ADJUDGED AND DECREED** that Tomas Ramirez, III, an attorney of the bar or this Court, has been appointed *Guardian ad Litem* for Brittany Lazo herein, and is compensated for his representation of these said minors with the just and reasonable sum of $ _10,000.00_ .

It is further **ORDERED, ADJUDGED AND DECREED** that all of the *Guardian ad Litem* fees are payable by the GameStop Defendants and being payable directly to each *Guardian ad Litem*.

It is further **ORDERED, ADJUDGED AND DECREED** that all taxable costs of court and attorneys' fees are to be paid by the party incurring same.

It is further **ORDERED, ADJUDGED AND DECREED** by the Court that any and all relief sought and prayed for by any one or more of the parties hereto which is not herein _against the GameStop defendants_ specifically granted, be and the same is hereby in all things **DENIED.**

SIGNED this _20_ day of _Feb_ , 2008.

_Alex W. Gabert_

JUDGE PRESIDING

5

**APPROVED AS TO FORM AND CONTENT
AND ENTRY REQUESTED:**

Douglas A. Allison
State Bar No. 01083500
LAW OFFICES OF DOUGLAS ALLISON
500 North Water Street
South Tower – Suite 1200
Corpus Christi, Texas 78471
361.888.6002
361.888.6651 – fax
ATTORNEY FOR BONNIE BROQUET
(DECEASED) and ATTORNEY FOR
NELDA GOMEZ, INDIVIDUALLY AND
AS NEXT FRIEND OF KAYLA DEANNE
LAZO, MINOR, AND AS GUARDIAN OF
THE ESTATE OF KAYLA DEANNE
LAZO, MINOR

William J. Tinning
State Bar No. 20060500
LAW OFFICES OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
(361) 643-9200
(361) 643-9600 fax
ATTORNEY FOR AMADOR LAZO,
INDIVIDUALLY AND AS NEXT
FRIEND OF BRITTANY LAZO,
MINORS

Scot G. Doyen
State Bar No. 00792982
DOYEN SEBESTA LTD, LLP
1010 Lamar, Suite 950
Houston, Texas 77002
(713) 580-8900
(713) 580-8902 direct
(713) 580-8910 fax
ATTORNEY FOR JOSE GOMEZ

Veronica Garza
State Bar No. 24040961
THE GARZA LAW FIRM
400 S.P.I.D., Suite 203
Corpus Christi, Texas 78405
361.814.5500
361.814.5501 – fax
ATTORNEY FOR JOHN MICHAEL
LAZO

6

Darrell L. Barger
State Bar No. 01733800
David W. Green
State Bar No. 08347475
HARTLINE, DACUS, BARGER, DREYER
& KERN, L.L.P.
800 North Shoreline, Suite 2000, North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 (fax)
**ATTORNEYS FOR DEFENDANTS
GAMESTOP, CORP., GAMESTOP OF
TEXAS (GP) LLC, GAMESTOP TEXAS
LP and ROEL SANTOS**

David Towler
State Bar No. 20155300
Attorney at Law
410 E. Collins
P. O. Box 569
San Diego, Texas 78384
(361) 279-3368
**GUARDIAN AD LITEM FOR KAYLA
LAZO, A MINOR**

Tomas Ramirez, III
State Bar No. 00788239
Attorney at Law
P. O. Box 474
Devine, Texas 78016-0474
(210) 854-7256
**GUARDIAN AD LITEM FOR BRITTANY
LAZO, A MINOR**

7

**Exhibit A**
**Listing of Consideration for Settlement Agreement**

Kayla DeAnne Lazo:

Beginning 4/1/2008, Pay $7,080.00 monthly for 30 years certain, and life thereafter (360 Guaranteed Payments). Provided by Hartford Life.

Beginning 4/1/2008, Pay $6,996.36 monthly for 30 years certain, and life thereafter (360 Guaranteed Payments). Provided by John Hancock Life.

Beginning 4/1/2008, Pay $6,951.00 monthly for 30 years certain, and life thereafter (360 Guaranteed Payments). Provided by American General Life.

Note: All structured settlement payments referenced herein above are to be made payable to "The Kayla DeAnne Lazo Section 867 Special Needs Trust."

Cash payment of $6,100,000.00 made payable to Douglas A. Allison, trustee.

Amador Lazo:

Beginning 4/1/2009, Pay $2,387.28 monthly for 30 years certain, and life thereafter (360 Guaranteed Payments). Payments will compound 3% annually, beginning 4/1/2010. Provided by John Hancock Life.

Cash payment of $1,300,000.00 made payable to William Tinning, trustee.

Brittany Lazo:

Beginning 12/09/2008, Pay $12,500.00 annually, guaranteed for four (4) years. Last payment will be made on 12/09/2011. Beginning 12/09/2013, Pay $1,603.43 monthly for 50 years certain, and life thereafter (600 Guaranteed Payments). Payments will increase by 3% annually, beginning 12/09/2014. Provided by John Hancock Life.

Cash payment of $300,000.00 made payable to William Tinning, trustee.

John Lazo:                    Beginning 4/01/2008, Pay $1,020.00 monthly, guaranteed for three
                              (3) years and four (4) months (40 Guaranteed Payments). Provided
                              by Prudential.

                              Cash payment of $60,000.00 made payable to Veronica Garza,
                              Trustee.


Nelda Gomez:                  Beginning 4/01/2008, Pay $1,119.37 monthly for 20 years certain,
                              and life thereafter (240 Guaranteed Payments). Provided by
                              Prudential.

                              Cash payment of $300,000.00 made payable to Douglas A. Allison,
                              trustee.


Estate of Bonnie Broquet:     Cash payment of $50,000.00 made payable to Douglas A. Allison,
                              trustee.


Jose Gomez:                   Cash payment of $80,000.00 made payable to Allstate Insurance
                              Company, and Doyen & Sebesta.

                              Cash payment of $20,000.00 made payable to Jose Gomez.

CAUSE NO. DC-06-218

| | | |
|---|---|---|
| BONNIE BROUQUET, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND AND AS | § | |
| LEGALLY APPOINTED | § | |
| REPRESENTATIVE OF KAYLA | § | |
| DEANNE LAZO, (A MINOR) | § | |
|      Plaintiffs | § | |
| | § | |
| AND | § | |
| | § | |
| AMADOR LAZO, INDIVIDUALLY, | § | |
| And As Next Friend of BRITTANY | § | |
| LAZO, MINOR | § | 229TH JUDICIAL DISTRICT |
|      Intervenor | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | |
| JI-HAW INDUSTRIAL CO., LTD, A/K/A | § | |
| JI-HAW AMERICA, INC., AND | § | |
| JH AMERICA, INC., AND JBT | § | |
| INTERNATIONAL, INC. A/K/A | § | |
| JI-HAW AMERICA, INC. AND | § | |
| JH AMERICA, INC. | § | DUVAL COUNTY, TEXAS |

---

## THIRD AMENDED PETITION IN INTERVENTION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, AMADOR LAZO, INDIVIDUALLY, and As Next Friend of BRITTANY LAZO, Minor, hereinafter referred to as Intervenor, complaining of MICROSOFT CORPORATION, JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC., AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC.



EXHIBIT
C.38

AND JH AMERICA, INC., hereinafter referred to as Defendants, and for cause of action would show unto this Honorable Court as follows:

## I.
### DISCOVERY CONTROL PLAN LEVEL

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II.
### PARTIES

All parties are Texas citizens.

Intervenor, AMADOR LAZO, is a Texas Citizen who resides in San Diego, Duval County, Texas. AMADOR LAZO is the managing conservator of BRITTANY LAZO and therefore has authority to bring a claim on her behalf under the Family Code.

Plaintiff is Texas Citizens who reside in San Diego, Duval County, Texas. A copy of this petition will be forwarded to their attorney of record Douglas A. Allision, 500 N. Water Street, South Tower, Ste. 1200, Corpus Christi, Texas 78471.

Defendant, MICROSOFT CORPORATION is a company doing business in the State of Texas, and have answered and appeared herein. A copy of this petition will be forwarded to its attorney of record.

Defendant JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. have answered and appeared herein by and through their attorney of record, Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

Defendant JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. have answered and appeared herein by and through their attorney of record, Alex Huddleston, STRASBURGER & PRICE, LLP, 300 Convent Street, Ste. 900, San Antonio, Texas 78205.

## III.

## VENUE

Venue in Duval County is proper in this cause because the incident and injuries all occurred in Duval County.

## IV.

## THE ORIGINAL LAWSUIT

On August 4, 2006, Plaintiffs sued Defendants for negligence and Defendants have filed answers herein. Intervenors hereby adopt all of Plaintiffs' live pleadings insofar as Plaintiffs' pleadings against MICROSOFT CORPORATION, GAMESTOP, CORP., GAMESTOP OF TEXAS (GP) LLC, GAMESTOP TEXAS LP, ROEL SANTOS, JI-HAW INDUSTRIAL CO., LTD, A/K/A JI-HAW AMERICA, INC., AND JH AMERICA, INC., AND JBT INTERNATIONAL, INC. A/K/A JI-HAW AMERICA, INC. AND JH AMERICA, INC. are concerned.

This lawsuit has been on file for more than a year.

## V.

## FACTS

1.     Plaintiff Amador Lazo, is the natural father of his severely injured and permanently injured daughter, Kayla. On or about June 11, 2006, a fire occurred upon the premises which in all probability originated at the entertainment center, and specifically the X-

BOX designed, manufactured and marketed by Defendant Microsoft Corporation which was defective in its design, manufacturing and marketing in many number of respects which had already resulted in a recall due to its propensity to overheat and pose a fire hazard, which in fact occurred, which severely injured the daughter of Amador Lazo, and the sister of Brittany Lazo, who were standing pursuant to the bystander doctrine and/or family consortium and the general negligence principals in Texas as well, as the doctrine of products liability as it has evolved in the State of Texas, to recover for all his damages for the horrendous burns suffered by Mr. Lazo's minor daughter, Kayla Reanne Lazo, a 13 year old minor. She is severely and permanently disabled and injured by the fire producingly or proximately resulting from the defective design, manufacture and marketing of the XBOX in question, or by the negligence in the design, making and/or marketing of the XBOX in question by Defendant Microsoft Corporation.

2.     Also, all Defendants knew of the defect in the XBOX and its power supply, and yet intentionally sent this XBOX system into the marketplace and the home of the Lazos, proximately causing the fire, injuries, and potentially yet, the early demise of young Kayla Deanne Lazo. This conduct allows for Mr. Lazo to recover reasonable and necessary medical expenses, and mental anguish damages as well pursuant to the *Silcott v. Oglesby Doctrine*.

## OUTRAGEOUS CONDUCT

"The Microsoft Team" has obstructed justice and tampered with witnesses from the manner and methods brought out in the in deposition of the neutral witnesses who have testified that the fire started in the area of the home where the x-box was located. Their previous statements were taken by the Microsoft team and had testimony inserted in the pages before the

signature page that indicated that the fire started in different parts of the home. This happened witness by witness on more than one occasion. Each witness was surprised to learn that their signature had been affixed to different versions of events than what they indicate they had left with the Microsoft team.

More importantly, the Microsoft design of the cord in question and the mismanagement of the recall program is what caused this fire.

Microsoft is a corporation in the business of manufacturing, designing and marketing X-Box's such as the one made the basis of this lawsuit. The X-Box in question is in the class made the subject of an overall number of the company's X-Box's that have been recalled recently for safety related defects causing the electrical cords to fail, causing life-threatening situations. Intervenor has, in fact, experienced such an episode himself.

## CLASS ACTION

Intervenors' claims that the aforementioned conduct on the part of Microsoft by misrepresenting the nature and quality of its product amounts to breach of contract, unjust enrichment, fraud, misrepresentation at the common law which proximately caused the injuries and damages complained of and which is properly the subject of a class action lawsuit for the proposed class which would be each and every such Microsoft X-Box owner within the recall and the defect at issue for the years made the subject of the recall and the defects at issue with reasonable and necessary attorney's fees as may be approved the Court after certification, as well.

---

3rd Amended Petition In Intervention

This action is also properly maintained as a class action in that the prosecution of separate actions by individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for any parties opposing the Class.

This action is properly maintained as a class action in that prosecution of separate actions by individual members of the Class would create, in addition, a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interest of the other members, not parties to the adjudications, or substantially impair or impede their ability to protect their own interest.

This action is properly maintained as a class action because the Defendant Microsoft here has acted as set forth above, on grounds which were applicable to the Class as a whole throughout and across the State of Texas to all Texas owners of such vehicles, and by reason of that conduct a class action is further warranted.

This action is properly maintained as a class action, as well, in as much as the object of this action is the adjudication of the claims which do, or may, affect specific property involved here as more fully set forth above.

This action is properly maintained as class action in as much as the questions of law and fact are common to all members of the Class, and which predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of all controversies to all Class members.

For purposes of the Class, the Court, Judge and Staff are expressly excluded.

The named Intervenor, as a class representative will be able to, and will, fairly and adequately protect the interest of the Class. The attorney for Intervenor is experienced and capable in litigation in the fields of contracts, consumer law and is Board Certified in Personal Injury and Civil Trial Law and has successfully represented in other litigation. The undersigned

attorney will actively conduct and be responsible for the Plaintiffs/Intervenors in the Classes case here.

## DAMAGES

The damages exceed the court's minimum jurisdictional requirements which include reasonable medical care and expenses in the past, and in all probability to the end of her life. These expenses were incurred by Mr. Lazo, as the responsible parent for his daughter, the minor Plaintiff, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    (a)    Reasonable and necessary medical care and expenses in the past and which will in all reasonable probability be incurred in the future;

    (b)    Physical pain and suffering in the past;

    (c)    Physical pain and suffering in the future;

    (d)    Mental anguish in the past;

    (e)    Mental anguish in the future;

All damages that may be allowable by Texas law when its cause is presented to a jury for which the fee is separately tendered and which is hereby demanded.

Kayla Lazo has been in the Brooke Army Medical Center since the fire and has numerous horrific complications, including the amputation of her leg and numerous instances where her lungs have collapsed, all of which had been monitored contemporaneously, experienced, and witnessed by her father.

Intervenor seeks pre and post judgment interest at the legal rate.

As may be allowable for certain causes of action asserted, Intervenor is also entitled to recover reasonable and necessary attorney's fees.

Intervenor also seeks declaratory relief which is not advisory or conclusory in nature as to the relative responsibility between the Defendants for this very preventable and tragic accident which may yet, ultimately cost Kayla Lazo her life, and which has to date caused incalculable pain and suffering on Mr. Lazo and caused him to occur the responsibility for his minor daughter's reasonable and necessary medical care which to date in all probability exceeds $500,000.00 for the horrific pain and suffering and mental anguish he has incurred by the experience of his daughter being severely and permanently scarred and burned by the loss of her limb and by seeing her go through the torture of burn care and burn treatment and seeing her placed on a respirator and have to be resuscitated numerous times to date.

Amador Lazo and Bonnie Broquet were cohabiting in the same home where the fire occurred and were living as husband and wife, and were in fact common law married.

Even if it is found an element of common law marriage is absent, Amador Lazo is the natural father, and pursuant to the last decree of divorce and custody order, Amador Lazo is the responsible father and is responsible for the $500,000.00 plus in medical bills which have been incurred to date and for his responsible portions of her future medical care, and is also suing on behalf of his part of Kayla's estate. Regardless, Amador Lazo and Brittany Lazo have a bystander claim.

Intervenor seeks equitable and legal relief and any such further relief as may be allowable by Texas law at the time this cause was presented to trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause,

judgment be entered for the Intervenor against Defendants, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which this Intervenor may be entitled at law or in equity.

Respectfully submitted,
LAW OFFICE OF WILLIAM J. TINNING, P.C.
1013 Bluff Drive
Portland, Texas 78374
Telephone:     (361) 643-9200
Facsimile:     (361) 643-9600

By: _____
William J. Tinning
State Bar No. 20060500
**ATTORNEY FOR INTERVENOR**

**CO-COUNSEL:**          Jaime Carrillo
State Bar No. 03879300
CARRILLO LAW OFFICE, L.L.P.
721 East King
Kingsville, Texas 78363
Telephone: (361) 595-4142
Facsimile: (361) 595-0544

**LOCAL COUNSEL:**       Charles L. Barrera
State Bar No. 01805500
BARRERA & BARRERA
107 S. Seguin
San Diego, Texas 78384
Telephone: (361) 279-2505
Facsimile: (361) 279-2508

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was

forwarded to all counsel of record by the method listed below on this the 28th day of March, 2008.

*Via Facsimile & First Class Mail*
Thomas G. Yoxall
LOCKE, LIDDELL & SAPP, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
*Via Facsimile & First Class Mail*
Scot Doyen
DONATO, MINX & BROWN, PC
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027-7525
*Via Facsimile(210)250-6100*
Alex Huddleston
*Via Facsimile & First Class Mail*
Douglas A. Allison
LAW OFFICE OF DOUGLAS ALLISON
500 N. Water Street
South Tower – Suite 1200
Corpus Christi, Texas 78471
*Via Facsimile: 206-389-1708*
Douglas Fleming
RIDDELL WILLIAMS P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
*Via Facsimile: 361-664-0013*
Edie Gonzalez-Lemon
LEMON & GONZALEZ-LEMON, LLP
520 E. Second St.
Alice, Texas 78332
*Via Facsimile: 210-212-5880*
Adam Poncio
*Via Facsimile: 214-749-6326*
Jennifer L. Duncan
*Via Facsimile: 956-541-2170*
Eduardo R. Rodriguez

William J. Tinning