UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BONNIE BROQUET, et al., § | |
|    Plaintiffs § | |
| § | |
| AND § | |
| § | |
| AMADOR LAZO, individually, § | |
| And as Next Friend of BRITTANY § | |
| LAZO, a minor; JOSE GOMEZ; § | |
|    Intervenors § | |
| § | |
| v. § | Civ. No. CC-08-094 |
| § | |
| MICROSOFT CORPORATION, et al.§ | |
|    Defendants § | |

**<u>ORDER DENYING MOTION TO REMAND</u>**

Pending before the Court are motions to remand filed by plaintiffs and intervenors. (D.E. 23, 24) For the reasons discussed below, the motions to remand are DENIED.

*Procedural Background*

On August 4, 2006, plaintiff Bonnie Broquet filed suit in the 229th Judicial District Court of Duval County. (D.E. 1, Ex. C-1) The Texas state court action arose from a fire in plaintiffs' home, allegedly caused by a defective Xbox game system (hereinafter "Xbox"). As a result of the fire, Ms. Broquet's daughter, Kayla Lazo, suffered severe physical injuries. Amador Lazo, Kayla's father, intervened in the action on behalf of himself and Kayla's siblings. (D.E. 1, Ex. C-10) On March 25, 2008, Microsoft was served with Amador Lazo's Third Amended

Petition in Intervention, which for the first time included claims brought on behalf of a class of Xbox owners. (D.E. 1, Ex. C-38) On March 26, 2008, Microsoft removed the action to federal court, citing the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453(b), 1711-1715. (D.E. 1) Plaintiffs and intervenors argue that the Federal Court has no subject matter jurisdiction and now move to remand the case to the state court pursuant to 28 U.S.C. §1447. (D.E. 23, 24)

*Discussion*

The Class Action Fairness Act of 2005 allows removal of a class action to federal district court when the parties have minimal diversity and the amount-in-controversy exceeds $5 million. 28 U.S.C. §1332(d)(2). An exception to CAFA provides that district courts have no jurisdiction over actions in which the proposed plaintiff class contains fewer than 100 members. 28 U.S.C. §1332(d)(5)(B). The party disputing federal jurisdiction bears the burden of demonstrating that the action is within this exception. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th Cir. 2006).

Plaintiffs argue that Amador Lazo's petition in intervention proposes a class of fewer than 100 members. The petition in intervention defines the proposed class as "each and every such Microsoft X-box owner within the recall and the defect at issue for the years made the subject of the recall." (D.E. 1, Ex. C-38) Plaintiffs do not dispute that a class of all owners of Xboxes within the recall would exceed 100 members. Rather, they argue that the petition pleads a class

composed only of those for whom a defective Xbox caused a life-threatening situation. Plaintiffs strain the text of the petition. The Court finds that the Third Petition in Intervention pleads a class of more than 100 members. Plaintiffs fail to carry their burden of proving that this action is within the small class exception to CAFA.[1]

Plaintiffs further argue that to the extent Amador Lazo pleads a class action within CAFA, he has no standing to bring such claims because he is not a member of the class that he alleged. The Xbox involved in this case was not subject to the recall and Amador Lazo was not its owner. They argue that because he has no standing to bring the class claims, this Court has no proper basis of jurisdiction.

As a general matter, plaintiffs have Article III standing to sue if they allege (1) injury to themselves (2) fairly traceable to the defendant's allegedly unlawful conduct and (3) likely to be redressed by the requested relief. *Donelon v. Louisiana Div. of Admin. Law ex rel. Wise*, 522 F.3d 564, 566 (5th Cir. 2008). In this case, Amador Lazo pleads that he and his children incurred medical expenses, pain and suffering, and mental anguish. These are claims for injuries to the intervenors personally. They allege that the damages were caused by the fire started by the allegedly defective Xbox and that the injuries could be redressed by

---

[1] Plaintiffs also assert that defendants fail to demonstrate CAFA's amount-in-controversy requirement. They argue that Amador Lazo requests only damages for medical costs, pain and suffering and mental anguish. They dispute defendants' calculation that includes refunds of the purchase price of Xboxes or replacement costs for power cords, because Amador Lazo did not enumerate these costs in his petition. However, the petition seeks "all damages that may be allowable by Texas law when its cause is presented to a jury." (D.E. 1, Ex. C-38)

3

the monetary damages requested. Accordingly, the intervenors adequately plead Article III standing for their own claims.

Plaintiffs rely on *M.D. Anderson Cancer Center v. Novak* for the proposition that if the named plaintiff in a class action lacks standing when a suit is filed, the court lacks subject matter jurisdiction over the individual's claims as well as claims on behalf of the class. *The M.D. Anderson Cancer Center v. Novak*, 52 S.W.3d 704, 711 (Tex. 2001). In that case, the named plaintiff failed to allege any actual injury to himself. *Id.* The Court found that he lacked individual standing and therefore dismissed both his personal claims and those on behalf of the class. *Id.* However, *M.D. Anderson* merely requires that the named plaintiff have individual standing to bring claims. *Id.* at 711. ("[I]f the named plaintiff lacks *individual* standing, the court should dismiss the entire suit for want of jurisdiction.")(emphasis added). *See also Vuyanich v. Republic Nat. Bank of Dallas*, 723 F.2d 1195, 1200 (5th Cir. 1984) ("Under principles of standing, the named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . The named plaintiffs must establish the requisite case or controversy between themselves and the defendants"). As noted above, Amador Lazo does allege an injury, as well as the other elements required for individual standing.

The parties agree that Amador Lazo is not a member of the class that he proposed in his petition. However, this flaw undermines his ability to represent the class, not his standing to bring claims in this action. Class representation is a

4

distinct issue from subject matter jurisdiction. NEWBERG & CONTE, NEWBERG ON CLASS ACTIONS § 2.07 (4th ed. 2002) ("Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense."). *See also, James v. City of Dallas, Texas*, 254 F.3d 551 (5th Cir. 2001)(addressing first article III standing, then representation of the class). Accordingly, Amador Lazo has standing to intervene in this suit and to raise the class action claims.

Whether a class can be certified in this action and whether Amador Lazo could represent such a class are questions not presently before the Court. Determination of these issues, however, is irrelevant to this Court's jurisdiction. *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir. 2006) (The basis for federal jurisdiction under CAFA is established at the time of removal, and "once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction."). *See also, Brinston v. Koppers Industries, Inc.*, 538 F.Supp.2d 969, 975 (W.D.Tex. 2008)(Sparks, J.)("Even the fact that a purported class is not actually appropriate for certification does not destroy CAFA jurisdiction, because jurisdiction is based on class allegations in the pleadings at the time of removal.").

The Court further observes that Amador Lazo has requested leave to amend his Third Amended Petition to strike all class action allegations. Such an amendment is likewise irrelevant to this Court's subject matter jurisdiction, which

is determined by reference to the operative pleadings at the time of removal. *Braud*, 445 F.3d 801, 808.

The intervenors' procedural arguments against the removal similarly lack merit. Microsoft adequately alleged the minimal diversity of citizenship required for jurisdiction under CAFA. 28 U.S.C. §1332(d)(2). Furthermore, defendants' participation in the state court proceedings before Amador Lazo filed his Third Amended Petition—that is, before removal was possible—did not waive their right to remove when it arose. *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F.Supp.2d 885, 889 (S.D.Tx. 2003)("Where the case is not initially removable . . . the waiver issue turns on what actions the defendant takes once the case becomes removable.").

To summarize, Amador Lazo's Third Amended Petition in Intervention pleads a class of more than 100 members. The state court action, therefore, is not within an exception to CAFA and the matter could properly be removed to federal court. Amador Lazo adequately pleads individual standing to raise claims against the defendants. No further showing of standing is required to confer subject matter jurisdiction. For these reasons, plaintiffs' and intervenors' motions to remand (D.E. 23, 24) are DENIED.

So ORDERED this 30th day of July, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE

Case 2:08-cv-00094   Document 61   Filed in TXSD on 07/30/08   Page 7 of 7